UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

|    Civil Action No.:

Herschel Halberstam, on behalf of                    |
himself and all other similarly situated consumers,  |        **1:15-cv-05696-BMC**
                                                     |
                        Plaintiff,                   **|MEMORANDUM OF LAW IN**
                                                     **|SUPPORT OF PLAINTIFF'S**
                                                     **|MOTION FOR SUMMARY**
                                                     **|JUDGMENT**
                                                     |
                        -against-                    |
                                                     |
Global Credit and Collection Corp.                   |
                                                     |
                        Defendant                    |
                                                     |

———————————————————————

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

1

# Table of Contents

TABLE OF CASES ........................................................................................................... 3

PRELIMINARY STATEMENT ....................................................................................... 4

STANDARD OF REVIEW ............................................................................................... 4

    **a.  Motion for Summary Judgement** ..................................................................... 4

    **b.  Standards under the Fair Debt Collection Practices Act** ................................ 4

ARGUMENT ..................................................................................................................... 6

    **a.  The message at issue violates 15 USC §1692e (11) because Defendant Debt-Collector failed to disclose that the message at issue was for debt collection** ..................................... 6

    **b.  The message at issue violates 15 USC §1692c(b) because leaving a call-back message is a third party disclosure.** ................................................................... 11

    **c.  The defendant has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA, but because the method it has selected to collect debts has put it there.** ............................................... 15

    **d.  Defendant Debt-Collector bears burden of proving that their communication falls within the location information exception.** ........................................... 20

CONCLUSION ................................................................................................................ 22

**TABLE OF CASES**

Barrientos v. Law Offices of Mark L. Nichter, 76 F. Supp.2d 510 (S.D.N.Y 1999)..................... 6

Beeders v. Gulf Coast Collection Bureau, Inc., No. 8:09-cv-00458-EAK-AEP, 2010 U.S. Dist. LEXIS 66984, 2010 WL 2696404, at *3 (M.D. Fla. Jul. 6, 2010) aff'd, 432 F. App'x 918 (11th Cir. 2011) ..................................................................................................................... 17

Belin v. Litton Loan Servicing, No. 8:06-cv-760-T-EAI, 2006 WL 1992410 (M.D. Fla July 14, 2006) ................................................................................................................. 9, 16

Berg v. Merchs. Ass'n Collection Div., 586 F. Supp 2d 1336 (S.D. Fla 2008) ....................... 9, 18

Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322 (S.D. Fla. 2009).......................... 10, 16

Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993)..................................................... 5, 6, 20

Dauval v. MRS BPO, L.L.C., 2013 U.S. Dist. LEXIS 189109, 25 Fla. L. Weekly Fed. D 47 (M.D. Fla. 2013) ..................................................................................................... 16

Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346 (N.D. Ga. 2008) .......... 9, 10, 18

Evankavitch v. Green Tree Servicing, LLC, Docket No. 3:12-cv-02564 Doc 69 (M.D. Pa. 2013) ....................................................................................................................... 23

Foti v. NCO Financial Systems, 424 F.Supp. 2d 643 (S.D.N.Y. 2006) ............................... passim

Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. 2002)............................................ 23

Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (C.D. Cal. 2005) ........................... 10, 17

Kempa v. Cadlerock Joint Ventures, L.P., No. 10-11696, 2011 U.S. Dist. LEXIS 18575, 2011 WL 761500 (E.D. Mich. 2011)................................................................................. 15

Krapf v. Collectors Training Inst. of Ill., Inc., 2010 U.S. Dist. LEXIS 13063, 13, 2010 WL 584020 (W.D.N.Y. 2010) ........................................................................................ 23

Lensch v. Armada Corp., 795 F. Supp. 2d 1180 (W.D. Wash. 2011) ............................................ 9

Leyse v. Corporate Collections Servs., Inc., 2006 U.S. Dist. LEXIS 67719, 2006 WL 2708451 (S.D.N.Y. 2006) ...................................................................................... 9, 11, 19

Mark v. J.C. Christensen & Assocs., 2009 U.S. Dist. LEXIS 67724, 26-27,2009 WL 2407700 (D. Minn. Aug. 4, 2009)......................................................................................... 11

McMillan v. Collection Professionals Incorporated, 455 F.3d 754 (7th Cir. 2006) ..................... 6

Ostrander v. Accelerated Receivables, 2009 U.S. Dist. LEXIS 27321,  (W.D.N.Y. 2009) ......... 23

Ramirez v. Apex Fin. Mgmt., LLC, 567 F. Supp. 2d 1035 (N.D. Ill. 2008) ............................... 10

Stinson v. Asset Acceptance, LLC, 2006 U.S. Dist. LEXIS 42266, *7 (E.D. Va. June 12, 2006). 8

Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608 (1st Cir.1995) ............................................. 13

Sussman v. I.C. Sys., Inc., 928 F. Supp. 2d 784 (S.D.N.Y. 2013) ............................................ 20

Teng v. Metropolitan Retail Recovery Inc., 851 F. Supp. 61 (E.D.N.Y. 1994) ........................... 6

Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 (E.D. Mo. 2008)...... 15, 16, 20

Tjartjalis v. Global Credit and Collection Corp., No.17 1:14-cv-00273 (E.D.N.Y. April 14, 2014) ....................................................................................................................... 20

West v. Nationwide Credit, 998 F.Supp. 642 (W.D.N.C.1998) ........................................... 13, 16

Wideman v. Monterey Fin. Servs., No. 08-1331, 2009 U.S. Dist. LEXIS (W.D. Pa. May 7, 2009) ......................................................................................................................... 9

Zortman v. J.C. Christensen & Assocs., Inc., 870 F. Supp. 2d 694 (D. Minn 2012) .................. 16

**PRELIMINARY STATEMENT**

Plaintiff brings this matter against this particular collection agency pursuant to the Fair Debt Collection Practices Act. The Court has already streamlined the process where the parties have been directed to move for summary judgment based upon the following message which was left for the plaintiff: "Name is Eric Panganiban, callback number is 1-866-277-1877, direct extension is 6962, regarding a personal business matter." This message requesting a return call was left for the plaintiff and it was left with a non-debtor third party. Plaintiff submits that the communication at issue is a violation whether it is left on an answering machine for the debtor, or the message is left with a non-debtor third party.

**STANDARD OF REVIEW**

**a.      Motion for Summary Judgement**

The plaintiff presumes familiarity with the standards for a summary judgment motion.

**b.      Standards under the Fair Debt Collection Practices Act**

It has been well established that the use of any false, deceptive or misleading representation in a collection letter violates the Fair Debt Collection Practices Act (FDCPA), regardless of whether the representation in question violates particular subsection of FDCPA prohibiting false or misleading representations. See Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993). Debt collection practice can be false, deceptive, or misleading in violation of Fair Debt Collection Practices Act (FDCPA) even if practice does not fall within any of the statutory categories listed as being false or misleading representations. See id.

The Court in *Clomon* further establishes that the most widely accepted test for determining whether collection letter is false or misleading representation, thereby violating Fair Debt Collection Practices Act (FDCPA), is objective standard based on "least sophisticated consumer"

standard. See id. This standard serves a dual purpose in that it endures protection of all consumers, even the naive and trusting, against deceptive debt collection practices and protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices. See id. Fundamentally, it is well settled that the basic purpose of [this standard] is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. See id. See also Teng v. Metropolitan Retail Recovery Inc., 851 F. Supp. 61 (E.D.N.Y. 1994).

The FDCPA defines "deceptiveness" broadly, and should be interpreted to include a variety of ambiguities as well as notices that can be reasonably read to have two or more different meanings, one of which is inaccurate. See Barrientos v. Law Offices of Mark L. Nichter, 76 F. Supp.2d 510 (S.D.N.Y 1999). In order to put oneself in the mindset of the least sophisticated consumer, it is helpful to keep in mind the following quote from the Congressional record on the intent of the act.

> "One of the most frequent fallacies concerning debt collection legislation is that contention that the primary beneficiaries are 'deadbeats.' In fact, however, there is universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debt is miniscule…. [T]he vast majority of consumer who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." See S.Rep. No. 95-382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697, See also, McMillan v. Collection Professionals Incorporated, 455 F.3d 754 (7th Cir. 2006).

Despite certain unfortunate decisions, plaintiff submits that due to diligent consumer rights attorneys around the country, the level of compliance has increased over the years. However, there are still issues which have and must be addressed. This matter gives the Court an opportunity to guide debt collectors to better compliance when attempting to contact debtors via telephone. see Katz v. Sharinn & Lipshie, P.C., 2013 U.S. Dist. LEXIS 129728, *4-5, 2013 WL 4883474 (E.D.N.Y. Sept. 11, 2013) ("The FDCPA is "remedial in nature and should be liberally construed." Lee v. Kucker & Bruh, LLP, No. 12-CV-04662, 2013 U.S. Dist. LEXIS 110363, 2013 WL

3982427, at *3 (S.D.N.Y. Aug. 2, 2013); see also *Cerrato v. Solomon & Solomon*, 909 F. Supp. 2d 139, 2012 WL 6621339, at *5 (D. Conn. 2012) ("As the  [statute is intended to protect consumers and prevent abusive practices, the statute must be liberally construed in favor of consumers." (citations omitted)); *Leyse v. Corporate Collection Servs., Inc*., No. 03-CV-8491, 2006 U.S. Dist. LEXIS 67719, 2006 WL 2708451, at *3 (S.D.N.Y. Sept. 18, 2006) ("The Second Circuit has warned against excessive leniency toward violating debt collectors when interpreting the FDCPA."))

**ARGUMENT**

**a.      The message at issue violates 15 USC §1692e (11) because Defendant Debt-Collector failed to disclose that the message at issue was for debt collection.**

Regardless what medium the debt collector uses to solicit the conveyance of any anonymous message to the debtor (i.e. answering machine message, third party, postcard, door hanger, dialer system, etc.), it is the *anonymous message* that is without exception or defense, in violation of the FDCPA. If the debt collector leaves a message without the disclosures, whether a debt collector solicits a return call by leaving a message on a voice-mail system, or if it solicits a return call by asking a third party to convey a message to the debtor, that message must not be anonymous and it must comply with the FDCPA. It is not the method by which the debt collector leaves a message (i.e. phone calls, messages left on an answering machine or voice mail, post card, or letters) which make the message or communication a violation of the FDCPA, rather it is the message itself which is the violation. A communication is in violation of the FDCPA if it lacks the required 1692e(11) disclosures regardless of the method used to deliver that communication. The

FDCPA requires debt collectors identify themselves as such in all messages to prevent consumers from being tricked into communicating with debt collectors regarding a debt.[1]

The FDCPA defines "communication" as the "conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a (2). In evaluating what constitutes communication under the FDCPA, the vast majority of Federal courts have consistently interpreted the FDCPA's definition of communication broadly, and in an expansive manner.[2] "[T]he plain language of the definition of 'communication' is extremely broad, thus encompassing a wide range of acts. Any medium can be used to classify as a communication, and it includes all information regarding a debt.[3] Thus, the logical interpretation of what constitutes communication includes relaying a phone number for the purposes of having the call returned to discuss a debt." (Emphasis added). *Stinson v. Asset Acceptance, LLC,* 2006 U.S. Dist. LEXIS 42266, *7 (E.D. Va. June 12, 2006)

"A narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant

---

[1] *Mark v. J.C. Christensen & Assocs.*, 2009 U.S. Dist. LEXIS 67724, 26-27,2009 WL 2407700 (D. Minn. Aug. 4, 2009)

[2] See Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 655, 2006 U.S. Dist. LEXIS 13857, *24-25 (S.D.N.Y. 2006) (The Second Circuit has suggested that, consistent with Congress's intent in enacting the FDCPA, the statute should be broadly construed. (quoting Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989) ("It is apparent that the prescribed requirement can further the Congressional purpose in enacting the FDCPA in 1977, which was to prevent 'abusive, deceptive, and unfair debt collection practices.'") (citations omitted) (holding that under the pre-amended version of § 1692e(11), disclosure is required in all communications)) Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1351 (11th Cir. 2009) (stating that this Circuit interprets "communication" broadly; even though there was no specific demand for payment, voicemails were still a communication under§ 1692e(11)); See also, *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3rd Cir. 2006). ("The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." *15 U.S.C. § 1692a(2).* The statute does not define "information." "Information" is construed "so as to effect [the FDCPA's] purpose.") See also, Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008.) (Finding that the message was an indirect communication regarding the Plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so.),

[3] Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998.) (Finding that a phone call to a debtor's neighbor that the Defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's alleged arrearage.),

loophole in the FDCPA, allowing debtors to circumvent the § 1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt." <u>Foti v. NCO Financial Systems</u>, 424 F.Supp. 2d 643, 657 (S.D.N.Y. 2006). "The FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, *and not just when the debt collector discloses specific information about the particular debt being collected.* Indeed, a narrow reading of the term `communication' to exclude instances such as the present case *where no specific information about a debt is explicitly conveyed* could create a significant loophole in the FDCPA, allowing debtors [sic] to circumvent the § 1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold `communication' requirement, merely by not conveying specific information about the debt." <u>Lensch v. Armada Corp.</u>, 795 F. Supp. 2d 1180, 1189 (W.D. Wash. 2011.") Thus, requiring specific information about a debt has been rejected in applying the disclosure requirement of 1692e(11). [4]

In *Dauval v. MRS BPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189109, *21-22, 25 Fla. L. Weekly Fed. D 47 (M.D. Fla. June 27, 2013): the court stated

> "When defining an indirect communication, federal "courts have taken an extremely broad view." Zortman v. J.C. Christensen & Assocs., Inc., 870 F. Supp. 2d 694, 703 (D. Minn 2012)(citing Thomas v. Consumer Adjustment Co., 579 F. Supp.2d 1290, 1296-97 (E.D. Mo. 2008) (finding that because the debt collector left a telephone number for the consumer to return its call, the call was in connection with the collection of a debt in violation of § 1692c(b)); Belin v. Litton Loan Servicing, L.P., No. 8:06-cv-760-T-24, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, at *4 (M.D. Fla. July 14, 2006)(finding a message whose purpose was to induce the consumer to return the call indirectly conveyed information about a debt); <u>West v. Nationwide Credit, Inc.</u>, 998 F. Supp. 642, 644-45 (W.D.N.C. 1998)(holding that leaving a live message with a third party indicating the call was related to a "very important" matter but not mentioning a debt or that the caller was a debt collector was a communication in violation of § 1692c(b)). From this perspective, the Defendant's calls to the Debtor's employer fall within § 559.72(4)'s ambit. The Defendant

---

[4] See <u>Hosseinzadeh v. M.R.S. Associates, Inc.</u>, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005.) (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention specific information about the debt.), See also, <u>Gburek v. Litton Loan Servicing LP</u>, 614 F.3d 380 (7th Cir. 2010.) (A "communication" need not refer to the debt."),

gave the Debtor's co-workers the reference number to their collection effort, told them the call related to a personal business matter involving the Defendant, and provided them with a number for the Debtor to return the call to discuss the debt. See <u>Chalik v. Westport Recovery Corp.</u>, 677 F. Supp.2d 1322, 1327 (S.D. Fla. 2009) (holding that if defendant left message with the purpose of having Plaintiff call them back in connection with the debt, it considered the voice mail message a communication); see also <u>Foti v. NCO Financial Systems, Inc.</u>, 424 F. Supp.2d 643, 655-56 (S. D. N. Y. 2006) ("[T]he FDCPA should be interpreted to cover communications that convey, directly, or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected."); Belin, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, at *4. Accordingly, summary judgment as to count one is warranted.…

The case law on 1692e(11) violations have mainly evaluated these questions in the context of  messages seeking a return call.[5] Particularly important in evaluating whether messages are "communications" under the FDCPA, most  courts have  focused  on the obvious purpose of the message which was to provide the debtor with enough information to entice a return call.[6]

---

[5] *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 654(S.D.N.Y. 2006) (holding that a debt collector's voicemail messages were communications under the FDCPA and that a narrowing construction of the FDCPA term "communication" would be at odds with the plain language defining that term; furthermore, exempting. such voicemail messages from the definition of "communication" would undermine the purpose of section 1692e(11)).See also, <u>Nicholas v. CMRE Financial Servs., Inc.</u>*, No. 08-cv-4857, 2010 U.S. Dist. LEXIS 25373 at *8-12 (D.N.J. March 16, 2010)*at *9 (quoting *Foti*, 424 F. Supp. 2d at 657) ; *see also Inman v. NCO Fin. Sys.*, No. 08-cv-5866, 2009 U.S. Dist. LEXIS 98215 at *8-9 (E.D. Pa. Oct. 21, 2009) ("This Court finds the *Foti* decision to be highly instructive, and therefore adopts its reasoning."); <u>Wideman v. Monterey Fin. Servs.</u>, No. 08-1331, 2009 U.S. Dist. LEXIS 38824 at *5-6 (W.D. Pa. May 7, 2009)(" Indeed, the majority of courts that have addressed the issue have found that messages left with third parties like the one left with Wideman's administrative assistant were communications under the FDCPA." citing, among other authorities, *Foti*)

[6] See, e.g Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 655-656, 2006 U.S. Dist. LEXIS 13857, *27 (S.D.N.Y. 2006)("Defendant's voicemail message, while devoid of any specific information about any particular debt, clearly provided some information, even if indirectly, to the intended recipient of the message. Specifically, the message advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter. Given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call, it is difficult to imagine how the voicemail message is not a communication under the FDCPA.") <u>Edwards v. Niagara Credit Solutions, Inc.</u>, 586 F. Supp. 2d 1346, 1350-5l (N.D. Ga. 2008) (finding that a voicemail instructing the listener to return the call in order to discuss an" important matter" indirectly conveyed information about the debt), *aff'd on other grounds, 584* F.3d 1350 (11th Cir. 2009); <u>Berg v. Merchs. Ass'n Collection Div.</u>, 586 F. Supp 2d 1336, 1340-41 (S.D. Fla 2008) ("Courts have generally considered voicemail messages from debt collectors to be 'communications,' even if the messages do not state what the calls were regarding"); <u>Belin v. Litton Loan Servicing</u>, No. 8:06-cv-760-T-EAI, 2006 WL 1992410, at *4-5 (M.D. Fla July 14, 2006) (finding that voicemail messages left on a consumer's answering machine qualified as "communications" regarding the debt for § 1692e(11) purposes despite not directly divulging information regarding the debt; any information shared, the purpose of which was to induce a return communication by the consumer, was enough to qualify the voicemails as communications under the FDCPA); <u>Foti</u>, 424 F. Supp. 2d at 654-59 (in finding a voicemail was communication under the FDCPA, court considered content of the message, including the suggestion that there was a matter requiring the consumer's attention, the "obvious purpose" of the message to entice a return call, and the broad purpose of the FDCPA to protect consumer.) <u>Leyse v. Corporate Collections Servs., Inc.</u>, 2006 U.S. Dist. LEXIS 67719, 2006 WL 2708451, at *6 (S.D.N.Y. September 18, 2006) (pre-recorded messages, leaving a name and number to call regarding an "important matter," constitute communications within the meaning of the FDCPA);

The **Anonymous Telephone Message** violates the FDCPA regardless of the method used to deliver that anonymous message. Whether communicated through conversation directly between a consumer and a debt collector, or indirectly, such as by a message left on a telephone answering device, or a third party, Anonymous Telephone Messages are in violation of the FDCPA since they mislead consumers in to thinking that the message could reasonably pertain to a host of issues; vague anonymous messages are misleading representations under the FDCPA.[7] Courts point to the legislative intent of the United States Congress, finding that:

> "[T]his regulation directly advances the governmental interest of preventing abusive or deceptive debt collection practices such as anonymous telephone messages." Congress has specifically declared the prohibited activity of failing to make the necessary disclosures as inherently misleading. "The argument is that prohibiting debt collectors from leaving anonymous messages directly advances the governmental interests because allowing a debt collector to leave such messages could result in consumers being tricked into calling back and being forced to communicate with the debt collector, which could be an abusive practice since some consumers prefer written contact or to have an attorney or other representative engage in discussions with the debt collector on the consumer's behalf."... "Requiring a debt collector to identify itself as such appears to be a direct and narrow method of preventing consumers from being tricked into communicating with debt collectors regarding a debt. Furthermore, debt collectors have several forms of communication available to them in their efforts to collect a debt, including live conversation over the telephone, in person communication, and the mail. The FDCPA is no more extensive than necessary to achieve the asserted governmental interests of preventing abusive or deceptive debt collection practices such as anonymous telephone calls." Mark v. J.C. Christensen & Assocs., 2009 U.S. Dist. LEXIS 67724, 26-27,2009 WL 2407700 (D. Minn. Aug. 4, 2009).

---

[7] *Chalik v. Westport Recovery Corp.,* 677 F. Supp. 2d 1322 (S.D. Fla. 2009) ("Courts generally consider messages from debt collectors to be `communications,' even if the messages do not state what the calls are regarding"; citing, among other authorities, *Foti*); *Edwards v. Niagara Credit Solutions, Inc.,* 586 F. Supp. 2d 1346, 1350 (N.D. Ga. 2008) (holding that "a phone message referencing an `important matter' or similar language may be considered a `communication' under the FDCPA"; citing, among other authorities, *Foti*); *Ramirez v. Apex Fin. Mgmt., LLC,* 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008) ("messages left on a debtor's answering machine can be considered indirect communications regarding the debt, even if the debt collector fails to expressly mention that the call pertains to collection, payment, deadlines or any other observable characteristics of a collection call. Any other interpretation would require a claimant to prove, without exception, that the debt collector conveyed direct information about the debt. This is not what the statute calls for, and this is not the first time such a narrow interpretation of the statute has been rejected"; citing, among other authorities, *Foti*); *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104, 1116 (C.D. Cal 2005) ("While the messages may not technically mention specific information about a debt or the nature of the call, § 1692a (2) applies to information conveyed `directly or indirectly.'")

Anonymous telephone messages mislead consumers into thinking that the message could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by consumers as much more pressing than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste.[8] Leaving a message that deceptively entices a consumer to communicate with a debt collector when he or she is caught off guard is precisely the kind of abuse the FDCPA intended to prevent, Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

Here, the message admittedly left by Defendant contained some information about the debt - namely, the callback telephone number which included a direct extension used to discuss collection of the debt, the name of the person who is in debt and that it pertained to a personal business matter. By leaving enough information to induce a return communication, the messages were "communications." as defined by 15 U.S.C. § 1692a(2).[9]

**b.      The message at issue violates 15 USC §1692c(b) because leaving a call-back message is a third party disclosure.**

While a majority of the courts have ruled that under the FDCPA, a debt collector may not have a right to leave a message and in fact, risks violating either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so, because such a message is also considered an intentional third party

---

[8]*Foti v. NCO Fin. Sys.*, 424 F.Supp.2d 643, 655–56 (S.D.N.Y.2006) (holding that a message with enough information to entice a return call being left with a third party or on a voice mail are "communications" under the FDCPA). See also *Dona v. Midland Credit Mgmt., Inc.*, No. 10 CV 825, 2011 U.S. Dist. LEXIS 27136, 2011 WL 941204, at *1 (E.D.N.Y. Feb. 10, 2011) (stating that "communications under the [FDCPA] include telephone calls and messages left.") Wideman v. Monterey Fin. Servs., Inc. 2009 WL 1292830 (W.D. Pa. May 7, 2009 (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under 15 U.S.C. § 1692(c)(b) since it was not left for the purpose of obtaining location information which is the only permissible communication with third parties under the FDCPA quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006))

[9] See Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006.) (Finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call.),

communication.[10] Courts have decided separately on the issues of leaving a message with a third party, and leaving a voicemail message, and have come to the same conclusion that following the expansive definition of "communication."[11]

Forty courts in almost all circuits have adopted the definition of "indirect communication" in the FDCPA from the landmark case *Foti v. NCO,* which gave the name to the "FOTI" claim.[12]

---

[10] See e.g. Carman v. CBE Group, Inc., (2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011). It is well settled that when a debt collector contacts or reaches a third party and chooses to leave any message at all to be conveyed to the debtor, such a communication being left with a third party will in fact violate 15 U.S.C. §§ 1692c(b),1692d(6), 1692e(11).

[11] See also, Krapf v. Collectors Training Institute of Illinois, Inc, (Dist. Court, WD New York 2010.) (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of 15 U.S.C. § § 1692(b), 1692(c)(b), and 1692(d).), … (Contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." stated a claim under 15 U.S.C. § 1692(c)(b) finding that the Plaintiff's allegation that the Defendant contacted a third party to relay about a "very important" matter regarding the Plaintiff. Plaintiff sufficiently stated claims under 15 U.S.C. §§ 1692(b), 1692(c)(b), and 1692(d).) See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's argument that letter sent to employer seeking information about whether Plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate 15 U.S.C. § 1692 (c)(b) because it did not suggest a debt collection purpose). 998 F.Supp. 642, 643-45

[12] See. Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006). (The court followed Foti, 424 F. Supp. 2d at 655-56 and West v. Nationwide Credit, 998 F. Supp. 642, 644 (W.D.N.C. 1998), in finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message that "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter" was a communication under the FDCPA "given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call. The court noted "Were this Court to determine that [the debt collectors] Messages did not constitute communications "regarding [Plaintiff's] debt", the Court would be creating an exception to swallow the rule. Under such an exception, debt collectors would be able to abuse and harass consumers with phone calls and other forms of correspondence so long as there is no express mention of the consumers' debts.") Romano v. Williams & Fudge, Inc., (644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (A complaint alleging that debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b).), Thomas v. Consumer Adjustment Co., Inc., (579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (Holding that 15 U.S.C. § 1692(c)(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed because that reading would render § 1692(b) superfluous.),Blair v. Sherman Acquisition, (Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute. Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force, and § 1692(c)(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692(b).), Mathis v. Omnium Worldwide, (Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) ("'Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'".), West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699),

When a debt collector calls a consumer, three potential scenarios can unfold resulting in a Foti

claim: 1) the collector reaches the consumer and fails to disclose that he or she is debt collector,

or 2) the collector reaches a machine instead which asks to take a message for the consumer; the

collector leaves a message and fails to disclose that he or she is a debt collector, or 3) the collector

reaches a third party who asks to take a message for the consumer; the collector leaves a message

and fail to disclose that they are a debt collector. Foti v. NCO Financial Systems, Inc., (424 F.

Supp. 2d 643, SDNY 2006.) Judge Karas based his reasoning in *Foti* on West v. Nationwide

Credit, stating:

> "In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected
> a narrow interpretation of the word "communication," similar to that advanced by NCO in
> this case. The Plaintiff in West alleged that Defendants violated § 1692(c)(b) by contacting
> Plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a
> neighbor that he had a "very important" matter to discuss did not violate 15 U.S.C. §
> 1692(c)(b) because no information was actually conveyed about Plaintiffs debt. The West
> court rejected this narrow interpretation of "communication" in favor of a broader
> interpretation. *Id.* at 644. In reaching this conclusion, the West court noted that "[i]n
> interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of
> statutory language controls its construction,'" and went on to examine the dictionary
> definitions of "regarding." *Id.* (quoting Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608,
> 610 (1ˢᵗ Cir.1995).)
>
> Thus, given the choice of language by Congress[13], the FDCPA should be
> interpreted to cover communications that convey, directly or indirectly, any information
> relating to a debt, and not just when the debt collector discloses specific information about
> the particular debt being collected[14]. Indeed, a narrow reading of the term "communication"
> to exclude instances such as the present case where no specific information about a debt is
> explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to
> circumvent the 15 U.S.C. § 1692 (e)(11) disclosure requirement, and other provisions of
> the FDCPA that have a threshold "communication" requirement, merely by not conveying
> specific information about the debt. In fact, under Defendant's interpretation of
> "communication," a debt collector could call regularly after the thirty-day validation notice

---

[13] In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard'
as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to:
concerning.'" *Id.* "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is
consistent with the broader interpretation advocated by Plaintiff." *Id.* This conclusion has been embraced by other
courts as well in the context of applying § 1692(c)(b)."

[14] Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit,
Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Section 15 U.S.C. § 1692(c)(b) should be broadly interpreted to prohibit a
debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a
third party. The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving
collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for
violation of § 1692c(b).) West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998).

is sent, and not be subject to the 15 U.S.C. § 1692 (e)(11) requirement so long as the message did not convey specific information about the debt. [15]

"Such a reading is inconsistent with Congress's intent to protect consumers from "serious and widespread" debt collection abuses.... "[T]he FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term 'communication' to exclude instances…. where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors [sic] to circumvent the § 1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold 'communication' requirement, merely by not conveying specific information about the debt…. Such a [narrow] reading is inconsistent with Congress's intent to protect consumers from "serious and widespread" debt collection abuses..." *Foti, at* 657-58;

Furthermore the location information exception only exists if it is requested during the communication and if not that communication would not fall under the Location information exception.[16] However, here, Defendant admitted that while speaking with a non-debtor third-party (instead of seeking location information) it actually left a message with a non-debtor third-party seeking a return call from the debtor. Defendant attempted to entice a return call from the debtor, therefore even if Defendant's employee would have requested location information, Defendant

---

[15] See also, accord Krug v. Focus Receivables Mgmt., LLC, No. CIV.A.094310JEIAMD, 2010 U.S. Dist. LEXIS 45850, 2010 WL 1875533, at *2 (D.N.J. May 11, 2010) ("The Court agrees with the Foti decision…."); Nicholas v. CMRE Fin. Servs., Inc., No. CIVA 08-CV-4857 (DMC), 2010 U.S. Dist. LEXIS 25373, 2010 WL 1049935, at *3-4 (D.N.J. Mar. 16, 2010); Inman v. NCO Fin. Sys., Inc., No. CIV.A. 08-5866, 2009 U.S. Dist. LEXIS 98215, 2009 WL 3415281, at *3 (E.D. Pa. Oct. 21, 2009) ("This Court finds the Foti decision to be highly instructive, and therefore adopts its reasoning…."); Wideman v. Monterey Fin. Servs., Inc., No. CIV.A. 08-1331, 2009 U.S. Dist. LEXIS 38824, 2009 WL 1292830, at *2 (W.D. Pa. May 7, 2009) (citing, among other authorities, Foti). Krug v. Focus Receivables Mgmt., LLC, (2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010)) (same);

[16] See Thomas v. Consumer Adjustment Co., 579 F. Supp. 2d 1290, 2008 U.S. Dist. LEXIS 76423, 42 A.L.R. Fed. 2d 737 (E.D. Mo. 2008) (call asking for "a better number" where the agent could reach the debtor "real quick" did not constitute a request for location information under §§ 1692a(7) and 1692b).Ponce v. BCA Fin. Servs., 467 F. App'x 806, 808 (11th Cir. 2012) (debt collector did not comply with § 1692b(1) by failing to inform third-party that the call was confirming or correcting location information); Miller v. Prompt Recovery Servs., 2013 U.S. Dist. LEXIS 88203, 36, 2013 WL 3200659 (N.D. Ohio June 24, 2013) (agent did not indicate that he was calling for the purpose of confirming or correcting location information, as he was required to do under the safe harbor provision therefore the collector has not shown a legitimate purpose for which the agent could justify the agent's third-party communication) Kempa v. Cadlerock Joint Ventures, L.P., No. 10-11696, 2011 U.S. Dist. LEXIS 18575, 2011 WL 761500, at *4 (E.D. Mich. Feb. 25, 2011) (finding liability under § 1692c(b) where debt collector "did not follow the requirements of § 1692b(1)" by failing to state that she was confirming location and by identifying the agent's employer); Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290, 1297 n.7 (E.D. Mo. 2008) (same). Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa. July 26, 2010.) (The consumer adequately alleged that Defendant contacted a third party in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the boundaries of location information. A debt collector may not seek additional information about a consumer because such information is beyond the scope of location information.),

would still not fall under the location information exception, and the safe harbor defense would be out of reach.[17]

    **c. The defendant has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA, but because the method it has selected to collect debts has put it there.**

The defendant's message is a "communication" subjecting defendant to the provisions of § 1692e(11), defendant has violated § 1692e(11) because the message does not convey the information required by § 1692e(11), in particular, that the message was from a debt collector. To the extent that the defendant would violate a different part of the statute by including the § 1692e(11) disclosures the <u>courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication</u>[18].

In *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1354 (11th Cir. 2009) the Eleventh Circuit addressed the supposed conflict between 1692e(11), and 1692c(b) third party communications

        "[W]e had to destroy the village to save it." That oxymoronic explanation may be apocryphal, but the debt collection agency in this case offers up much the same logic to explain why it violated the Fair Debt Collection Practices Act: it was necessary to violate the Act in order to comply with the Act…"[I]f [the debt collector's] assumption is correct,

---

[17] See <u>Russell v. Goldman Roth Acquisitions, LLC,</u> 847 F. Supp. 2d 994, 2012 U.S. Dist. LEXIS 32086, 2012 WL 762906 (W.D. Mich. 2012)(rejecting the safe harbor defense and relying, in part, on the fact that the debt collector already knew the consumer's contact information when he spoke with the third-party); <u>Kempa v. Cadlerock Joint Ventures, L.P.,</u> No. 10-11696, 2011 U.S. Dist. LEXIS 18575, 2011 WL 761500, at *4 (E.D. Mich. Feb. 25, 2011) (same). <u>Evankavitch v. Green Tree Servicing, LLC,</u> Docket No. 3:12-cv-02564 Doc 69 (M.D. Pa. Dec 12, 2013) (Green Tree telephoned and spoke to plaintiff's daughter and left a message asking for plaintiff or her son to return the call. After a Jury trial the Jury found that "Defendant Green Tree was liable to Plaintiff Patricia Evankavitch under the Fair Debt Collection Practices Act with regard to its contact with Plaintiffs daughter Cheryl".) Affirmed by Evankavitch v. Green Tree Servicing, LLC, 793 F.3d 355, 2015 U.S. App. LEXIS 12024 (3d Cir. Pa. 2015) (A debt collector failed to meet its burden under 15 U.S.C.S. § 1692b of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., of proving that challenged third-party communications fit within the location information exception; accordingly, jury instructions and in limine rulings were not objectionable in that regard.)

[18] see also <u>Edwards v. Niagara Credit Solutions, Inc.</u>, 584 F.3d 1350, 1354 (11th Cir. 2009) ("[I]f [the debt collector's] assumption is correct, the answer is that the [FDCPA] does not guarantee a debt collector the right to leave answering machine messages."); <u>Sclafani v. BC Servs., Inc.</u>, No. 10-61360-CIV, 2010 U.S. Dist. LEXIS 115330, 2010 WL 4116471, at *3 (S.D. Fla. Oct. 18, 2010) ("If [the defendant] could not leave voice messages that simultaneously complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages."); *Berg*, 586 F. Supp. 2d at 1344 (describing automated telephone messages as an "inherently risky method of communication" and noting that debt collectors could use such a mode of communication at their peril.)

the answer is that the [FDCPA] does not guarantee a debt collector the right to leave messages."

In *Dauval v. MRS BPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189109, *21-22, 25 Fla. L. Weekly Fed. D 47 (M.D. Fla. June 27, 2013): under the same set of facts almost identical to this case, the *Dauval* court (the full opinion is attached to the motion) extensively and persuasively addressed this supposed conflict in the context of leaving messages with a non-debtor third party:

Clearly, the Defendant called Plaintiff not to find the Debtor but to speak to her about her debt (doc. 46, p. 8; Perkins Dep, p.147). And before making these calls, the Defendant had not obtained her consent nor secured a judgment against her (doc. [26] 46, p. 7). Thus, the only remaining issue is whether Defendant communicated with a third-party to collect a debt, a question the Court has already answered. As previously stated above, the Court finds Defendant intentionally communicated with a third party, Pineview, in attempt to reach Debtor to collect a debt. See West, 998 F. Supp. at 645 (finding defendant had communicated with a third party by leaving a message with plaintiff's neighbor that asked the neighbor to have plaintiff call defendant without mentioning a debt or that the caller was a debt collector violated 15 U.S.C. § 1692c(b)). Accordingly, Plaintiff is entitled to summary judgment as to count six.

Next, Plaintiff asserts Defendant violated the FDCPA by placing calls to Pineview without disclosing the nature of Defendant's business or that it was a debt collector attempting to collect a debt in violation of 15 U.S.C. § 1692d(6) and 1692e(11). In support, Plaintiff asserts that Defendant, on at least three occasions, left messages with Debtor at Pineview without disclosing that it was attempting to collect a debt or that it was a debt collector and in two of those occasions failed to identify the Defendant's name as the caller. To rebut that argument, Defendant maintains that if it had disclosed to Pineview that the call was from a debt collection agency and that the call was an attempt to collect a debt, it would have violated section 1692c(b), which prevents Defendant from communicating with third-parties about a debt without prior consent from the consumer. 15 U.S.C. § 1692c(b). Thus, Defendant argues it was inappropriate for Defendant to reveal its identity or the reasons for its call.

Under 15 U.S.C. § 1692d, "a debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Specifically, a debt collector may not place telephone calls without meaningful disclosure of the caller's identity except when attempting to locate a consumer. 15 U.S.C. §§ 1692b; 1692d(6). Similarly, under 15 U.S.C. § 1692e(11), "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with a debt" including "the failure to disclose in the initial [oral] communication ... that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." "Under either provision of the FDCPA, the caller must make clear that he or she is a debt collector calling in relation to a debt, 'so as not to mislead the recipient as to the purpose of the call.'" Beeders v. Gulf Coast Collection Bureau, Inc., No. 8:09-cv-00458-EAK-AEP, 2010 U.S. Dist. LEXIS 66984, 2010 WL 2696404, at *3 (M.D. Fla. Jul. 6, 2010) aff'd, 432 F. App'x 918 (11th Cir. 2011)(quoting Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005).

16

Here, it is undisputed that Defendant intentionally failed to identify itself on at least two occasions when it left messages with Pineview (doc. 63, Audio Exhibits; Perkins Dec., p. 2). It is further undisputed that Defendant purposely failed to disclose it was a debt collector in those messages or that it was attempting to collect a debt (Id.). Defendant argues, however, that if Defendant had disclosed that it was a debt collector and that the call was related to a debt it would have violated section 1692c(b).

The Eleventh Circuit has rejected this type of argument. See Edwards v. Niagara Credit Solutions, Inc., 584 F. 3d 1350 (11th Cir. 2009). In Edwards, the debt collector left a message on debtor's answering machine instructing the debtor to return the debt collector's call. The debt collector, apparently concerned that a third party might hear the message, purposely omitted revealing his identity so as not to violate 15 U.S.C. § 1692c(b). Hence, it should not be liable under the Act. Edwards rejected this argument. Because the FDCPA did not guarantee the debt collector the right to leave messages on a debtor's answering machine, the debt collector's perceived Hobson's choice was not a Hobson's choice at all. Id. at 1354; see also Chalik, 677 F. Supp.2d at 1328 (agreeing with the Eleventh Circuit that a debt collector has no right to leave voice mail or an answering machine message because it has other methods to reach debtors like "postal mail, in-person contact, and speaking directly by telephone"). **The factual distance between Edwards and this case is minuscule — leaving a message on an answering machine versus leaving one with a co-worker. But their gravamen is the same because the FDCPA was specifically enacted to prevent this sort of contact with third parties by debt collectors. See S. Rep. No. 95-382, WL16047 at \*4 (1977) (stating one purpose of the FDCPA was to specifically prohibit "disclosing the consumer's personal affairs to third persons. Other to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as loss of jobs."). Accordingly, Plaintiff is entitled to summary judgment as to counts seven and eight.**" (emphasis added.)

The court in Berg v. Merchants Ass'n Collection Div., Inc., 586 F. Supp. 2d 1336 - Dist. Court, SD Florida 2008) held that debt collectors who use certain types of messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b). and holding **that Debt collectors have no entitlement to use ... messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication.** (Emphasis added.) In Marisco v. NCO Fin. Sys., 946 F. Supp. 2d 287, 2013 U.S. Dist. LEXIS 74213, 2013 WL 2285195 (E.D.N.Y. 2013), Judge Spatt adopted Foti and Berg's reasoning that a debt collector has been cornered between a rock and a hard place, not because of any contradictory

provisions of the FDCPA, but because the inherently risky method of communication they have selected to collect debts has put them there and debt collectors could use such a mode of communication at their peril[19]. Judge Spatt stated:

> "[Defendant] argues that penalizing debt collectors for inadvertent third-party disclosures places them in the untenable position of having to choose between complying with 15§ U.S.C. 1692c (b) and complying with the requirement that debt collectors identify themselves in messages to debtors under 15 § U.S.C. 1692e(11). This argument, (sometimes described as a "rock and a hard place," "Scylla and Charybdis," "Morton's Fork," "Hobson's choice," or "Catch 22"), has been "almost universally rejected." Zortman, 870 F. Supp 2d. at 699. For example, in Leyse v. Corporate Collection Servs., Inc., No. 03 Civ. 8491, 2006 U.S. Dist. LEXIS 67719, 2006 WL 2708451, at *4 (S.D.N.Y. Sept. 18, 2006), a defendant argued that the FDCPA places debt collectors between "a rock and a hard place" in the sense that debt collectors "must choose between violating Section 1692d(6)'s meaningful disclosure requirement by leaving . . . messages which do not clearly identify themselves, and violating Section 1692c(b)'s privacy requirement by identifying themselves to third parties." 2006 U.S. Dist. LEXIS 67719, [WL] at *4.
>
> The debt collector further argued that leaving the recorded messages on the consumer's home telephone number did not cure the dilemma because the possibility still existed that a spouse, relative, or roommate would listen to the message. Id. The court was not persuaded: "The premise of [the defendant's] argument is that they are expressly entitled to use pre-recorded messages for debt collection. However, just because a debt collector is permitted to continue to attempt to collect the debt does not entitle the collector to use any means, even if those means are the most economical or efficient…. The Court has no authority to carve an exception out of the statute just so [the defendant] may use the technology they have deemed most efficient…. [The defendant] has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA, but because the method they have selected to collect debts has put them there. 2006 U.S. Dist. LEXIS 67719, [WL] at *5 (citations and quotations omitted)[20]
>
> In addition, "just because a debt collector is permitted to continue to attempt to collect the debt does not entitle the collector to use any means, even if those means are the most economical or efficient." Foti, 424 F. Supp. 2d at 659; see Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir. 1993) ("It is apparent that mass mailing may sometimes be the only feasible means of contacting a large number of delinquent debtors, particularly when many of those debtors owe relatively small sums. But it is also true that the FDCPA sets boundaries within which debt collectors must operate.").
>
> Here, that [Defendant] may not be able to leave a pre-recorded message that complies with both [provisions] of the Act in no way warrants a conclusion that 'communications' should be narrowly interpreted. Rather, it merely suggests that a debt

---

[19] See *Mark v. J.C. Christensen & Assocs.*, Inc., No. 09 CV 100, 2009 U.S. Dist. LEXIS 67724, 2009 WL 2407700, at *5 (D. Minn. Aug. 4, 2009)(Same) *Leyse v. Corporate Collection Servs.*, Inc., No. 03 Civ. 8491, 2006 U.S. Dist. LEXIS 67719, 2006 WL 2708451, at *4 (S.D.N.Y. Sept. 18, 2006) (Same), *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1354 (11th Cir. 2009)(Same) Sclafani v. BC Servs., Inc., No. 10-61360-CIV, 2010 U.S. Dist. LEXIS 115330, 2010 WL 4116471, at *3 (S.D. Fla. Oct. 18, 2010)(same) Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 655-56 (S.D.N.Y. 2006)(Same)

[20] see also *Baker v. Allstate Fin. Servs., Incr.*, 554 F. Supp. 2d 945, 950 (D. Minn. 2008) (finding that the defendant's argument that by properly disclosing its identity it might violate § 1692c(b) has been "repeatedly rejected in the context of debt collector messages left on a consumer's home voicemail")

collector is not permitted to leave a pre-recorded message in violation of the FDCPA. Debt collectors, however, could continue to use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters. Thus, the alleged 'Hobson's Choice' in this case is self-imposed by [NCO]. It is only because of the method of debt collection selected—calling and leaving the type of pre-recorded messages—that [NCO] is faced with this potential dilemma. *Foti*, 424 F. Supp. 2d at 659;

This Court has itself addressed these issues and incorporated their reasoning most clearly

In Tjartjalis v. Global Credit and Collection Corp., No.17 1:14-cv-00273 (E.D.N.Y. April 14,

2014):

> "Defendant asserts that it had no viable option other than to identify itself as a collection company because *Sussman v. I.C. Sys., Inc.*, 928 F. Supp. 2d 784 (S.D.N.Y. 2013), precluded it from simply hanging up and leaving no message, as Marisco implicitly suggested it might, and Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643 (S.D.N.Y.2006), required defendant to identify itself as a debt collector in the message. But defendant has overstated the facts in Sussman, because the debtor had specifically instructed plaintiff to stop calling, and the collection company nevertheless made 50 calls over approximately three months, hanging up each time....Thus, just as in Marisco, the "rock and hard place" between which defendant attempts to portray itself could have been avoided simply by hanging up."

In[21] Thompson v. Diversified Adjustment Serv., Inc., CIV.A. H-12-922, 2013 WL 3973976 (S.D. Tex. July 31, 2013), the court stated

> "Courts have also rejected the argument that a voicemail message from a debt collector cannot violate [one provision of the act] because [another provision of the act] § 1692e (11) requires that debt collectors identify themselves. This position "is essentially based on the assumption that [a debt collector] is somehow entitled to leave pre-recorded messages." *Foti,* 424 F.Supp.2d at 658. But "just because a debt collector is permitted to continue to attempt to collect the debt does not entitle the collector to use *any* means, even if those means are the most economical or efficient." *Id.* at 659;"

Defendant has a collection practice that violates the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, et seq. ("FDCPA"). Defendant (1) Left messages for consumers, which fail to

provide meaningful disclosure of Defendant; (2) Left messages for consumers, which fail to

---

[21] *see also Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1354 (11th Cir.2009) ("[T]he Act does not guarantee a debt collector the right to leave answering machine messages."); *Berg,* 586 F.Supp.2d at 1344 ("[There is] no reason that a debt collector has an entitlement to use this particular method of communication."); *Sclafani v. BC Servs., Inc.,* 2010 WL 4116471, at *3 (S.D.Fla. Oct.18, 2010) ("If [the defendant] could not leave voice messages that simultaneously complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages."); *Koby v. ARS Nat. Servs., Inc.,* 2010 WL 1438763, at *6 (S.D.Cal. Mar.29, 2010) ("[T]his Court follows the reasoning in *Berg* and *Foti* in finding that nothing entitles Defendant to use this particular form of communication.").

disclose that the call is from a debt collector; and (3) Left messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

A message leaving any information concerning a debt is a "communication." 15 U.S.C. § 1692a (2).[22] "Any information" is construed broadly in favor of consumers and includes a callback number or a reference number.[23]

Simply stated, the message left by Defendant conveyed information regarding a debt to a debtor through messages. Accordingly, the court must find that plaintiff has stated a claim under section 1692e(11) for failure to disclose that the telephone messages were from a debt collector, and under section 1692d(6) for the placement of telephone calls without meaningful disclosure of the caller's identity.[24]

### d.    Defendant Debt-Collector bears burden of proving that its communication falls within the location information exception.

---

[22] Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346 (N.D. Ga. 2008). (It is a communication whether it is from a conversation directly between a consumer and a debt collector or indirectly, such as by a message left on a telephone answering device, or a third party), *Wideman v. Monterey Fin. Srvs., Inc., 2009 U.S. Dist. LEXIS 38824 (W.D.Pa May 7, 2009)* (message left with receptionist). West v. Nationwide Credit, Inc., 998 F. Supp. 642, 643 (W.D. N.C. 1998), (message left with neighbor), Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, 5 (M.D.Fla., 2006) (message left with mother).

[23] See also Ostrander v. Accelerated Receivables, 2009 U.S. Dist. LEXIS 27321, *16-18 (W.D.N.Y. March 31, 2009) ("Courts in this Circuit have found that such a telephone message is a "communication" within the meaning of the FDCPA, as it conveys "information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a (2);" …. It is apparent from the transcripts of the telephone messages appended to plaintiff's complaint that [defendant] merely stated that she sought a return call from plaintiff regarding a certain account. Here, there is nothing in the voicemail message that would identify [defendant] as a debt collector working on behalf of [debt-collector], or that the "account" is an unpaid debt to [defendant]. Additionally, [defendant] did not provide meaningful disclosure of her identity as required by section 1692d(6). A telephone message that merely states the name of a person to contact and a telephone number at which to reach that person does not provide meaningful disclosure of the caller's identity.) Foti v. NCO Financial Sys., Inc., 424 F. Supp. 2d at 655-56 (voicemail message, while devoid of any specific information about any particular debt, specifically advised the debtor that the matter required immediate attention, and provided a number to call).

[24] See Leyse v. Corporate Collection Servs., Inc., 2006 U.S. Dist. LEXIS 67719, 2006 WL 2708451, at *5 (automated messages that left a name and identified the business seeking a return call as "CSS" did not provide meaningful disclosure). Inman v. NCO Fin. Sys., 2009 U.S. Dist. LEXIS 98215. (For a "communication" to fall under the FDCPA's "broadly defined" statutory definition, it must "convey information 'regarding a debt directly or indirectly to any person through any medium.' ") Cole v. Toll, 2007 U.S. Dist. LEXIS 85173, 2007 WL 4105382, at *5 (E.D. Pa. Nov. 16, 2007) (Buckwalter, J.) (emphasis added) (quoting 15 U.S.C.A. § 1692(a)).

Plaintiff moves for summary judgment, based on the stipulated facts, that defendant violated the FDCPA by leaving messages with third parties because these calls went beyond inquiring about location information. Therefore these contacts fall outside the location information exception to the FDCPA's prohibition of contacting third parties, which allows a debt collector to contact third parties for the purpose of acquiring about the consumer.[25] 15 U.S.C. § 1692b. Specifically, the defendant requested that the third parties ask the plaintiff to call them back. Thus, the telephone contacts went further than permitted by the statute. .

In Krapf v. Collectors Training Inst. of Ill., Inc., 2010 U.S. Dist. LEXIS 13063, 13, 2010 WL 584020 (W.D.N.Y. Feb. 15, 2010) the court found that the Plaintiff sufficiently stated claims under §§ 1692b, 1692c (b), 1692d and § 1692e (11) restating that the telephone conversations were "communications" under the FDCPA. In Krapf, the court held that Defendant's telephone conversation with Plaintiff's employer, as it is alleged to have happened, did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." Defendant did not identify itself as a debt collector and later placed another call to Plaintiff's

---

[25] See Smith v. NCO Fin. Sys., 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009.) (Holding that the FDCPA prohibits debt collectors from communicating with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 15 U.S.C. §1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment". Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA. The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.) See also, Shaver v. Trauner, 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998.) (The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss.) 1998 U.S. Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss).

employer in an attempt to use Plaintiff's employer as a means of inducing Plaintiff to return Defendant's call. [26]

Whether a communication complies with the location information exception is a matter of fact. However, here, based on facts stipulated for this motion for summary judgement, defendant's telephone message with a third party non-debtor violated 1692c(b), and 1692e(11) as a matter of law.

**CONCLUSION**

The Defendant sought to collect a consumer debt from Plaintiff through an, unlawful communication to a non-debtor third party. Defendant left a message for the debtor in violation of the FDCPA. Defendant did not limit the contact with the third-party non-debtor to location information, nor did Defendant identify themselves as a debt collector or the purpose of their call as related to a consumer debt, in violation of the FDCPA.

WHEREFORE, plaintiff respectfully requests that the Court grant plaintiff's motion for summary judgment.

Dated:
　　　　Cedarhurst, New York
　　　　December 7, 2015

　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　Adam J. Fishbein, P.C.  (AF-9508)
　　　　　　　　　　　　Attorney At Law
　　　　　　　　　　　　**Attorney for the Plaintiff**
　　　　　　　　　　　　483 Chestnut Street

---

[26] see Miller v. Prompt Recovery Servs., 2013 U.S. Dist. LEXIS 88203, *36-39, 2013 WL 3200659 (N.D. Ohio June 24, 2013)("While it is clear from the transcript that defendant's agent did not advise plaintiff's son that his mother owed a debt, it is equally clear that the agent did not identify himself or indicate that he was calling for the purpose of confirming or correcting location information, as he was required to do under the safe harbor provision...
Because defendant's agent did not have plaintiff's permission to speak with her son, and defendant has not shown a legitimate purpose for which the agent could justify the agent's third-party communication, defendant is not entitled to judgment as a matter of law on this claim.")

Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411