*UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF NEW YORK*

| | |
|---|---|
| HERSCHEL HALBERSTAM on behalf of herself and all others similarly situated, | |
| Plaintiff, | DOCKET NO.: 1:15-cv-05696-BMC |
| v. | |
| GLOBAL CREDIT & COLLECTION CORP. | |
| Defendants. | |

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Global Credit and Collection Corporation (Global), by and through its attorneys and pursuant to Federal Rule of Civil Procedure 56, moves this Court to enter an Order dismissing Plaintiff's Complaint as against Global for failure to state a claim upon which relief may be granted, and in support thereof, states as follows:

Plaintiff has filed an action seeking recovery of damages from Global due to alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), but as explained below the FDCPA was not violated because Global did not use deceptive means to collect from Plaintiff.

## I. Undisputed Facts

On or about October 7, 2014, Defendant placed a telephone call to Plaintiff.[1] Defendant's representative was informed by the party answering the phone that the consumer they were seeking was not available. The party answering the phone then stated, "Herschel's not in yet, can I take a message?" A message was left, in relevant part stating, "Name is Eric Panganiban…callback number is 1-866-277-1877…direct extension is 6929…regarding a personal business matter."

Plaintiff argues that "[l]eaving 'Anonymous Telephone Messages' in any form are in violation of the FDCPA whether the anonymous telephone message is left during conversation directly between a consumer and a debt collector or indirectly such as an Anonymous Telephone Message left on a telephone answering device, or with a third party." Dkt. 1 at ¶ 29.

## II. Summary Judgment Standard

A district court should grant summary judgment when there is "no genuine issue as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also *Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.,* 219 F.3d 104, 107 (2d Cir. 2000). Genuine issues of material fact cannot be created by mere conclusory allegations; summary judgment is appropriate only when, "after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party." *Heublein v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993) (*citing*

---

[1] The Court has stated that the recording is not necessary, but Defendant offers the recording to the Court to show that the party answering the phone asked Defendant's representative if he could take a message.

*Matsushita Elec. Industr. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Case 1:03-cv-08491-DAB-RLE Document 31 Filed 09/18/06 Page 5 of 24.  In assessing when summary judgment should be granted, "there must be more than a 'scintilla of evidence' in the non-movant's favor; there must be evidence upon which a fact-finder could reasonably find for the non-movant." *Id*. (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). While a court must always "resolv[e] ambiguities and draw[ ] reasonable inferences against the moving party," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986) (citing *Anderson*), the non-movant may not rely upon "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Id*. at 12. Instead, when the moving party has documented particular facts in the record, "the opposing party must 'set forth specific facts showing that there is a genuine issue for trial.'" *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986) (quoting Fed. R. Civ. P. 56(e)). Establishing such facts requires going beyond the allegations of the pleadings, as the moment has arrived "'to put up or shut up.'" *Weinstock v. Columbia Univ*., 224 F.3d 33, 41 (2d Cir. 2000) (citation omitted). Unsupported allegations in the pleadings thus cannot create a material issue of fact. *Id*.

### III.    Defendant Did Not Violate the FDCPA

Defendant attempted to contact Plaintiff on a telephone number reasonably believed to belong to Herschel Halberstam.  A party answered the phone and indicated that the Mr. Halberstam was not present "yet."  Defendant's representative could easily ascertain upon hearing that Mr. Halberstam was not available yet, that the number he had

called was a correct number to reach Mr. Halberstam. The third party answering the phone then asked Defendant's representative if he could take a message, Defendant responded by complying with such request and left the message.

### *Leaving a Plain Message is a Benefit to Consumers and Third Parties*

At the moment the third-party asks to take a message, the Defendant must make a decision as to how to proceed. Although the courts have debated what should or should not be in an answering machine message, this circumstance involves leaving a message with a third-party following a request by the third-party. This is not a situation to which Congress would have been unfamiliar back in 1977 when enacting the FDCPA. At that time, Congress created a statute which protects consumers and third-parties through a set of prohibitions. Defendant's course of conduct in this case was the only one possible to avoid violating those prohibitions.

The first probation to avoid is conduct which would harass or abuse "any person." 15 U.S.C. §1692d. While refusing to allow a third-party to take a message may merely be impolite, the obvious consequence is the need to keep calling until the debtor is present and available to speak on the telephone. Such conduct would run against common sense, social norms, and also the FDCPA's specific prohibition against engaging a person in telephone conversation repeatedly with an intent to annoy or harass. 15 U.S.C. §1692(d)5. The evidence of ill intent would lie in the repeated phone calls despite the third-party's request to take a message.

If Defendant were to call this number and continue to receive the response that the debtor was not there yet, and then terminate the call without leaving a message despite

the request to take a message, the third-party could argue a violation of 15 U.S.C. § 1692d(5), in that repeated phone calls are an attempt to annoy, abuse or harass the number being dialed. The intent of the FDCPA is to eliminate abusive debt collection practices and protect consumers. It is in the best interest of consumers for Defendant to have left an innocuous, yet compliant, message with the third party simply asking for a call back regarding a business matter. It should be further stressed that the message left was only done so at the request of the party answering Plaintiff's phone, when the latter asked Defendant if he could take a message.

The second prohibition to avoid is disclosing the existence of the debt to the third-party. Pursuant to 15 U.S.C. §1692b(2), a debt collector communicating with a third-party shall not state that such consumer owes any debt, and pursuant to 15 U.S.C. §1692c(b), a debt collector may not speak to a third party about the consumer's debt without express permission. Individual privacy was a primary concern for Congress when enacting the FDCPA. 15 U.S.C. §1692(a). Accordingly, when speaking with a third party, the debt collector must do nothing to indicate the existence of a debt or that such debt has been referred to a debt collector. Thus, the message left with a third party who asks to take one must not reveal a debt is owed.

However, Congress clearly intended for debt collectors to use telephones in connection with debt collection. Whereas very few, if any, consumers owned answering machines in 1977, Congress clearly understood that telephone calls placed to a debtor's residence would from time to time be answered by third parties, and that such third parties would request messages and expect to take them. The only logical conclusion is

that Congress intended for debt collectors to leave messages with third parties under these circumstances.

### *Defendant's Message is Not Violative*

Plaintiff may argue that Defendant violated 15 U.S.C. § 1692(e)11 by failing to provide necessary disclosures regarding the collection of a debt. However, when Defendant called to speak with Plaintiff, the party on the phone stated that Plaintiff was not there yet, thus identifying himself as a third party. To avoid violating the 15 U.S.C. § 1692c(b) prohibition against disclosing the debt to a third party, the debt collector cannot include any disclosures regarding the collecting of a debt. Considering that such disclosures would be given when the consumer returns the call, requiring the disclosures in the message would be duplicative. Consequently, the debtor's privacy concerns outweigh the need for disclosures in the message, even if the Court finds that the messages is a "communication."

Despite the cases holding that an answering machine message may be a "communication," Defendant proffers that the message in this case is not a "communication" because it contains no information other than a telephone number for returning the call. In its effort to avoid disclosing the existence of the debt, the Defendant omitted any information regarding the debt or that the call was in connection with debt collection efforts. A third party is not a machine. The FDCPA prohibits disclosing the debt to a third party, but does not prohibit leaving a detailed message on a machine. Therefore, a debt collector reaching a third party who asks to take a message must leave a

message with lacks information about the debt, which means the message is not a "communication."

Despite Plaintiff's allegations in his Complaint that the message left created a false sense of urgency, this simply is not the case. Plaintiff incorrectly relies on *Leyse v. Corporate Collection Servs.* 2006 U.S. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006) with regard to "anonymous telephone messages." ("Anonymous telephone messages mislead consumers in to thinking that the message could reasonably pertain to a host of issues – including family or medical matters – which may be viewed by consumers as much more pressing, than a debt owed.). In *Leyse,* the messages left by Defendant created a false sense of urgency with their language. However, the *Leyse* Court also granted Defendant summary judgment on allegations based on a message which did not create this sense of false urgency. *Id*. at *17-18. The Court noted that *Foti v. NCO Financial Systems, Inc.* 424 F. Supp2d 643, 648, 665-66, 667 (2006) held that a false sense of urgency was not evoked with a message that said, in part, "we are calling…regarding a personal business matter that requires your immediate attention." *Leyse* at *17.

The issue is whether the purpose or context of the subject message creates a false sense of urgency to coerce the consumer to contact the debt collector. In the present matter, the message that was left does not even rise to the same level of "urgency" that the message in *Foti* did. Rather, Defendant left his call back information and full name; and when questioned about the purpose of the call, the collector simply stated it was regarding a personal business matter. There were no superlatives added to increase the urgency or give the allusion that it was for something more urgent or important than

simply a business matter.  The message at issue in the present matter does not involve the types of harm the FDCPA is trying to prevent.  There is no deception or abuse, while maintaining the consumer's privacy and avoiding harassing the third party, and as such, Plaintiff's Complaint should be dismissed.

## IV.     Conclusion

Based on the foregoing reasons and authorities, Plaintiff's Complaint fails to state a claim upon which relief may be granted.  Moreover, Plaintiff cannot amend to cure the deficiency.  Accordingly, Defendant Global Credit and Collections Corporation respectfully requests that Plaintiff's Complaint be dismissed, with prejudice.

Respectfully submitted,

s/ David G. Peltan
David G. Peltan, Esq. (DP6862)
Attorney for Defendant Global Credit & Collection Corp.
Peltan Law, PLLC
128 Church Street
East Aurora, NY 14052
(716) 655-3887
davidpeltan@peltanlaw.com

s/ Brandon M. Wrazen
Brandon M. Wrazen, Esq. (BW8032)
Attorney for Defendant Global Credit & Collection Corp.
Peltan Law, PLLC
1207 Delaware Ave., Suite 466
Buffalo, NY 14209
(716) 523-7764
brandonwrazen@peltanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2015, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the

following CM/ECF participants on this case: Plaintiff, Herschel Halberstam via Plaintiff's counsels of record – Adam J. Fishbein, Esq. And, I hereby certify that, to the best of my knowledge and information, there are no other participants on this case requiring service by any means.

s/ Brandon M. Wrazen
Brandon M. Wrazen, Esq., (BW8032)
Attorney for Defendant