UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

HERSCHEL HALBERSTAM on behalf of himself and
all other similarly situated consumers

                                                                                      15 CV 5696 (BMC)

                            Plaintiff,

          -against-

GLOBAL CREDIT & COLLECTION CORP.

                            Defendant.

───────────────────────────────────────────

**MEMORANDUM IN RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

The defendant admits that it is a debt collector, and that it placed the call to the plaintiff in an attempt to collect plaintiff's alleged debt. The defendant admits that in attempting to collect the plaintiff's alleged debt, the defendant called the plaintiff and left the following message for the plaintiff: "Name is Eric Panganiban, callback number is 1-866-277-1877, direct extension is 6962, regarding a personal business matter." This call was undisputedly, made in an attempt to collect a debt, which was at least in part meant to induce the debtor to pay the debt that he allegedly owes.

**THE SECOND CIRCUIT DEFINES "COMMUNICATION" BROADLY**

First, the Second Circuit has found that communications, for the purposes of obtaining payment from the debtor, are "communications" even if the communication does not discuss the current status of plaintiff's debt or the amount due. Even if it does not explicitly demand payment, it is still a "communication" if the collector's purpose with the communication was an "attempt" at least in part to induce the debtor to pay the debt he allegedly owes.

1

In *Hart v. FCI Lender Servs.*, 797 F.3d 219, 226, 2015 U.S. App. LEXIS 14087, *15-16 (2d Cir. 2015), the debt collector asserted that the communication did not discuss the current status of plaintiff's debt or the amount due on his loan, nor did it explicitly demand payment from the plaintiff. The Second Circuit stated:

> "Indeed, we see few types of communications as more obviously "in connection with the collection" of debts than **attempts to collect debts**. See, e.g., Caceres v. McCalla Raymer, LLC, 755 F.3d 1299, 1303 (11th Cir. 2014) (concluding that a letter was "an attempt to collect a debt" and therefore a "communication in connection with the collection of a debt"). Moreover, in passing the FDCPA, Congress identified abusive collection attempts as primary motivations for the Act's passage. See S. Rep. No. 95-382, at 2. Accordingly, we think that treating an attempt to collect a debt as a communication "in connection with the collection of any debt" easily accords with the plain meaning of the broad statutory language, as well as with the Act's remedial purpose of halting abusive collection practices and giving debtors adequate information about their rights and obligations." (emphasis added)

In addition, the Second Circuit in *Hart* found that despite the fact that the communication does not discuss the current status of plaintiff's debt or the amount due on his loan, nor does it explicitly demand payment from plaintiff, the communication was an attempt to collect the plaintiff's debt. The absence of an explicit payment demand does not take the communication outside the FDCPA. The Second Circuit further noted that when a collector's purpose was "at least in part to induce the debtor to pay the debt they allegedly owe," then the Second Circuit rules it is a 'communication' under the FDCPA.

Scores of federal court decisions - including the Second Circuit Court of Appeals[1] - and all the District Courts that have considered the issue within the Second Circuit[2] uniformly hold that

---

[1] See *Katz v. Sharinn & Lipshie, P.C.*, 2013 U.S. Dist. LEXIS 129728, *5-6, 2013 WL 4883474 (E.D.N.Y. Sept. 11, 2013) ("Plaintiff alleges that Defendant violated Section 1692e(11) of the FDCPA by failing to state that it was attempting to collect a debt and that any information would be used for that purpose. This failure alone is sufficient to establish a violation of Section 1692e(11). See *Dona v. Midland Credit Mgmt., Inc.*, No. 10-CV-0825, 2011 U.S. Dist. LEXIS 27136, 2011 WL 941204, at *2 (E.D.N.Y. Feb. 10, 2011) (holding that a single voicemail message in which the employee of the defendant failed to identify herself as a debt collector was, without more, "sufficient to constitute a violation of the FDCPA disclosure requirement" (citing Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 26 (2d Cir. 1989))), report and recommendation adopted, No. 10-CV-0825, 2011 U.S. Dist. LEXIS 27093, 2011 WL 939724 (E.D.N.Y. Mar. 15, 2011)") *Friedman v. Sharinn & Lipshie, P.C.*, 2013 U.S. Dist. LEXIS 64541, 2013 WL 1873302 (E.D.N.Y. Mar. 28, 2013) (same)

[2] *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006). (Collector's prerecorded phone message left on the consumer's voicemail only requesting the debtor to return the call regarding an important personal "business matter" was a "communication" as defined by the FDCPA, and thus the allegation that the collector failed to provide the § 1692e(11) disclosure in that message stated a claim for relief.) *Ostrander v. Accelerated Receivables,* 2009 U.S. Dist. LEXIS 27321, *1, 2009 WL 909646 (W.D.N.Y. Mar. 31, 2009) (A telephone message that merely stated the name of a person to contact and a telephone number at which to reach that person did not provide meaningful disclosure of the caller's identity for purposes of the FDCPA. Accordingly, plaintiff had stated a claim under 15 U.S.C.S. § 1692e(11) for failure to disclose that the telephone messages were from a debt collector, and under 15 U.S.C.S. § 1692d(6) for the placement of telephone calls without meaningful disclosure of the caller's identity.) *Pifko v. CCB Credit Servs.*, 2010 U.S. Dist. LEXIS 69872, *16, 2010 WL 2771832 (E.D.N.Y. July 7, 2010) ("Messages left on consumers' answering machines or in his or her voicemail by debt collectors qualify as a "communications" under the FDCPA. Furthermore, messages left on consumers' answering machines that fail to disclose that the speaker is a debt collector seeking to collect a debt have been found to be in violation of section 1692e(11).") (citations omitted) *Ortez v. First Asset Recovery Group, LLC,* 2014 U.S. Dist. LEXIS 46348, *3, 2014 WL 1338835 (W.D.N.Y. Apr. 2, 2014) ("Plaintiff alleges that on January 2, 2013, defendant attempted to collect a debt by calling plaintiff at his residence and leaving a pre-recorded voicemail message in which defendant did not disclose its true identity and did not state that the communication was from a debt collector. Plaintiff alleges that this conduct violated a number of the provisions of the FDCPA, including sections 1692d(6), 1692e(11), and 1692g(a). These provisions of Title 15 prohibit various acts, including placement of a telephone call without meaningful disclosure of the caller's identity; failing to disclose in the initial oral communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose; and failing to provide proper written notice within five days of the initial communication. Accordingly, for the purposes of this motion, plaintiff has sufficiently alleged facts to establish defendant's liability under the FDCPA.") *Reed v. Takhar Collections Servs.*, 2014 U.S. Dist. LEXIS 168146, *2-3 (W.D.N.Y. Dec. 3, 2014) ("Plaintiff alleges that, on or about November 7, 2012, defendant called plaintiff's telephone and left a message instructing plaintiff to contact the caller, but failed to advise plaintiff that the caller was a debt collector attempting to collect a debt, in violation 15 U.S.C. § 1692e(11). That section provides that a debt collector, in its initial communication with a consumer, must disclose that it is a debt collector, that it is attempting to collect a debt, and that any information obtained will be used for that purpose. Accordingly, for the purposes of this motion, plaintiff has sufficiently alleged facts to establish defendant's liability under the FDCPA.") *Vibar v. Audubon Fin. Bureau,* 2013 U.S. Dist. LEXIS 157106, 2013 WL 5937010 (W.D.N.Y. Oct. 30, 2013) (same) *Miller v. Faulkner,* 2010 U.S. Dist. LEXIS 28590, *5-7, 2010 WL 1257505 (D. Conn. Mar. 25, 2010) (The debt collector left a voice message leaving a phone number, which failed to disclose in the telephone call that she was a debt collector or that she was calling on behalf of United Obligations. This constituted a violation of § 1692e. the record also reflected that the debt collector contacted the debtor, and left her a voice mail message with the intention of collecting a debt, yet failed to make a meaningful disclose of her identity as a debt collector.) *Castro v. Green Tree Servicing LLC,* 959 F. Supp. 2d 698, 719, 2013 U.S. Dist. LEXIS 115089, *53, 2013 WL 4105196 (S.D.N.Y. 2013) ("[A]t least three of the voicemails clearly violate the FDCPA by failing to identify that the call is from a debt collector or who the caller is and/or where he is calling from. Accordingly, Plaintiffs are entitled to summary judgment on their FDCPA claim related to Defendants' voicemail messages.") *McPhatter v. M. Callahan & Assocs., LLC,* 2013 U.S. Dist. LEXIS 132251, *6 (E.D.N.Y. Aug. 6, 2013) ("A violation of the FDCPA occurs where the debt collector, in a communication

the FDCPA requires debt collectors to provide meaningful identification of itself in messages left for consumers, such as the said messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call. Multiple class actions have been certified in this circuit.[3]

---

with the consumer, fails to disclose 'that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.'" *Dona v. Midland Credit Mgmt.*, CV 10-0825 (JS)(WDW), 2011 U.S. Dist. LEXIS 27136, at *2-3 (E.D.N.Y. Feb. 10, 2011) (quoting 15 U.S.C. § 1692e(11)), adopted, 2011 U.S. Dist. LEXIS 27093 (E.D.N.Y. Mar. 15, 2011). To comply with Section 1692e(11), "the debt collector must 'clearly' be identified in the communication to the debtor." Foti v. NCO Fin. Sys., 424 F. Supp. 2d. 643, 668 (S.D.N.Y. 2006); see also Gabriele v. Am. Home Mortg. Servicing, 503 Fed. Appx. 89, 2012 U.S. App. LEXIS 24478, at *11 (2d Cir. 2012) ("[C]ommunications from debt collectors that are misleading or deceptive as to the identity or involvement of the debt collector violate the FDCPA") *Marisco v. NCO Fin. Sys.*, 946 F. Supp. 2d 287, 291, 2013 U.S. Dist. LEXIS 74213, *8, 2013 WL 2285195 (E.D.N.Y. 2013) ("Courts generally consider, and the parties do not dispute, that pre-recorded messages and voice mail messages from debt collectors are "communications," even if the messages do not state what the calls are regarding.") *Hirsch v. ANI Mgmt. Group,* 2013 U.S. Dist. LEXIS 137130, *4-5 (E.D.N.Y. May 30, 2013) ("Plaintiff alleges violations of the FDCPA based on two telephone messages left on his answering machine on or about May 1, 2012 and May 4, 2012."Communications" under the Act include telephone calls and messages left on a consumer's answering machine.") *Sussman v. I.C. Sys*., 928 F. Supp. 2d 784, 2013 U.S. Dist. LEXIS 31721, 2013 WL 842598 (S.D.N.Y. 2013) (Stating "[A]pplying the reasoning used by the Foti court and accepting as true all factual allegations and drawing all reasonable inferences in Plaintiff's favor, the Court finds that the calls at issue constitute "communications" under the FDCPA." and finding the allegation that the debt collector hung up either prior to or as soon as the phone was answered stated a claim for a violation of § 1692e(11).) *Cerrato v. Solomon & Solomon*, No. 11 Civ. 623 (JCH), 909 F. Supp. 2d 139, 2012 U.S. Dist. LEXIS 179132, 2012 WL 6621339, at *4-*6 (D. Conn. Dec. 18, 2012) (applying the Foti court's reasoning and holding that even unanswered or missed telephone calls constitute "communications" under the FDCPA) *Messing v. Rubin & Yates, L.L.C.,* 2014 WL 916748 (W.D.N.Y. Mar. 10, 2014). (The court entered judgment where the plaintiff sufficiently alleged facts to establish the defendant's liability since the defendant "left plaintiff a voicemail in which defendant did not state that the communication was from a debt collector. . .") *Dunn v. Advanced Credit Recovery Inc., 2012 U.S. Dist. LEXIS 27205, 2012 WL 676350 (S.D.N.Y. Mar. 1, 2012)* (same) *Twarozek v. Midpoint Resolution Group, LLC, 2011 U.S. Dist. LEXIS 87488, 2011 WL 3440096 (W.D.N.Y. Aug. 4, 2011)* (same) *Douyon v. N.Y. Med. Health Care, P.C.*, 2012 WL 4486100 (E.D.N.Y. Sept. 28, 2012), *amended on reconsideration by* 2013 WL 5423800 (E.D.N.Y. Sept. 25, 2013). (A telephone message that failed to make disclosures as required by § 1692e(11) violated the FDCPA.) *Kavalin v. Global Credit & Collection Corp.*, 2011 U.S. Dist. LEXIS 34554, *3, 2011 WL 1260210 (W.D.N.Y. Mar. 30, 2011) (Motion to dismiss was denied as to plaintiffs' claims that the messages failed to disclose the caller's identity) *Krapf v. Collectors Training Inst. of Ill., Inc.*, 2010 WL 584020 (W.D.N.Y. Feb. 16, 2010). (The obligation of a collector to identify itself as a debt collector under § 1692(11) is not limited to the initial communication with the consumer but also applies to subsequent communications.) *Leyse v. Corporate Collection Servs., Inc.*, 2006 WL 2708451 (S.D.N.Y. Sept. 18, 2006). (Failure to provide the debt collection notice in prerecorded messages to the consumer violated § 1692e (11). "CCS has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA, but because the method they have selected to collect debts has put them there.")

[3] *Gravina v. United Collection Bureau,* 2010 U.S. Dist. LEXIS 142718, 2010 WL 9075409 (E.D.N.Y. Nov. 29, 2010) (Class certified "all persons … who received a message left by [UCB] on a telephone answering device which did not identify [UCB] itself by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector") *Passafiume v. NRA Group, L.L.C.*, 274 F.R.D. 424 (E.D.N.Y. 2010). (The parties' joint motion to certify a settlement class and for preliminary approval of the class settlement was granted in a case where the suit involved the potential of 20,498 individual consumers with nearly identical claims against the same defendant, where all consumers had received substantially similar or materially identical voicemail messages from the debt collector, and where the defendant had allegedly failed to identify itself as a debt collector.) *Gravina v. Client Servs., Inc.*, 2009 U.S. Dist. LEXIS 78204 (E.D.N.Y. Aug. 25, 2009). (Settlement of nationwide class claims

## THE DEFENDANT HAS BEEN SUED SCORES OF TIMES
## FOR FOTI VIOLATIONS AND LOST ON THE SAME ARGUMENTS

At all times relevant to this action, defendant Global Credit & Collection Corp. was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in messages left for consumers, such as the said messages, by stating the nature and/or purpose of the call. See *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171 (9th Cir. 2006).  ("[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors repeat players likely to be acquainted with the legal standards governing their industry to bear the brunt of the risk."); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("As the Supreme Court has held in the general context of consumer protection—of which the [FDCPA] is a part—'it does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.'") (quoting *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 393, 85 S. Ct. 1035, 13 L. Ed. 2d 904 (1965)).

The defendant is well aware that it must leave a message that contains the *Foti* disclosures.  It is well known that the industry term for a message in compliance under section 1692e(11) is a "*Foti* compliant message."   In fact the defendant recalls that in its case of *Hulshizer v. Global Credit Services, Inc.*, 728 F.2d at 1038, the U.S. Court of Appeals for the Eighth Circuit found the 1692e(11) statutory language "unambiguous" and ruled that the failure to include "the clear

---

arising from messages left by defendant for settlement class members on telephone answering device included an injunction permanently enjoining defendant as follows: all telephone voice messages left by defendant for consumers on telephone answering devices will meaningfully identify the defendant as the caller, state the purpose or the nature of the communication, and disclose that the communication is from a debt collector.) *Anderson v. Nationwide Credit Inc.*, 2009 U.S. Dist. LEXIS 57157 (E.D.N.Y. June 25, 2009). FDCPA class settlement permanently enjoined the defendant as follows: "All telephone voice messages left by Defendant for consumers on telephone answering devices will meaningfully identify the Defendant as the caller, state the purpose or nature of the communication, and disclose that the communication is from a debt collector."

language of the statute" violated the Act.

The defendant has been sued approximately one hundred times for *Foti* claims. Numerous litigants and judges have put the defendant on guard that a message requesting a return call which fails to contain the *Foti* disclosures are in violation of the FDCPA. Most importantly the defendant has attempted to defend its actions on numerous occasions yet those arguments have always failed, they have consistently been rejected as frivolous, yet despite the fact that defendant has lost on this issue every time it has litigated it, here again the defendant groundlessly seeks to advance - once more - its failed arguments. See. *Tjartjalis v. Global Credit and Collection Corp.*, No.17 1:14-cv-00273 (E.D.N.Y. April 14, 2014) (Cogan J.,) ("Defendant asserts that it had no viable option other than to identify itself as a collection company because ... Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643 (S.D.N.Y.2006), required defendant to identify itself as a debt collector in the message...Thus, just as in *Marisco*, the "rock and hard place" between which defendant attempts to portray itself could have been avoided simply by hanging up.") *Garo v. Global Credit & Collection Corp.*, 2011 WL 251450 (D. Ariz. Jan. 26, 2011). ("The fact that a debt collector may leave a message, in which the debt collector is otherwise unidentified, to contact the consumer at a phone number that had previously been contained in the debt collector's correspondence with the consumer is insufficient to identify the subsequent communication as being from a debt collector as is required by § 1692e(11). Further, such a request does not constitute 'meaningful disclosure of the caller's identity' as is required by 15 U.S.C. § 1692d(6).") *Doshay v. Global Credit Collection Corp.*, 796 F. Supp. 2d 1301 (D. Colo. 2011). (The collector's message violated FDCPA §§ 1692d(6) and 1692e(11) since it neither identified the employee as a debt collector nor articulated that the purpose of the message was to collect a debt.) *Kavalin v. Global Credit & Collection Corp.*, 2011 U.S. Dist. LEXIS 34554, *3, 2011 WL 1260210 (W.D.N.Y. Mar. 30, 2011)

(Motion to dismiss was denied as to plaintiffs' claims that the messages failed to disclose the caller's identity)

The Defendant reiterates its failed argument and states: "Therefore, a debt collector reaching a third party who asks to take a message must leave a message with lacks information about the debt, which means the message is not a "communication."

As mentioned above, according to the Second Circuit the scope of the term "communication" under the FDCPA is critical to the functioning of the statute, which protects consumers from "abusive, deceptive, and unfair debt collection practices," 15 U.S.C. § 1692(a), by, among other things, restricting debt collectors' communications with third parties. Because many of the prohibitions in the statute relate to "communications," the question whether an action is a communication arises often in cases brought by consumers under the FDCPA. The Second circuit has spoken and has stated that when a collector's purpose was "at least in part to induce the debtor to pay the debt they allegedly owe," then the Second Circuit rules it "a 'communication' under the FDCPA. *Hart v. FCI Lender Servs.*, 797 F.3d 219, 226, 2015 U.S. App. LEXIS 14087, *15-16 (2d Cir. 2015)

## A MESSAGE LACKING INFORMATION ABOUT THE DEBT IS STILL A "COMMUNICATION"

The defendant inarticulately seems to state that whether the message was a "communication" turns on whether it lacks information about the debt. Thus, the undisputed fact that the defendant's message was "in connection with the collection of any debt," was of no moment, absent that the message contained "information about the debt." The defendant disagreeing with our binding precedent wants to engraft an additional element onto the statutory

7

definition by unreasonably stating that a "communication" under the FDCPA must convey information regarding a debt and indicate to the recipient of the correspondence that the message relates to the collection of a debt.

As stated above, this twisted reading is in direct conflict with binding Second Circuit authority. See *Hart v. FCI Lender Servs.*, 797 F.3d 219, 226, 2015 U.S. App. LEXIS 14087, *15-16 (2d Cir. 2015) (noting that when a collector's purpose was "at least in part to induce the debtor to pay the debt they allegedly owe," then the Second Circuit rules it "a 'communication' under the FDCPA. "Accordingly, we think that treating an attempt to collect a debt as a communication "in connection with the collection of any debt" easily accords with the plain meaning of the broad statutory language, as well as with the Act's remedial purpose of halting abusive collection practices and giving debtors adequate information about their rights and obligations.")

## DEFENDANT ADVOCATES CIRCUMVENTING 1692b

Additionally, defendant's reading renders important provisions of the FDCPA inoperative, undermining the substantive protections of the Act. For instance, § 1692b creates an exception to § 1692c(b)'s general prohibition against "communicating" with third parties, in connection with a consumer's debt by allowing a debt collector to "communicate" with a third party "for the purpose of acquiring location information about the consumer." In so communicating, however, the debt collector "shall . . . not state that [the] consumer owes any debt" (§ 1692b(2)) and "not use any language or symbol" on any written communication that "indicates . . . that the communication relates to the collection of a debt" (§ 1692b(5)). Under the defendant's reading, the narrow location-information exception to the general rule against "communicating" with third parties

would be meaningless because the general rule would allow a broader range of contacts than the exception.

For example, the defendant is essentially suggesting to this Court to permit telephone calls, letters, faxes, postcards, or emails by any debt collector to an employer, neighbor, or other third party, making a broad range of intrusive inquiries about the consumer — not only inquiries regarding location information—as long as the debt collector does not indicate that its call, letter, or fax relates to a debt. Such inquiries, in defendant's view, are not "communications" and thus not prohibited by § 1692c(b).

Indeed, under the defendant's perverse reading, § 1692b(5) is nonsense, because if a "communication" by definition must "indicate" to the third party that it regards a debt, it cannot at the same time *not* "indicate" that it relates to a debt. The defendant wants to render several other of § 1692b's risks-minimizing restrictions nugatory.

Under defendant's rejected and distorted interpretation, if a debt collector complies with § 1692b's content Restriction — most notably § 1692b(5)'s bar on indicat[ing] . . . that the communication relates to the collection of a debt" — it is not "communicating" and thus need not comply with the rest of § 1692b. This reading effectively nullifies § 1692b's other restrictions. Under the defendants interpretation, therefore, debt collectors seeking location information will be able to send postcards, contact third parties more than once, and contact third parties when they could contact the consumer's attorney instead — all in contravention of any reasonable understanding of § 1692b.

Similarly, § 1692d(6) prohibits any call to a third party (or a consumer) without "meaningful disclosure" of the caller's identity, "[e]xcept as provided in section 1692b"— that is, unless the debt collector is communicating with a third party for the purpose of acquiring location

9

information. "Meaningful disclosure" includes the disclosure that the caller is a debt collector. *See*, *e.g.*, *Sparks v. Philips & Cohen Assocs.*, 641 F. Supp. 2d 1234, 1247 (S.D. Ala. 2008); *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1075 (E.D. Cal. 2007); *Masciarelli v. Richard J. Boudreau & Assocs., LLC*, 529 F. Supp. 2d 183, 185 (D. Mass. 2007); *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005). Yet the defendant is suggesting that, without a meaningful disclosure, a debt collector is not "communicating" at all. That suggestion creates a paradox: the statute forbids conduct (calls without meaningful disclosure, except communications with third parties to acquire location information) that, according to the defendant, it expressly allows (calls to third parties, not limited to calls seeking location information, as long as there is no meaningful disclosure).

In addition, the FDCPA prohibits "communicating or threatening to communicate to any person" false credit information. 15 U.S.C. § 1692e(8). Under the defendant's misplaced reading, a debt collector would not violate this provision if it gave someone false credit information, as long as it did so without indicating that the consumer owed a debt.

The FDCPA also prohibits the use of a written "communication" that "is falsely represented to be a document authorized, issued, or approved by a court, official, or [government] agency." *Id.* § 1692e(9). Again, under the defendant's questionable reading, a debt collector would not violate this provision if it sent a document with such a false representation to a consumer or third-party in an effort to collect a debt, as long as the document did not mention a debt.

Such a reading of the statute would defeat the provision's very purpose. As one district court, rejecting the precise argument adopted below, explained: "[A] narrow reading of the term 'communication' to exclude instances . . . where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the §

10

1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold 'communication' requirement, merely by not conveying specific information about the debt." *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 657 (S.D.N.Y. 2006). "Such a reading is inconsistent with Congress's intent to protect consumers from 'serious and widespread' debt collection abuses." *Id.* at 657-58. *See also Lensch v. Armada Corp.*, 795 F. Supp. 2d 1180, 1189 (W.D. Wash. 2011*)* ("Affirming the narrow interpretation [of 'communication'] would provide a loophole for debt collectors and allow them to tailor their voicemail messages in order to circumvent the disclosure requirement under section 1692e(11).").

## DEFENDANT'S ARGUMENTS HAVE BEEN REJECTED BY THE MAJORITY AND PERSUASIVE AUTHORITY AS WELL AS THE BANKING REGULATORS

The rejected arguments advocated by the defendant would render the FDCPA inapplicable to many deceptive communications which do not indicate a sum owed nor demand payment but which are sent in connection with the collection of a debt. For example, see *Hart v. FCI Lender Servs.*, 797 F.3d 219, 226, 2015 U.S. App. LEXIS 14087, *16-17 (2d Cir. 2015) (When a collector's purpose was "at least in part to induce the debtor to pay the debt they allegedly owe," then we rule it "a 'communication' under the FDCPA) *Romine v. Diversified Collection Services,* 155 F. 3d 1142, 1143-44 (9th Cir. 1998) (There, the communication in connection with collection of a debt was a "telegram" to the debtor urging him to contact the debt collection agency to discuss a "federal consolidation loan program); *Hernandez v. Midland Credit Mgmt.*, 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. Mar. 6, 2007) (There, communication by debt collector of customer's information to a credit card partner partnered with the original debt collector was in connection with collection of a debt); *Mendelovits v. Sears, Roebuck & Co.*, No. 99 C 4730, (N.D. Ill. June

11

23, 2000) and *Udis v. Universal Communs. Co*., 56 P. 3d 1177, 1179 (Colo. Ct. App. 2002) (In both, the court found that nearly identical telegram notification services constituted an indirect attempt to collect a debt and in *Mendelovitz,* the court found that the same activity was both an "indirect attempt to collect a debt" and "in connection with collection of a debt"); *Teng v. Metropolitan Retail Recovery,* 851 F. Supp. 61 (E.D.N.Y. 1994) (The court found the debt collector liable pursuant to Sections 1692e(10) and (11) for phoning the debtor's place of work and making false statements to his employer that there was "a family crisis overseas" in order to entice the debtor to contact the debt collector and telling the debtor that he was from the City Marshal's office, that there was a judgment against him and that the debt collector would "pop a lock" and take all of his furniture unless the debtor called the collection agency).

The defendant's rejected arguments also contradict the well-known view of the federal banking regulators, including the CFPB, the Office of the Comptroller of the Currency, and the Federal Reserve Board. Each of these agencies has advised that the FDCPA generally prohibits communications with a third party concerning a debt, regardless of whether the debt collector actually indicates to the third party the reason for the communication (that is, because the debt collector is pursuing a debt). *See* CFPB, *Supervision and Examination Manual,* page 6, at FDCPA 2-3 (stating that debt collector may not "contact" third parties except to request location information when debt collector is unable to locate the consumer); OCC, *Other Consumer Protection Laws and Regulations*, *supra* page 6, at 24 (same); Federal Reserve Board, *Consumer Compliance Handbook*, page 6, at FDCPA 2 (same).

The defendant knows that its consistently failed position runs counter to decisions of more than sixty district courts spread throughout almost every federal judicial district. The overwhelming majority of courts to consider whether a particular activity (usually, a telephone

call) violated § 1692c(b)'s prohibition on "communicat[ing]" with a third party "in connection with the collection of any debt" have read the provision to state an objective test that looks to the content of the information sent to determine whether it "convey[ed] information regarding a debt directly or indirectly," § 1692a(2), not to whether that information indicates to the recipient that it relates to a debt. See *Lensch*, 795 F. Supp. 2d at 1188-89; *Yarbrough v. FMS, Inc.*, 2010 WL 4826247, at *2 (S.D. Fla. 2010); *Shand-Pistilli v. Prof'l Account Servs.*, 2010 WL 2978029, *3-*4 (E.D. Pa. 2010); *Hutton v. C.B. Accounts, Inc.*, 2010 WL 3021904, at *2-3 (C.D. Ill. 2010); *Krug v. Focus Receivables Mgmt., LLC*, 2010 WL 1875533, at *1-3 (D.N.J. 2010); *Nicholas v. CMRE Fin. Servs.*, 2010 WL 1049935 at *3-5 (D.N.J. 2010); *Inman v. NCO Fin. Sys.*, 2009 WL 3415281, at *3-4 (E.D. Pa. 2009); *Mark v. J.C. Christensen & Assocs.*, 2009 WL 2407700, at *2-3 (D. Minn. 2009); *Savage v. NIC, Inc.*, 2009 WL 2259726, at *1, *5 (D. Ariz. 2009); *Wideman v. Monterey Fin. Servs.*, 2009 WL 1292830, at *2 (W.D. Pa. 2009); *Edwards v. Niagra Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008). See also *Berg v. Merchants Ass'n Collection Div'n, Inc.*, 586 F. Supp. 2d 1336, 1340-41 (S.D. Fla. 2008); *Thomas v. Consumer Adjustment Co.*, 579 F. Supp. 2d 1290, 1296-97 (E.D. Mo. 2008); *Ramirez v. Apex Fin. Mgmt.*, 567 F. Supp. 2d 1035, 1041-42 (N.D. Ill. 2008); *Costa*, 634 F. Supp. 2d at 1075-76; *Foti*, 424 F. Supp. 2d at 654-59; *Leyse v. Corporate Collection Servs.*, 2006 WL 2708451, at *6 (S.D.N.Y. 2006); *Belin v. Litton Loan Serv., LP*, 2006 WL 1992410, at *4-5 (M.D. Fla. 2006); *Hosseinzadeh*, 387 F. Supp. 2d at 1116; *Henderson v. Eaton*, 2001 WL 969105, at *2-3 (E.D. La. 2001); *West v. Nationwide Credit, Inc.*, 998 F. Supp. 642, 644-45 (W.D.N.C. 1998)

## THIRD PARTY MESSAGES ARE
## NO DIFFERENT THAN AN ANSWERING MACHINE

Defendant argues: "It should be further stressed that the message left was only done so at the request of the party answering Plaintiff's phone, when the latter asked Defendant if he could take a message." This argument is meritless; it is undeniable that every answering machine answers the phone by asking the caller debt to leave a message. In fact most voice-mail systems play a pre-recorded message with the debtor's voice which asks anyone who calls to please leave a message and any time a third party answers a phone it is the only courteous thing to do to take a message for the intended party. The request to take a message by a voice mail system or a third party could not indemnify the debt collector from leaving the mandatory *Foti* disclosures.

Defendant admits[4] that in its messages it must identify itself as a collection company because *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y.2006), requires the defendant to identify itself as a debt collector in every message. It is therefore absurd for the defendant to suggest that, since it cannot leave the *Foti* disclosure (with a third party), it be allowed to circumvent the holding of *Foti* by leaving a non-*Foti* complaint message with a third party.

In addition to the Second Circuit's finding in *Hart,* New York courts have only followed *Foti*. By taking a position that one can leave a telephone message with a call back number, that included a direct extension, and that it was regarding a personal business matter, that position would essentially abrogate *Foti*.

It would be contradictory and nonsensical for the Defendant to suggest that the *Foti* court - which found that a message containing a return telephone number violates the FDCPA for lack

---

[4] See. *Tjartjalis v. Global Credit and Collection Corp.*, No.17 1:14-cv-00273 (E.D.N.Y. April 14, 2014) (Cogan J.,) ("Defendant asserts that it had no viable option other than to identify itself as a collection company because ... Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643 (S.D.N.Y.2006), required defendant to identify itself as a debt collector in the message

of the required disclosures - would allow such a message as long as it was left with a third party as opposed to an answering machine especially when the *Foti* court found voice mail messages to be "communications" under the FDCPA. This finding was only because *West v. Nationwide* found that leaving a message with a third party was a "communication" under the FDCPA.

Defendant has admitted that it called the plaintiff and left messages with a third party. *Foti,* and at least twenty other courts which have adopted *West v. Nationwide,* have found that leaving any message with a third party is a "communication" under the FDCPA and is violation of the FDCPA for improper contact with a third party.

### DEFENDANT SHOULD HAVE POLITELY TERMINATED THE CALL AND NOT LEFT A VIOLATIVE MESSAGE

What Defendant should have done while speaking to a third party was ask if Plaintiff was there, and if not, then say goodbye and call back later. *See Isaac v. RMB, Inc.*, 2014 U.S. Dist. LEXIS 40840, 35-36 (N.D. Ala. Mar. 26, 2014) ("In Edwards, a debt collector seeking the safety of the bona fide error exception argued that it intentionally left out of its message that it was a debt collector seeking to collect a debt because the message might be heard by a third party and might then run afoul of another section of the FDCPA. citing 15 U.S.C. § 1692c(b). Nothing in the FDCPA, the Court of Appeals explained, gives a debt collector the right to leave a message, or exempts a debt collector from making the requisite disclosures if a message is left. [T]he collector can elect to leave no message at all, or leave a message with the required disclosures, He may not leave a message lacking the required disclosures."(citations omitted) *Sclafani v. BC Servs., Inc.*, No. 10-61360-CIV, 2010 U.S. Dist. LEXIS 115330, 2010 WL 4116471, at *3 (S.D. Fla. Oct. 18, 2010) ("If [the defendant] could not leave voice messages that simultaneously

complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages.") *Dauval v. MRS BPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189109, *21-22, 25 Fla. L. Weekly Fed. D 47 (M.D. Fla. June 27, 2013) (leaving a message (that lack the disclosures) either on an answering machine or with a third party is the same because the FDCPA was specifically enacted to prevent this sort of contact with third parties by debt collectors) *Wideman v. Monterey Fin. Servs.*, 2009 U.S. Dist. LEXIS 38824, 5-8, 2009 WL 1292830 (W.D. Pa. May 7, 2009) (making no distinction between a message left with a third party or being left with a voice mail system) (collecting cases).

The defendant has continuously made the same argument which has been rejected in its past cases. Yet, it fails to acknowledge that those courts found that the FDCPA has not been limited to those communications that state the sum owed and demand payment.

In sum, the term "communication" is central to the functioning of the FDCPA, and the defendants inarticulate yet failed arguments attempting to limit the scope of that term is inconsistent with the language and structure of the Act as a whole, most importantly it is in direct opposition to binding Second Circuit authority in addition to the abundant majority and persuasive authority and federal regulators.

## CONCLUSION

Therefore, this Court should deny defendant's motion for summary judgment and grant plaintiff's motion for summary judgment. If the Court were to grant plaintiff's motion, plaintiff requests that the Court schedule proceedings in order to get the matter to class certification and proper disposition.

       Dated: Cedarhurst, New York
       December 28, 2015


         /s/ Adam J. Fishbein
       Adam J. Fishbein, P.C.  (AF-9508)
       Attorney At Law
       **Attorney for the Plaintiff**
       483 Chestnut Street
       Cedarhurst, New York 11516
       Telephone (516) 791-4400
       Facsimile (516) 791-4411