UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
HERSCHEL HALBERSTAM, on behalf of  :
himself and all other similarly situated  :  **MEMORANDUM**
consumers,  :  **DECISION AND ORDER**
  :
                            Plaintiff,  :  15-cv-5696 (BMC)
  :
           - against -  :
  :
GLOBAL CREDIT AND COLLECTION  :
CORP.,  :
  :
                            Defendant.
----------------------------------------------------------------- X

**COGAN**, District Judge.

      The issue presented by this case under the Fair Debt Collection Practices Act is whether a debt collector, whose telephone call to a debtor is answered by a third party, may leave his name and number for the debtor to return the call, without disclosing that he is a debt collector, or whether the debt collector must refrain from leaving callback information and attempt the call at a later time. I hold that because the undisclosed nature of the call may induce the debtor to contact a debt collector when he does not wish to do so, and that is what, in fact, the debt collector is attempting to do, the debt collector must follow the latter option. I therefore grant summary judgment for plaintiff and deny summary judgment for defendant.[1]

      The facts are undisputed. Defendant debt collector telephoned plaintiff about his debt. The person answering the phone (who plaintiff has not identified) responded that "Herschel [the debtor/plaintiff] is not yet in," and asked if he could take a message. The collection agent

---

[1] The motions only address the liability aspects of the case, not damages or class certification, the latter of which usually proceeds first or in tandem with the determination of liability. However, because the liability issue seemed very straightforward, no party objected to having the Court rule on these cross-motions for summary judgment first.

responded, in relevant part, "Name is Eric Panganiban. Callback number is 1-866-277-1877 … direct extension is 6929. Regarding a personal business matter."

There are several provisions of the Fair Debt Collection Practices Act that might bear on the question of whether this message was allowed. First, § 1692e(11) deems it a "false or misleading representation" if a debt collector fails to disclose

> in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . .

15 U.S.C. § 1692e(11). Building on this, § 1692g(a), entitled "Validation of debts," requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing [specified information]." 15 U.S.C. § 1692g(a).

Second, the FDCPA also addresses communications between the debt collector and a third party. Section 1692c(b), which is subtitled "Communication with third parties," provides, in part:

> Except as provided in section 1692b of this title …a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). The reference to § 1692b, which is titled "Acquisition of location information," allows the debt collector to confirm that it has the correct contact information for the debtor: "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall … identify himself, state that

2

he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer." 15 U.S.C. § 1692b(1).

At the outset, I reject the application of § 1692b(1) to the facts of this case for two reasons. First, there was no need for Panganiban to confirm contact information. The third party who answered the telephone did it for him when he said, "Herschel is not yet in." At that point, Panganiban knew he had the right contact information. And indeed, he did not attempt to further confirm that contact information. Second, § 1962b(1) does not say anything about leaving a callback number. That is not part of the exempted information that the statute allows the debt collector to provide to the third party.

The situation therefore reverts back to § 1692c(b) which, again, except for the limited carve-out in § 1692b(1), prohibits communications with third parties. Nothing permits the debt collector to leave a response with the third party that will induce the debtor to call him back. With the very limited authorized contact with third parties allowed by the statute, it is hard for me to see why Panganiban thought he could leave a call back number. The arguments defendant has advanced seem quite transparent.

First, defendant points out that there was nothing wrong with Panganiban placing the call, since Congress expected and the debtor (plaintiff) had authorized the use of the telephone. That is true, but it begs the question of what Panganiban was allowed to say when the third party answered the call, and, particularly, when the third party asked Panganiban if he would like to leave a message.

Second, defendant points out that it would have been rude to simply hang up. That is also true, but the statute does not require rudeness. Defendant asserts that "there is no other logical and polite response other than for the Defendant to provide the answering third-party with

3

the information requested." But I think that there obviously is. It is perfectly logical and polite to say, "No, thank you, I'll call back later." There is no diminution of the third party's "dignity," as defendant purports to fear, inherent in such a response.[2]

According to defendant, the problem with proceeding in this manner is that it encourages multiple calls, which run the risk of inconveniencing the debtor or the third party, and from the collector's perspective, exposes it to harassment suits. First of all, I am not making policy; I am applying the language of the statute, and soliciting a call back to a collection agency unidentified as such through a third party is simply not a means of collection that is permitted under the restrictive statutory scope of a collector's efforts.

More fundamentally, however, this does not seem to me an insurmountable concern. The case law is quite generous in the number of calls tolerated before harassment will be found, see Chavious v. CBE Grp., Inc., No. 10 Civ. 1293, 2012 WL 113509 (E.D.N.Y. Jan. 13, 2012) (holding that 36 calls in two months was reasonable and collecting cases with similar holdings). There may be a point at which the collector has to make a judgment call that this a particular debt that is not going to be collected over the telephone without violating the law, but that determination is something that collection agencies presumably make, and should be able to make, all the time when they have difficulty reaching the debtor on the telephone.

Perhaps defendant's most basic point is that Panganiban's call does not fall under the statutory definition of a "communicat[ion] … in connection with the collection of any debt …", as used in 1692c(b), or in the materially indistinguishable provision in § 1692g(a). Defendant's position appears to be that since Panganiban did not give the initial disclosures required under

---

[2] Defendant's purported aversion to incivility is somewhat ironic considering Panganiban's rather laconic message. If he even said "thank you" or "good bye," defendant has not told me.

4

§ 1692e(11) and merely left his contact information with a third party, then he was not collecting a debt. Implicit in this argument is the assumption that if plaintiff had returned the call, it was only then that Panganiban would have had to identify himself as a debt collector and provide the § 1692e(11) disclosures. But the argument is inherently circular – the call was not a communication in connection with the collection of a debt because a communication in connection with the collection of a debt requires disclosures, and since Panganiban did not give disclosures, it was not a communication in connection with the collection of a debt.

In this regard, defendant's related point, based on the demanding technicalities of the statute, is the familiar "rock and a hard place" argument that collection firms often raise to claims under the FDCPA. If the call to the third party is a "communication," defendant argues, then it had to give the § 1692e disclosures. But if it gave those disclosures to the third party, or even mentioned that it was a debt collector, then it would clearly be violating § 1692c(b).

As suggested above, there is no Scylla and Charybdis here. A polite "No, thank you, I'll call back," would easily have guided defendant through the Strait of Messina. Instead, Panganiban seized upon the opportunity presented by the third party to obtain a debtor-initiated contact, something the debtor may or may not have done on his own, or in response to a dunning letter with full disclosures, in contrast to an unadorned callback message about a "personal business matter." Nothing required Panganiban to seize that opportunity, and the prohibition on relaying information through a third party prohibited it.

The Second Circuit's recent decision, Hart v. FCI Lender Services, Inc., 797 F.3d 219 (2d Cir. 2015), tends to supports this conclusion. It construed the term "communication in connection with the collection of any debt" quite broadly, as including an *attempt* to collect a debt if, from an objective perspective, a debtor would consider the communication as an effort to

5

collect a debt. Of course, Hart did not involve a third party communication, so it does not fit our case precisely. And defendant could plausibly argue that since it did not disclose it was a debt collector, then how could an objective debtor consider its communication "in connection with the collection of any debt"?

I believe the Second Circuit's reference to an objective standard in Hart must presume a hypothetical objective debtor with knowledge of all the material facts, including the most material fact – that the party calling him is a collection company. Otherwise, the analysis would ignore the objective purpose of the call. At least, in Hart, the collection firm had a subjective rationale, which the Court nevertheless rejected, that it was not contacting the debtor to collect a debt, but merely passing on information required under the Real Estate Settlement and Procedures Act. In our case, in contrast, the *only* purpose of Panganiban's call was quite obviously to collect the debt, and anyone, regardless of their level of sophistication, who knew that the call came from a collection firm would understand that purpose.

Finally, there is no reason to view Panganiban's conversation with the third party as a monolithic communication. It is a conversation, not a dunning letter, and thus by its nature, it lends itself to shifting goals and purposes depending on the information gained during the exchange. When defendant asserts that "[t]his call was not placed with intent to leave a message with a third-party," I suppose that is true at the outset of the call (although it may be that defendant has a procedure for leaving an anonymous call back number if it reaches a third party and the third party invites one). However, when the third-party asked if he could take a message for the debtor, and Panganiban decided, at that point, to leave call back information in order to solicit the debtor into calling him back without the debtor knowing who he was calling, Panganiban's intent is obvious. It seems to strain the plain language and purpose of the statute to

conclude that Panganiban's decision to leave that message was not a communication in connection with the collection of a debt. "The apparent purpose of [the message] was to be vague enough to provoke the recipient to return the calls in haste." Leyse v. Corporate Collection Services, Inc., No. 03 Civ. 8491, 2006 WL 2708451, at *7 (S.D.N.Y. Sept. 18, 2006). The only way to avoid violating the statute at that point was for Panganiban to make a different decision by politely demurring, and perhaps trying again at some point in the future.

      For the reasons set forth above, plaintiff's motion for summary judgment is granted, and defendant's motion is denied. By separate order, the Court will set a conference to consider the remaining issues in the case.

**SO ORDERED.**

                                                    _____
                                                                  U.S.D.J.

Dated: Brooklyn, New York
       January 11, 2016