

**Mintzer Sarowitz Zeris Ledva & Meyers LLP**

ATTORNEYS AT LAW

17 West John Street
Suite 200
Hicksville, NY 11801
Tel: 516.939.9200
Fax: 516.939.9201

www.DefenseCounsel.com

E-mail: blevien@defensecounsel.com

File No. 007602.000034

February 10, 2016

**VIA ECF**
Honorable Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:    **HERSCHEL HALBERSTAM on behalf of himself and all other similarly situated consumers v. GLOBAL CREDIT & COLLECTION CORP.**
          **Docket No.:        1:15-cv-05696-BMC**
          **Our File Number: 007602.000034**

Dear Judge Cogan:

      We represent the defendant in the above matter. We write with respect to the court's order dated January 11, 2016 and entered January 12, 2016 which order granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment. We respectfully request that the court amend this order to reflect that the controlling question(s) of law present substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of this litigation. We make this request pursuant to Federal Rule of Appellate Procedure 5(a)(3).

      As Your Honor appears to have recognized, there is no directly controlling Second Circuit or United States Supreme Court precedent on this issue. The court, in its Order, relied primarily on *Hart v. FCI Lender Services, Inc.*, 797 F.3d 219 (2d Cir. 2015). The *Hart* decision focused on the propriety of a letter, as opposed to a phone call. The court chose not to instead extend the protections recognized for voicemail messages to live messages. *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp.2d 643 (FDNY, 2006).

      It is respectfully submitted that this court's recent Order presents a potential conflict within the Circuit that should be resolved by the Second Circuit as soon as possible. This resolution by the Second Circuit would, one way or another, likely result

---

*Philadelphia, PA • Pittsburgh, PA • Cherry Hill, NJ • New York, NY • Hicksville, NY • Wilmington, DE*
*Miami, FL • Tampa, FL • Jacksonville, FL • Morgantown, WV • Towson, MD • District of Columbia*

Page 2

in the immediate resolution of this case. A reversal by the Second Circuit would end this matter. An affirmance by the Second Circuit would remove all doubts as to defendant's liability without delay and allow this case to proceed to immediate settlement or trial on damages. The unavailability of an interlocutory appeal could instead require litigation of this case to its conclusion before an ultimate decision on the issue.

The appeal of this case to the Second Circuit also advances the interests of judicial economy. Currently pending before this court are two other matters presenting the same or similar issues:

- *Annie Hofstatter v. Global Credit and Collection Corp.*, Docket No.: 1:15-cv-4449

- *Ruth Roth v. Global Credit and Collection Corp.*, Docket No.: 1:15-cv-6789.

Indeed, both cases involve plaintiffs represented by Mr. Fishbein; both make claims against the same defendant as in the matter at bar; and both, like this matter, are pleaded as putative class actions.

It is respectfully submitted that ruling on these issues by the Second Circuit will bring these similar matters to a more swift conclusion as well. Indeed, as Your Honor is likely aware, litigations of this ilk are common in both this district and the other three districts in New York. It is respectfully submitted that a holding by the Second Circuit on this issue will do a great deal toward clarifying the duties and responsibilities of debt collectors and result in the conclusion of a good number of pending cases and the avoidance of litigation in the future.

For the foregoing reasons, defendant respectfully requests that the court's January 11, 2016 order be amended to include language allowing an immediate petition to the Second Circuit for permission to appeal thereto.

Thanking the court for its time and attention to this matter, I remain,

Very truly yours,

BRADLEY J. LEVIEN (BL-0503)

BJL/nmt
cc: **VIA ECF**
Adam J. Fishbein, Esq.
ADAM J. FISHBEIN, P.C.