**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

February 10, 2016

<u>**VIA ECF**</u>
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE: Halberstam v.Global**
    **15 CV 5696 (BMC)**

Dear Judge Cogan:

I represent the plaintiff in the above matter and am responding to defendant's letter motion of even date.

Defendant's letter is devoid of any argument or issue of law that is in conflict in this Circuit. It is respectfully submitted that this Court's recent order does not and cannot present a conflict within the Circuit since all the courts in this circuit have currently found that telephone calls are "communications" under the FDCPA but more importantly the *Second Circuit has just found in Garfield v. Ocwen Loan Servicing, LLC,* 2016 U.S. App. LEXIS 3, *13 (2d Cir. N.Y. Jan. 4, 2016) that all conversations attempting to collect a debt mandate the Mini Miranda.

There is no dispute that the phone call made in this case were made in an attempt to collect a debt from the plaintiff and additionally, the Second Circuit has already found that communications, for the purposes of obtaining payment from the debtor, are "communications" even if the communication does not discuss the current status of plaintiff's debt or the amount due. Even if it does not explicitly demand payment, it is still a "communication" if the collector's purpose with the communication was an "attempt" at least in part to induce the debtor to pay the debt he allegedly owes.

In *Hart v. FCI Lender Servs.*, 797 F.3d 219, 226, 2015 U.S. App. LEXIS 14087, *15-16 (2d Cir. 2015), the debt collector asserted that the communication did not discuss the current status of plaintiff's debt or the amount due on his loan, nor did it explicitly demand payment from the plaintiff. The Second Circuit stated:

> "Indeed, we see few types of communications as more obviously "in connection with the collection" of debts than **attempts** to collect debts. See, e.g., Caceres v. McCalla Raymer, LLC, 755 F.3d 1299, 1303 (11th Cir. 2014) (concluding that a letter was "an attempt to collect a debt" and therefore a "communication in connection with the collection of a debt"). Moreover, in passing the FDCPA, Congress identified abusive collection

>attempts as primary motivations for the Act's passage. See S. Rep. No. 95-382, at 2. Accordingly, we think that treating an attempt to collect a debt as a communication "in connection with the collection of any debt" easily accords with the plain meaning of the broad statutory language, as well as with the Act's remedial purpose of halting abusive collection practices and giving debtors adequate information about their rights and obligations." (emphasis added)

In addition, the Second Circuit in *Hart* found that despite the fact that the communication does not discuss the current status of plaintiff's debt or the amount due on his loan, nor does it explicitly demand payment from plaintiff, the communication was an attempt to collect the plaintiff's debt. The absence of an explicit payment demand does not take the communication outside the FDCPA. The Second Circuit further noted that when a collector's purpose was "at least in part to induce the debtor to pay the debt they allegedly owe," then the Second Circuit rules it is a 'communication' under the FDCPA.

Therefore, plaintiff respectfully requests that the Court deny the defendant's motion.

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

/s/
Adam J. Fishbein

Cc:  Brandon Wrazen, Esq.