## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

---

HERSCHEL HALBERSTAM on behalf of himself and all other similarly situated consumers,

                        Plaintiff,

-against-

GLOBAL CREDIT & COLLECTION CORP.,

                        Defendant.

Docket #1:15-CV-05696-BMC

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## PURSUANT TO F.R.A.P. 5(a)(3) AND 28 U.S.C. §1292(b)

### BACKGROUND AND PROCEDURAL HISTORY

This case arises out of plaintiff's claim that defendant violated the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692 *et seq.* Plaintiff's complaint is annexed as **Exhibit "A"**. Defendant's answer is annexed as **Exhibit "B"**.

The undisputed facts[1] which form the basis of plaintiff's claim are as follows:

- On October 7, 2014, a representative of defendant placed a telephone call to a phone number on file for plaintiff.

- An unknown person answered the telephone and advised that plaintiff was not in, asking to take a message.

- A message was left, stating in relevant part the name of defendant's representative, his phone number and extension, and that the call was "regarding a personal business matter."

---

[1] These facts are undisputed based on the pleadings, the parties' Memoranda of Law, and the Court's Order, all of which are annexed hereto.

Following a conference with the Court, the parties filed opposing motions for summary judgment. Plaintiff's and defendant's memoranda of law are annexed as **Exhibits "C"** and **"D"** respectively. Plaintiff's and defendant's responsive memoranda of law are annexed as **Exhibits "E"** and **"F"** respectively.

This Court issued an Order (**Exhibit "G"**) on January 11, 2012 (entered January 12, 2012) granting plaintiff's motion for summary judgment and finding liability against defendant for a violation of the FDCPA and simultaneously denying defendant's motion for summary judgment. The Court reasoned that the telephone call at issue was a "communication in connection with the collection of [a] debt" and that the failure to disclose as much in leaving a message violated the FDCPA (15 U.S.C. §1692e). Exhibit "G".

Defendant now moves for an Order pursuant to Federal Rule of Appellate Procedure 5(a)(3) and 28 U.S.C. §1292(b) amending this Court's Order dated January 11, 2016 and entered January 12, 2016 which Order granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment to reflect that the controlling question(s) of law present substantial ground for difference of opinion and the immediate appeal of which may materially advance the ultimate termination of this litigation, and certifying said Order for an immediate petition for permission to appeal.

## ARGUMENT

### I. Legal Standard For Certification for Appeal

A district judge is empowered to certify his own order for a petition for interlocutory review where he is:

> "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation…" 28 U.S.C.A. §1292(b).

Courts have further broken down their analysis into a three-pronged one, requiring the proponent of certification for appeal to show that the underlying order:

1) Concerns a controlling question of law;

2) Presents a substantial ground for difference of opinion; and

3) An immediate appeal may materially advance the ultimate termination of the litigation.

<u>In re: Air Crash at Georgetown, Guyana</u>, 33 F.Supp.3d 139 (E.D.N.Y., 2014). *See also* <u>Casey v. Long Island R.R. Co.</u>, 406 F.3d 142, 146 (2nd Cir., 2005).

## II. The Underlying Order Presents a Controlling Question of Law

As this Court immediately recognized upon a conference, the facts of this case are not ultimately in dispute. The only question is one of law, to wit: whether leaving a message for a third party constitutes a "communication for the purpose of collecting a debt" under the FDCPA so as to require notification of this fact. The Court also recognized that such notification to a third party would itself be a violation of the FDCPA so as to leave the collector with no option other than to decline leaving a message and hang up.

Courts have recognized that "a question of law is 'controlling' if reversal of the district court's order would terminate the action." <u>In re: Air Crash at Georgetown</u>, 33 F.Supp.3d at 155, citing and quoting *<u>Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria</u>*, 921 F.2d 21, 24 (2d Cir., 1990). In the matter at bar,

the district court found in plaintiff's favor on a motion for summary judgment. The opposite finding, that the subject message did not violate the FDCPA, would necessarily result in summary judgment for defendant and terminate this case.

Based on the Court's belief that the message in question was an attempt to collect a debt, this Court found for plaintiff as a matter of law. Had the Court believed otherwise, this Court would have been compelled to find in defendant's favor and dismiss the compliant. Thus, this question of law is the only question controlling the liability aspects of this case. Apart from the question of whether defendant's message violated the FDCPA, the only remaining questions are of damages and potential class certification. These questions necessarily fall into line behind the ultimate question of liability. It is therefore respectfully submitted that the question of whether defendant's communication with the third party at issue violated the FDCPA is a "controlling question of law" under 28 U.S.C. §1292(b).

### III.     There is Substantial Ground for Difference of Opinion

Substantial ground for difference of opinion can exist where "the issues are difficult and of first impression." *Klinghoffer,* 921 F.2d at 25; *In re: Air Crash at Georgetown*, 33 F.Supp.3d at 155. This case certainly fits that definition. The court's underlying Order (Exhibit "G") reflects that no reported case on point was found.

However, this fact alone does not make the issue "substantial." *In re Air Crash at Georgetown*, 33 F.Supp.3d at 155, citing *In re Flor*, 70 F.3d 281 (2d Cir., 1996). Courts have made it clear that a mere difference of opinion, even if it is one of first impression, is insufficient if there is nothing "exceptional" or "substantial" in more than the context of the singular

4

litigation, to support an application for early appellate review. *See, e.g.*, <u>In re Flor</u>, 79 F.3d at 284; <u>Klinghoffer</u>, 921 F.2d at 25; <u>In re Air Crash at Georgetown</u>, 33 F.Supp.3d at 155.

Here, defendant meets the burden of showing that the subject order presents exceptional and substantial questions of law which would benefit from immediate appellate review.

The question presented in this case stands to have a substantial bearing on litigations and potential litigations throughout the country and can have a substantial effect on the operations and practices of debt collectors nationwide. For example, annexed as **Exhibit "H"** is a script provided by defendant to its representatives directing the manner in which messages be left when third parties answer calls made to debtors' phone numbers. This message, according to this court's recent order (Exhibit "G") constitutes a violation of the FDCPA.

Defendant's Executive Vice President, Troy Moffatt, has also provided a Declaration in support of this motion. **Exhibit "I."** Mr. Moffett has over 20 years' experience in the collection industry and explains in his Declaration that defendant's policy of leaving messages like the one at issue is common within the collection industry. *Id.* This Declaration further demonstrates how immediate appellate review is likely of substantial import to litigations, potential litigations, and company business practices across the nation.

Furthermore, annexed hereto as **Exhibit "J"** is the declaration of David G. Peltan, Esq., counsel of record for the defendant. Mr. Peltan, in his declaration, cites to discussions had with the Association of Credit and Collection Professionals (ACA). In those conversations, Mr. Peltan received advice to the effect that it is the standard pattern and practice of many collection companies nationwide to leave telephone messages with third parties when reaching them at debtors' phone numbers. The Court's Order (Exhibit "G") has the potential to affect not only

this litigation; and not only litigations and potential litigations involving this defendant; but litigations and potential litigations against a myriad of collection businesses throughout the country.

Indeed, the ACA has indicated that this question is of sufficiently substantial interest to it that it would be filing an *amicus* brief with the Second Circuit in the event that this court grant certification and the Second Circuit grants a petition for permission to appeal. **Exhibit "K"**.

As demonstrated by Mr. Moffatt, Mr. Peltan and the ACA, the question of law determined by this court is "substantial" as it has the potential to support suits by debtors who have received this message not only in this district but circuit- and nationwide. Further, the order requires defendant and other companies, to avoid future claims, to alter its business practices. Thus, the court's order (Exhibit "G") has far reaching effects beyond this singular case and the question of law controlling the issue at bar is thus sufficiently substantial to merit immediate appellate review.

This court's decision, and ultimately that of the Second Circuit, at the interlocutory stage or otherwise, will have a substantial and exceptional effect on the business practices of all of these companies. All of these companies are in a position of having to potentially change their business practices in light of this court's recent order (Exhibit "G"). Immediate appellate review will provide future guidance to the entire collection industry regarding the permissibility of messages of this ilk.

Immediate appellate review will also be of assistance to the collective attorneys specializing in the representation of FDCPA plaintiffs. It would be expected that based on this court's recent order (Exhibit "G") additional lawsuits of this ilk will be brought in many districts

and circuits throughout the country. Immediate appellate review will provide guidance to the attorneys considering these lawsuits so that they may have further information as to their validity. Immediate appellate review will guide both the plaintiffs' bar and the collection industry and assist them in determining whether such claims and suits should be brought in the first place; should be settled; and/or should be defended.

For all of the foregoing reasons, it is respectfully submitted that the question of law presented in this case and the difference of opinion thereon is substantial in its effect not only on this litigation but on litigation and potential litigation throughout the country. It is therefore respectfully submitted that this Court should certify its Order for immediate appellate review amending its January 11, 2016 Order to reflect that the controlling question(s) of law present substantial ground for difference of opinion and the immediate appeal of which may materially advance the ultimate termination of this litigation.

### IV.     **Immediate Appeal Will Advance the Ultimate Termination of this Litigation**

The Order in question (Exhibit "G") determined "dueling" motions for summary judgment between the parties. This court found in favor of plaintiff. It is axiomatic that a reversal and a holding in favor of defendant will terminate this litigation. As will be explained below, an affirmance upon an appellate determination in favor of plaintiff will also advance the termination of this litigation.

The question of law determined by this court is one of first impression. Indeed, in rendering its order, this court relied primarily on the case of *Hart v. FCI Lender Services, Inc.*, 797 F.3d 219 (2d Cir., 2015). The *Hart* case, while construing what constitutes a

"communication in connection with the collection of [a] debt," dealt with a written correspondence sent to a debtor as opposed to a telephone call as in this case.

As described above, the court's decision has the potential for exceptional and far-reaching effects on defendant's entire business and on the collection industry as a whole. It also has the potential to effect litigations and potential litigations nationwide. It is of such far-reaching effect that a national collection industry group has expressed interest in the appellate review of this decision. Therefore, defendant anticipates that no settlement or other final resolution of this case can be reached without appellate review. Therefore, even affirmance of this court's order (Exhibit "G") will have the effect of accelerating the resolution of this case. Should the order be affirmed by the Second Circuit, either a settlement or an immediate damages trial can ensue.

Summarizing this point, an immediate appeal will undoubtedly have the effect of advancing the termination of this litigation. Reversal will end the litigation. Affirmance will result in settlement or a damages trial in short order. The refusal of appellate review, however, will compel defendant to continue defending this case through a damages trial and then seek final appellate review, thus delaying the ultimate termination of this litigation for some time.

It is therefore respectfully submitted that this Court should certify its Order for immediate appellate review amending its January 11, 2016 Order to reflect that the controlling question(s) of law present substantial ground for difference of opinion and the immediate appeal of which may materially advance the ultimate termination of this litigation.

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that this Court issue and enter an Order pursuant to Federal Rule of Appellate Procedure 5(a)(3) and 28 U.S.C. §1292(b) amending its Order dated January 11, 2016 and entered January 12, 2016 which Order granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment to reflect that the controlling question(s) of law present substantial ground for difference of opinion and the immediate appeal of which may materially advance the ultimate termination of this litigation, and certifying said Order for an immediate petition for permission to appeal.

                                   /s/
                                BRADLEY J. LEVIEN, ESQ. (BL-0503)
                                MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS, LLP
                                Local Counsel for Defendant
                                17 West John Street, Suite 200
                                Hicksville, NY 11801
                                (516) 939-9200
                                File # 007602.000034