UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

HERSCHEL HALBERSTAM, on behalf of
Himself and all other similarly situated consumers,
                                Plaintiff,

                    -against-

GLOBAL CREDIT AND COLLECTION CORP.

                                Defendant

_____

Civil Action No.:

**1:15-CV-05696 BMC**

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR PERMISSION TO APPEAL UNDER FRAP 5(A)(3) AND 28 USC 1292(B)**

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

**Table of Contents**

TABLE OF AUTHORITIES .................................................................................................. 3

BACKGROUND ................................................................................................................... 5

ARGUMENT ......................................................................................................................... 5

    A. Standard of Review .................................................................................................. 10

    B. The Order Did Not Involve a Controlling Question of Law ................................. 12

    C. The Order Granting Plaintiff's MSJ Does Not Present a Substantial Ground for Difference of Opinion; ................................................................................................ 14

    D. Defendant Fails To Show That An Immediate Appeal Would Materially Advance The Ultimate Termination Of The Litigation. ............................................................... 17

CONCLUSION .................................................................................................................... 19

*Halberstam v. Global Credit and Collection Corp.*, No. 15-CV-05696-BMC
Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to for Permission to Appeal Under FRAP 5(a)(3) and 28 USC 1292(b)

2

**TABLE OF AUTHORITIES**

Cases

*Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d at 675 ................................................. 10
*Aspen Ford. Inc. v. Ford Motor Co.*, No. 01-CV-4677, 2008 U.S. Dist. LEXIS 3163, 2008 WL 163695 (E.D.N.Y. Jan. 15, 2008 ...................................................................................... 13
*Bernard L. Madoff Inv. Sec. LLC*, 987 F. Supp. 2d 311 ........................................................ 6, 8, 13
*Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299 (11th Cir. 2014) ............................................ 17
*Capitol Records, LLC v. Vimeo, LLC*, 972 F.Supp.2d 537 (S.D.N.Y. Dec. 31, 2013 ................. 15
*Casey v. Long Island* R.R., 406 F.3d 142 (2d Cir.2005) ............................................................. 10
*Consortium Props., LLC v. Kastrandes* (*In re Food Mgmt. Group, LLC*), 2015 U.S. Dist. LEXIS 8630  (S.D.N.Y. Jan. 23, 2015) ......................................................................................... 7
*Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F.Supp.2d 305 (S.D.N.Y. 2007) ......... 16
*Coopers & Lybrand v. Livesay*, 98 S.Ct. 2454(1978) .................................................................. 19
*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 100 S. Ct. 1460(1980) ................................. 8
*Florio v. City of New York, N.Y.*, No. 06 Civ. 6473(SAS), 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008) ........................................................................................................................ 18
*Frank v. United States*, 78 F.3d 815, 833 (2d Cir.), vacated on other grounds, 521 U.S. 1114, 117 S. Ct. 2501 (1997) ................................................................................................................. 6
*Freeman v. Nat'l Broadcasting Co., Inc.*, No. 85 CIV 3302(LBS), 1993 WL 524858 (S.D.N.Y. Dec. 15, 1993) ...................................................................................................................... 19
*Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784 (WHP), 2013 U.S. Dist. LEXIS 139594, 2013 WL 5405696 (S.D.N.Y. Sept. 17, 2013) ....................................................................... 9
*Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) .................................. 8
*Hart v. FCI Lender Servs.*, 797 F.3d 219, 2015 U.S. App. LEXIS 14087, *15-16 (2d Cir. 2015) ............................................................................................................................................... 17
*In re Adelphia Commc'ns Corp.*, Nos. 02–41729(REG), 07 Civ. 9999(NRB), 2008 WL 361082 (S.D.N.Y. Feb. 7, 2008). ...................................................................................................... 11
*In re Buspirone Patent Litig.*, 210 F.R.D. 43 (S.D.N.Y. 2002) ..................................................... 9
*In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524 (S.D.N.Y. 2014) ...... 6, 9
*In re Flor*, 79 F.3d 281 (2d Cir. 1996) ........................................................................................ 16
*In re Vitamin C Antitrust Litig.*, 2012 U.S. Dist. LEXIS 1647, 2012-1 Trade Cas. (CCH) P77, 805, 2012 WL 425234 (E.D.N.Y. Feb. 8, 2012) ................................................................. 10
*In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007 .......... 9, 12
*In re Worldcom*, 2003 WL 21498904 (S.D.N.Y. June 30, 2003) ................................................ 13
*Klinghoffer v. S.N.C. Achille Lauro Ed Altri—Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21 (2d Cir. 1990) ........................................... passim
*Knipe v. Skinner,* 999 F.2d 708, 711 (2d Cir. 1993). .................................................................... 5
*Koehler v. Bank of Bermuda LTD*, 101 F.3d 863 (2d Cir. 1996) ......................................... 8, 9, 12
*Lidle v. Cirrus Design Corp.*, No. 08 Civ. 1253 (BSJ) (HBP), 2010 U.S. Dist. LEXIS 115478, 2010 WL 4345733 (S.D.N.Y. Oct. 29, 2010) ........................................................................ 9
*Linde v. Arab Bank, PLC*, 97 F. Supp. 3d 287  2015 U.S. Dist. LEXIS 45903 ............................. 8
*McNeil v. Aguilos*, 820 F.Supp. 77 (S.D.N.Y. 1993) .................................................................. 11

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F.Supp.2d 139 (E.D.N.Y.1999)... 10
*Picard v. Katz*, No. 11-CV-3605, 466 B.R. 208, 2012 U.S. Dist. LEXIS 5143, 2012 WL 127397 (S.D.N.Y. Jan. 17, 2012)................................................................................................. 12
*Pinks v. M&T Bank Corp.*, 2015 U.S. Dist. LEXIS 155776 (S.D.N.Y. Nov. 18, 2015) ................ 9
*Primavera Familienstifung v. Askin,* 139 F.Supp.2d 567 (S.D.N.Y.2001) .................................. 15
*S.E.C. v. Credit Bancorp. Ltd.,* 103 F. Supp. 2d 223 (S.D.N.Y. 2000) ............................ 12, 14, 19
*S.E.C. v. Gruss*, No. 11 Civ. 2420, 2012 WL 3306166 (S.D.N.Y. Aug. 13, 2012)...................... 19
*S.E.C. v. Straub*, No. 11 Civ. 9645 (RJS), 2013 U.S. Dist. LEXIS 116483, 2013 WL 4399042 (S.D.N.Y. Aug. 5, 2013) ............................................................................................................ 9
*Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir.2009)................ 16
*Storms v. United States*, 2015 U.S. Dist. LEXIS 157615 (E.D.N.Y. Nov. 20, 2015) .................... 7
*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170 (S.D.N.Y. 1987). ................. 8
*Transp. Workers Union of Am., Local 100 v. NYC Transit Auth.*, 358 F.Supp.2d 347 (S.D.N.Y.2005) ................................................................................................................ 11, 21
*United States v. Zannino*, 895 F.2d 1 (1st Cir. 1990); ................................................................... 5
*Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F.Supp.2d 488 (S.D.N.Y.2001 ....................... 11
*Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992), ........... 9

**Statutes**

28 U.S.C. § 1292(b) ............................................................................................................... passim

**Rules**

Federal Rule of Appellate Procedure (a)(3) ................................................................................... 5

**BACKGROUND**

On January 12, 2016, Judge Cogan granted Summary Judgement for the Plaintiff. On February 25, 2016 Defendant filed a motion for permission to appeal under FRAP(a)(3) and 28 USC 1292(b). Plaintiff respectfully submits the following memorandum of law in opposition to defendant's motion.

**ARGUMENT**

A party cannot petition for appeal unless the district court first enters an order granting permission to do so. In very rare exceptional circumstances when the necessary conditions are met, the district court may amend its order, either on its own, or in response to a party's motion, to include the required permission or statement and the time to petition runs from entry of the amended order. Defendant's lack of case law and legal analysis in its summary judgment motion as well as its motion to certify this issue for appeal is insufficient to provide any substantial grounds for a difference of opinion. The legal issues in defendant's briefs are adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation and case law, therefore they are deemed waived. See, *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990); *Knipe v. Skinner,* 999 F.2d 708, 711 (2d Cir. 1993). Defendant will no doubt, try to make some new arguments on appeal (if the defendant were to appeal when judgment has been entered), despite that arguments may not be made for the first time on appeal. To the extent that the Court needs to decide if the defendant has met the legal standard for obtaining leave to appeal, the defendant bares this burden and would need to make some type of argument.

At the bare minimum, the Court would need to identify in Defendant's motion for summary judgment, as well as Defendant's motion to certify this issue for appeal, some argument that

*Halberstam v. Global Credit and Collection Corp., No. 15-CV-05696-BMC*
Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to for Permission
to Appeal Under FRAP 5(a)(3) and 28 USC 1292(b)
5

"involves a controlling question of law," and "as to which there is substantial ground for difference of opinion." Yet, to meet that standard or preserve these arguments for appeal a litigant must "state the issue and advance an argument." *Frank v. United States*, 78 F.3d 815, 833 (2d Cir.), vacated on other grounds, 521 U.S. 1114, 117 S. Ct. 2501 (1997). Defendant has put forth neither an argument that "involves a controlling question of law," nor "as to which there is substantial ground for difference of opinion." Furthermore, defendant fails to `"state the issue and advance an argument," nor has defendant shown any controlling question of law, despite defendant's multiple opportunities to do so.

According to local authority, a substantial ground for difference of opinion exists when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Facebook, Inc., IPO Sec. & Derivative Litig.,* 986 F. Supp. 2d 524, 539-40 (S.D.N.Y. 2014) *(Sweet, J.)* (internal quotation marks omitted). "The Second Circuit cautions that in applying these criteria, 'only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of judgment.'" *Bernard L. Madoff Inv. Sec. LLC*, 987 F. Supp. 2d at 311 (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri—Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990)).

In sum, Defendant has not shown that there is conflicting authority on the issue nor has defendant shown that the issue is particularly difficult, and of first impression for the Second Circuit. Defendant has not shown any substantial controlling question of law; has not raised any substantial or conflicting authority in their summary judgment submissions, nor has defendant mentioned any conflicting authority in its motion to certify this issue for appeal. A motion to certify

issue for appeal is not the appropriate mechanism to attempt a second chance at defendant's failed perfunctory summary judgment motion. Defendant cannot treat this exercise as a vehicle for advancing new facts, new theories or new arguments that were not previously called to the Court's attention. Having missed its opportunity at the motion for summary judgment stage, defendant is foreclosed from raising any new arguments. Most importantly, defendant's brief failed to cite any conflicting authority, nor does defendant cite to any authority that the issue is particularly difficult or of first impression. However, plaintiff has cited to a plethora of persuasive as well as controlling case law in its summary judgment submissions as well as in plaintiff's response to defendant's application for leave to make the within motion.[1]

Defendant's memorandum of law essentially proves that the Court's decision granting plaintiff's motion for summary judgment does not present a controlling question of law, specifically the defendant's main argument for making a motion pursuant to F.R.A.P. 5(a)(3) and 28 U.S.C. §1292(b) is based on the Court's opining that the message in question was an attempt to collect a debt which this Court found for plaintiff as a matter of law. Defendant argues that had the Court held otherwise, this Court would have been compelled to find in defendant's favor and dismiss the complaint. Thus, this question of law is the only question controlling the liability aspects of this case.

---

[1] *Storms v. United States*, 2015 U.S. Dist. LEXIS 157615, *34-35 (E.D.N.Y. Nov. 20, 2015); ("Here, Plaintiffs have failed to establish that the three § 1292(b) factors support certification of an interlocutory appeal... Plaintiffs have also failed to establish that there is a substantial ground for a difference of opinion ... Plaintiffs assert the same arguments made in support of their motion ...However, Plaintiffs point to no case law reaching these conclusions. Indeed ... courts have reached the opposite conclusion."); *Consortium Props., LLC v. Kastrandes* (*In re Food Mgmt. Group, LLC*), 2015 U.S. Dist. LEXIS 8630, *12 (S.D.N.Y. Jan. 23, 2015) (Defendant cited no case law and therefore and they did not demonstrate a substantial ground for a difference of opinion on the issue).

Global Credit & Collection Corp. does not dispute that it placed the call as an attempt to collect a debt from the debtor. It is therefore impossible for this Court or anyone else to believe that the call was not an attempt to collect the debt.

The criteria for certification for appeal under § 1292(b) are that the district judge "be of the opinion" (i) that the "order involves a controlling question of law as to which there is a substantial ground for difference of opinion," and (ii) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Second Circuit has cautioned that in applying these criteria, "it continues to be true that only 'exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of judgment.'" *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 516 B.R. 18, 25, 2014 U.S. Dist. LEXIS 104277, *23, 2014 WL 3739571 (S.D.N.Y. 2014) (quoting *Klinghoffer,* 921 F.2d at 25).[2]

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda LTD*, 101 F.3d 863, 865 (2d Cir. 1996). In that regard, "federal practice strongly disfavors discretionary interlocutory appeals [as they] prolong judicial

---

[2] *Linde v. Arab Bank, PLC*, 97 F. Supp. 3d 287, 350, 2015 U.S. Dist. LEXIS 45903, *193, 97 Fed. R. Evid. Serv. (Callaghan) 182 (E.D.N.Y. 2015) (Cogan,J.) "§ 1292(b)'s legislative history reveals that although that law was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals . . . . [§ 1292(b)] is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996). Accordingly there is an "historic federal policy against piecemeal appeals," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 1465, 64 L. Ed. 2d 1 (1980), and certification is only warranted in "exceptional cases." *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y. 1987). Indeed, the Second Circuit has held that [i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case. *Harriscom Svenska AB v. Harris Corp*., 947 F.2d 627, 631 (2d Cir. 1991).

*Halberstam v. Global Credit and Collection Corp., No. 15-CV-05696-BMC*
Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to for Permission to Appeal Under FRAP 5(a)(3) and 28 USC 1292(b)

8

proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *S.E.C. v. Straub*, No. 11 Civ. 9645 (RJS), 2013 U.S. Dist. LEXIS 116483, 2013 WL 4399042, at *2 (S.D.N.Y. Aug. 5, 2013).[3]

"§ 1292(b) was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary jurisdiction, or to be a vehicle to provide early review of difficult rulings in hard cases." *Lidle v. Cirrus Design Corp.*, No. 08 Civ. 1253 (BSJ) (HBP), 2010 U.S. Dist. LEXIS 115478, 2010 WL 4345733, at *2 (S.D.N.Y. Oct. 29, 2010) (internal quotation marks omitted). Following that principle, a district court should "exercise great care in making a §1292(b) certification," *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992), and only grant a motion for certification in "exceptional cases where early appellate review might avoid protracted and expensive litigation," *In re Buspirone Patent Litig.,* 210 F.R.D. 43, 49 (S.D.N.Y. 2002) (internal quotation marks omitted). "[E]ven where the three legislative criteria of [§ 1292(b)] appear to be met, district courts retain unfettered discretion to deny certification if other factors counsel against it." *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, No. 12 Civ. 2389 (RWS), 986 F. Supp. 2d 524 (S.D.N.Y. Mar. 13, 2014); *Pinks v. M&T Bank Corp.*, 2015 U.S. Dist. LEXIS 155776, *2-3 (S.D.N.Y. Nov. 18, 2015) "Not every order that satisfies this standard, however, should be certified. Determination of when certification should be granted, assuming satisfaction of the §1292(b) criteria, is committed to the discretion of the district court." This proposition is established by a large body of case law and literature that has been most

---

[3] See also, *Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784 (WHP), 2013 U.S. Dist. LEXIS 139594, 2013 WL 5405696, at *1 (S.D.N.Y. Sept. 17, 2013)("Interlocutory appeals are strongly disfavored in federal practice"); *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007).

*Halberstam v. Global Credit and Collection Corp., No. 15-CV-05696-BMC*
Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to for Permission
to Appeal Under FRAP 5(a)(3) and 28 USC 1292(b)

9

helpfully summarized by Judge Weinstein in *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F.Supp.2d 139, 161-66 (E.D.N.Y.1999). [4]

### A. Standard of Review

"§1292(b) allows a litigant to take an interlocutory appeal from a district court's order when: 1.) the order "involves a controlling question of law"; 2.) "there is substantial ground for difference of opinion" on this question of law; and 3.) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). *In re Vitamin C Antitrust Litig., 2012 U.S. Dist. LEXIS 16475, *6-8, 2012-1 Trade Cas. (CCH) P77, 805, 2012 WL 425234 (E.D.N.Y. Feb. 8, 2012)*(Cogan,J.)

The proponents of an appeal have the burden of showing that all three of the substantive criteria are met. See, *Casey v. Long Island* R.R., 406 F.3d 142, 146 (2d Cir.2005). "Unless all these criteria are satisfied, the district court may not and should not certify its order . . . for an immediate appeal under § 1292(b)." *Ahrenholz*, 219 F.3d at 675 (emphasis original).

"These three prerequisites create a significant hurdle to certification, and the barrier is only elevated by the mandate that § 1292(b) be 'strictly limited' because 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until

---

[4] See also, *Koehler*, 101 F.3d at 865 ("allows for an appeal from an otherwise unappealable interlocutory order upon consent of both the district court and the court of appeals"); *Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1344 (2d Cir.1972) ("Congress plainly intended that an appeal under § 1292(b) should lie only when the district court and the court of appeals agreed on its propriety. It would wholly frustrate this scheme if the court of appeals could coerce decision by the district judge."), abrogated on other grounds by *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S.247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010)*; D'Ippolito v. Cities Serv. Co.*, 374 F.2d 643, 649 (2d Cir.1967) ("[W]e cannot conceive that we would ever mandamus a district judge to certify an appeal under 28 U.S.C. § 1292(b) in plain violation of the Congressional purpose that such appeals should be heard only when both the courts concerned so desire."); *Hirsch v. Bruchhausen*, 284 F.2d 783, 786 (2d Cir.1960) ("[W]e have no right or desire to control the trial judge's exercise of discretion in denying leave for an interlocutory appeal.").") *Transp. Workers Union of Am., Local 100 v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y Feb. 25, 2005).

after the entry of a final judgment.' " *McNeil v. Aguilos*, 820 F.Supp. 77, 79 (S.D.N.Y.1993) (Sotomayor, J.).

"[E]ven where the three legislative criteria of § 1292(b) appear to be met, district courts retain 'unfettered discretion to deny certification' if other factors counsel against it." *Transp. Workers Union of Am., Local 100 v. NYC Transit Auth.*, 358 F.Supp.2d 347, 351 (S.D.N.Y.2005) (internal citations omitted). Such unfettered discretion can be for "any reason, including docket congestion" and "the system-wide costs and benefits of allowing the appeal," *Klinghoffer,* 921 F.2d at 24.

The Second Circuit has noted that "interlocutory appeals are strongly disfavored in federal practice," and movants cannot invoke the appellate process "as a vehicle to provide early review [even] of difficult rulings in hard cases," *In re Adelphia Commc'ns Corp.,* Nos. 02–41729(REG), 07 Civ. 9999(NRB), 2008 WL 361082, at *1 (S.D.N.Y. Feb. 7, 2008). District Courts must accordingly exercise great care in making a § 1292(b) certification, ensuring that § 1292(b) be strictly construed, *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F.Supp.2d 488, 491–92 (S.D.N.Y.2001).[5]

This statute provides an exception to the final judgment rule, which normally prevents a litigant from bringing piecemeal appeals. See, e.g., *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Because piecemeal appeals tend to prolong judicial proceedings, burden appellate courts, and place additional expenses on litigants, relief under § 1292(b) is strongly

---

[5] See also, *In re Ambac Fin. Grp. Sec. Litig.*, 693 F.Supp.2d 241, 282 (S.D.N.Y.2010) (certification of a non-final order pursuant to 28 U.S.C. § 1292(b) is an extraordinary procedure only granted in "exceptional circumstances."); *Lidle v. Cirrus Design Corp.,* No. 08 Cv. 1253(BSJ)(HBP), 2010 WL 4345733, at *1 (S.D.N.Y. Oct. 29, 2010) ("[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law.... [o]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

*Halberstam v. Global Credit and Collection Corp., No. 15-CV-05696-BMC*
Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to for Permission to Appeal Under FRAP 5(a)(3) and 28 USC 1292(b)

11

disfavored and should be granted only when a district courts finds that an appeal is likely to reduce these concerns by shortening the litigation. See id. at 866; *In re World Trade Ctr. Disaster Site Litig*., 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007).

Relief under § 1292(b) is so exceptional that a district judge has "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met." *Picard v. Katz*, No. 11-CV-3605, 466 B.R. 208, 2012 U.S. Dist. LEXIS 5143, 2012 WL 127397, at *2 (S.D.N.Y. Jan. 17, 2012).

### B. The Order Did Not Involve a Controlling Question of Law

A question of law is considered "controlling" if reversal of the order could result in dismissal of the action or could "significantly affect the conduct of the action." *S.E.C. v. Credit Bancorp. Ltd.,* 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (hereinafter *Credit Bancorp II* ). [6]

As previously noted, "[q]uestions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b)." *Freeman v. Nat'l Broadcasting Co., Inc*., No. 85 CIV 3302(LBS), 1993 WL 524858, at *1 (S.D.N.Y. Dec. 15, 1993); [7]

---

[6] See, 28 U.S.C. § 1292(b). "In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." *Primavera Familienstifung v. Askin*, 139 F.Supp.2d 567, 570 (S.D.N.Y.2001).

[7] See also *Abortion Rights*, 552 F.Supp. at 366; see also *Benfield v. Mocatta Metals Corp.*, 91 Civ. 8255(LJF), 1993 WL 148978, at *7 (S.D.N.Y. May 5, 1993) (determination of when statute of limitations accrued involved application of the appropriate legal standard to the facts alleged and did not involve a controlling question of law). "Similarly, mixed questions of law and fact are not appropriate for certification under § 1292(b)." *Freeman*, 1993 WL 524858, at *2; see also *Century Pac., Inc. v. Hilton Hotels Corp*., 574 F.Supp.2d 369, 371–72 (S.D.N.Y.2008) (denying certification pursuant to § 1292(b) when the question "would require the Court of Appeals to consider mixed questions of law and fact"); *SEC v. First Jersey Sec., Inc.,* 587 F.Supp. 535, 536 (S.D.N.Y.1984) (motion for certification denied because "appeal would necessarily present a mixed question of law and fact"); *Weisman v. Darneille*, 78 F.R.D. 671, 674 (S.D.N.Y.1978) (certification inappropriate since basis of court's order involved mixed questions of law and fact); *Stone v. Patchett*, No. 08 CV 5171(RPP), 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009) ("[T]he questions

*Halberstam v. Global Credit and Collection Corp., No. 15-CV-05696-BMC*
Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to for Permission to Appeal Under FRAP 5(a)(3) and 28 USC 1292(b)

12

As a threshold matter, Defendant does not present any "pure" question of law that the Second Circuit could not answer "quickly and clearly without having to study the record." *Gruss*, 2012 WL 3306166, at *2 (internal quotation marks omitted). Although technically the question of whether there is a controlling issue of law is distinct from the question of "whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected." *Credit Bancorp II*, 103 F.Supp.2d at 227.[8] Defendant contends that immediate review is warranted because the Opinion is likely to have widespread effects on the collection industry. Defendant contends that review is necessary in order to ease any uncertainty regarding any inconsistencies between the Opinion and the current trade practices of the debt-collection industry.

Precedential value is not "per se sufficient to meet the 'controlling issue of law' standard." *Credit Bancorp II*, 103 F.Supp.2d at 227.[9] The "impact that an appeal will have on other cases is a factor" that may be considered, but it is not and need not be the decisive factor. *Klinghoffer*, 921 F.2d at 24. The law is well settled in this district and the contention that the Order will have extreme precedential effects is unsupported. While the Order will have some precedential value, this is true for all opinions. Nonetheless, the facts of this case are highly unique. The holdings in the Order were narrow, and Defendant cited no evidence to support their suggestion that the debt-collection

---

presented for interlocutory appeal by plaintiffs would require the Second Circuit to review this Court's application of the law to the facts presented by the parties. Under these circumstances, such questions do not present issues of pure law and therefore are not appropriate for interlocutory review."). "The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." Mills v. Everest Reins. Co., 771 F.Supp.2d 270, 275–76 (S.D.N.Y.2009).

[8] See, P*ublic Interest Research Group of New Jersey, Inc. v. Hercules, Inc*., 830 F.Supp. 1549, 1557 (D.N.J.1993); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (1996)).

[9] (citing *Klinghoffer*, 921 F.2d at 24 (observing that precedential value is factor to be taken into account but is not requirement); *Oxford*, 182 F.R.D. at 54 (observing that some district courts have held that precedential value alone renders issue "controlling" but disagreeing with that view and holding it to be only a factor)).

*Halberstam v. Global Credit and Collection Corp., No. 15-CV-05696-BMC*
Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to for Permission
to Appeal Under FRAP 5(a)(3) and 28 USC 1292(b)
13

has been or will be disrupted by the Opinion. In addition it is well known in this district that all the courts have followed *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006) yet the *Foti* court specifically found that voicemail messages are communications under the FDCPA only because *West v. Nationwide Credit*, 998 F. Supp. 642 (W.D.N.C. 1998) already found that a message left with a third party is a "communication" under the FDCPA.

Defendant's second contention is similarly unpersuasive as to the scale of the decision's precedential impact. In any case, Defendant's assertion that its conduct was "industry practice" is false and it is highly fact-intensive, see id., and is not a basis for establishing a controlling question of law.

The defendant's motion for summary judgment lacked any substantial authority and the issues raised by Defendant are a poor attempt at repeating the poor arguments Defendant unsuccessfully raised in its motion, and a motion for certification of an interlocutory appeal may not be used to simply "repeat arguments made in [a prior] motion." *Gruss*, 2012 WL 3306166, at *4. *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 381 F.3d 717, 728 (7th Cir.2004) (interlocutory appeal is not intended as a "second bite at the apple" that allows the moving party to reargue issues that the court has already addressed and rejected) Regardless, Defendant fails to satisfy the required elements under § 1292(b).

**C. The Order Granting Plaintiff's Motion for Summary Judgment Does Not Present a Substantial Ground for Difference of Opinion;**

A substantial ground for difference of opinion exists when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second

*Halberstam v. Global Credit and Collection Corp., No. 15-CV-05696-BMC*
Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to for Permission
to Appeal Under FRAP 5(a)(3) and 28 USC 1292(b)

14

Circuit." *Capitol Records, LLC v. Vimeo, LLC*, 972 F.Supp.2d 537, 551, (S.D.N.Y. Dec. 31, 2013).[10]

Defendant argues that the interlocutory appeal is appropriate because the FDCPA claim raises a question of first impression. However, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). Instead, "[i]t is the duty of the district judge ...to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." Id. While Plaintiff's argument may be a question of first impression, it is not a "particularly difficult" issue constituting of "exceptional circumstances" for certification for an interlocutory appeal. See, *Consub Del. LLC,* 476 F. Supp. 2d at 309; *Klinghoffer*, 921 F.2d at 25.

The standard is met when a party seeking certification persuasively shows there is "genuine doubt as to whether the district court applied the correct legal standard in its order." *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F.Supp.2d 305, 309 (S.D.N.Y.2007), aff'd,543 F.3d 104 (2d Cir.2008), abrogated in part on other grounds by *Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir.2009). Where the decision under review is in conflict with other decisions within the same district substantial ground for difference of opinion may exist. [11]

---

[10] "A substantial ground for difference of opinion "arise[s] out of a genuine doubt as to whether the ... court applied the correct legal standard," such as if there is "conflicting authority" or if the issue is "particularly difficult and of first impression" in the jurisdiction." *Consub Del. LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007)* (internal quotation marks omitted); see also *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 539-40 (S.D.N.Y. 2014).

[11] See, e.g., *Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784(WHP), 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013) ("[I]ntra-district split and decisions from other circuits show a substantial basis exists for difference of opinion"); *Gulino v. Board of Educ. of City School Dist. of City of New York*, 907 F.Supp.2d 492, 526 (S.D.N.Y.2012) (same).

*Halberstam v. Global Credit and Collection Corp., No. 15-CV-05696-BMC*
Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to for Permission to Appeal Under FRAP 5(a)(3) and 28 USC 1292(b)

15

This Court's recent decision does not and cannot present a conflict within the Circuit since all the courts in this Circuit have currently found that telephone calls are "communications" under the FDCPA but more importantly the *S*econd Circuit has just found in *Garfield v. Ocwen Loan Servicing, LLC,* 2016 U.S. App. LEXIS 3, *13 (2d Cir. N.Y. Jan. 4, 2016) that all conversations attempting to collect a debt mandate the Mini Miranda.

There is no dispute that the phone call made in this case was made in an attempt to collect a debt from the plaintiff and additionally, the Second Circuit has already found that communications, for the purposes of obtaining payment from the debtor, are "communications" even if the communication does not discuss the current status of plaintiff's debt or the amount due. Even if the message does not explicitly demand payment, the message is still a "communication" if the collector's purpose with the communication was an "attempt" at least in part to induce the debtor to pay the debt he allegedly owes.

In *Hart v. FCI Lender Servs.*, 797 F.3d 219, 226, 2015 U.S. App. LEXIS 14087, *15-16 (2d Cir. 2015), the debt collector asserted that because the communication did not discuss the current status of plaintiff's debt, nor the amount due on his loan, nor did it explicitly demand payment from the plaintiff, that the communication was not an attempt to collect a debt. The Second Circuit stated:

> "Indeed, we see few types of communications as more obviously "in connection with the collection" of debts than **attempts to collect debts**. See, e.g., *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014) (concluding that a letter was "an attempt to collect a debt" and therefore a "communication in connection with the collection of a debt"). Moreover, in passing the FDCPA, Congress identified abusive collection attempts as primary motivations for the Act's passage. See S. Rep. No. 95-382, at 2. Accordingly, we think that treating an attempt to collect a debt as a communication "in connection with the collection of any debt" easily accords with the plain meaning of the broad statutory language, as well as with the Act's remedial purpose of halting abusive collection practices and

giving debtors adequate information about their rights and obligations." (emphasis added)

In addition, the Second Circuit in *Hart* held that despite the fact that the communication does not discuss the current status of plaintiff's debt, nor the amount due on his loan, nor does it explicitly demand payment from plaintiff, the communication was nonetheless an attempt to collect the plaintiff's debt. The absence of an explicit payment demand does not take the communication outside the FDCPA. The Second Circuit further noted that when a collector's purpose was "at least in part to induce the debtor to pay the debt they allegedly owe," then the Second Circuit rules it is a 'communication' under the FDCPA. As such, it is undisputed that the 'communication' as defined by the FDCPA was therefore an attempt to collect a debt as a matter of law.

### D. Defendant Fails To Show That An Immediate Appeal Would Materially Advance The Ultimate Termination Of The Litigation.

Although the last of the three factors for 1292(b) certification for interlocutory appeal, "[c]ourts place particular weight on ... whether immediate appeal will materially advance the ultimate termination of the litigation." *Florio v. City of New York, N.Y.*, No. 06 Civ. 6473(SAS), 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008);[12] Defendant's motion does not meet this factor.

Defendant contends that § 1292(b) certification will materially advance the ultimate termination of the litigation: 1) an interlocutory appeal may allow this case to be dismissed on

---

[12] see also, *Koehler v. Bank of Bermuda, Ltd.,* 101 F.3d 863, 865–66 (2d Cir.1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."); *Lerner v. Millenco, L.P.*, 23; F.Supp.2d 345, 347 (S.D.N.Y.1998) ("The Court of Appeals has emphasized the importance of the third consideration in determining the propriety of an interlocutory appeal."). See Also, *Transp. Workers*, 358 F.Supp.2d at 350; "An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.' " *Florio*, 2008 WL 3068247, *4).

threshold legal issues based on a reversal of the Order; 2) Interlocutory appeal of a controlling question of law is particularly appropriate in FDCPA litigation; and 3) this case stands to have a substantial bearing on litigations and potential litigations throughout the country and can have a substantial effect on the operations and practices of debt collectors nationwide.

As an initial matter, this is not an "exceptional" case. Defendant's motion consists of vauge assertions and arguments rejected in their Memorandum in support of Summary Judgement. While Defendant contends that certification of interlocutory appeal may allow the present case to be dismissed, obtaining reversal of an opinion granting a motion for summary judgement will always contain the possibility of a dismissal and is not an "exceptional circumstance" that "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 98 S.Ct. 2454(1978).

"The institutional efficiency of the federal court system is among the chief concerns underlying § 1292(b)." *Credit Bancorp II.* 103 F.Supp.2d at 227. Interlocutory review for such cases often involves disagreements not on the applicable law but "whether the court's application of the decided and governing case law to the relevant facts is appropriate.... [S]uch issues were [not] intended for certification under § 1292." See, *Abortion Rights*, 552 F.Supp. at 366.[13]

In the Second Circuit, interlocutory review is strictly reserved for exceptional cases and is especially rare phenomenon.

Defendant's contention that its conduct overlaps with issues that are likely to arise in pending FDCPA actions has no bearing on whether appeal of the present case "materially advance

---

[13] *Narragansett Elec. Co. v. American Home Assur. Co.*, 921 F.Supp.2d 166, 196 (S.D.N.Y.2013); *In re Adelphia Commc'ns Corp.*, No. 06 CIV 4983(JGK), 2008 WL 5453738, at *1 (S.D.N.Y. Dec. 31, 2008).

the ultimate termination of the litigation." While issues in the FDCPA actions may overlap with the other pending actions against Defendant, no reason is given as to how any inefficiencies may arise even if the Second Circuit exercises pendant jurisdiction over such actions. Such inefficiencies are insufficient to meet the third prong of § 1292(b), as defendant cites neither an "exceptional circumstance" that justifies interlocutory review, nor an issue that would "materially advance the ultimate termination of the litigation."

In sum, certification of the Defendant's motion for interlocutory appeal would impede judicial efficiency. *Koehler*, 101 F.3d at 865 ("it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."). Given judicial economy considerations, Defendant fails to show "exceptional circumstances" "justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Transp. Workers Union v. N.Y. City Transit Auth.*, 05–8005–mv (2d Cir. Mar. 8, 2006) (unpublished order) (alterations in original) (citations and quotations omitted).

**CONCLUSION**

It is undisputed that the collector's message was an attempt to collect a debt. Defendant presents no case law, no legislative history, and no other persuasive or controlling authority to support any of its arguments. Finally, none of criteria for certification for appeal under § 1292(b) are met. Based upon the conclusions set forth above, Plaintiff respectfully requests that Defendant's motion for permission to appeal under FRAP 5(a)(3) and 28 USC 1292(b) be denied.

Respectfully submitted,

/s/ Adam J. Fishbein

                                                          _____

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

*Halberstam v. Global Credit and Collection Corp., No. 15-CV-05696-BMC*
Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to for Permission to Appeal Under FRAP 5(a)(3) and 28 USC 1292(b)