*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF NEW YORK*

--------------------------------------------------------------------------------------

HERSCHEL HALBERSTAM on behalf of himself and all other
similarly situated consumers,

**Docket #1:15-CV-05696-BMC**

Plaintiff,

-against-

GLOBAL CREDIT & COLLECTION CORP.,

Defendant.

--------------------------------------------------------------------------------------

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION
## PURSUANT TO F.R.A.P. 5(a)(3) AND 28 U.S.C. §1292(b)

## PRELIMINARY STATEMENT

This Memorandum is submitted in further support of defendant's motion for an Order certifying this Court's Order dated January 11, 2016 and entered January 12, 2016 for an immediate petition for permission to appeal to the Second Circuit Court of Appeals. This Memorandum is further submitted in reply to the Memorandum of Law in opposition to the subject motion of Adam J. Fishbein, Esq. filed March 17, 2016.

The volume of Mr. Fishbein's Memorandum of Law belies the lack of persuasive argument therein. Plaintiff begins with an exhaustive discussion of the standard of review, the standards controlling interlocutory appeal and the facts of this case, even though these facts and standards are undisputed. It is not until page 12 of his 19 page Memorandum that Mr. Fishbein actually reaches the issues at bar. Even then, he does not present any persuasive argument in opposition to the motion.

## ARGUMENT

### I.    The Order at Issue Contains a Controlling Question of Law

#### A.    The Order at Issue Turns on a "Pure" Question of Law

Plaintiff encourages the Court to deny the subject motion based on an argument that the question of law at bar is not "pure." Plaintiff argues that for a case to be eligible for certification it must present a question that can be "quickly and clearly [answered] without [the Appellate Court] having to study the record." Fishbein Memorandum at 13, *citing and quoting* <u>S.E.C. v. Gruss</u>, 2012 WL 3306166 at p. 2.

Applying the standard that Mr. Fishbein encourages, this case is most certainly one in which certification should be granted. The facts are not only not in dispute, but they are essentially irrelevant. This court summarized the legal issue in a single sentence at the very beginning of its January 11, 2016 Memorandum Decision and Order. The issue was framed as follows:

> "[W]hether a debt collector, whose telephone call to a debtor is answered by a third-party, may leave his name and number for the debtor to return the call, without disclosing that he is a debt collector…." Exhibit "G" to defendant's principal Memorandum.

The Second Circuit need not study the record any further than the first page of this Court's Order in order to ascertain the legal issue in question and begin its deliberations. This argument by the plaintiff, ostensibly in opposition to the motion, therefore actually demonstrates why this motion should be granted.

The core question is whether a message containing a simple name and number is a "communication". Defendant posits that it is not. This is a "pure" and simple question of law

that can simply and should immediately be determined by the Second Circuit. Defendant further contends that there is ample precedent that defendant's position is correct. *See, e.g., Koby v. ARS National Services, Inc.,* 2010 WL 1438763 (S.D.Cal., 2010) (Finding a message containing just a name and request for a return call to be not a communication and thus non-violative.).

### B. The Order at Issue Turns on a Controlling Issue of Law

Although plaintiff's opposition Memorandum contains a subsection heading claiming that the Order "did not involve a controlling question of law," no such argument is made in that portion of the memorandum. The Memorandum morphs into a discussion regarding advancement of the termination of the litigation and the "purity" of the question of law. It is respectfully submitted that the purity of the question has already been established.

The Fishbein Memorandum then goes on to discuss certain things which do not, in and of themselves, rise to the level to merit certification, such as precedential value and the impact on other cases. See Fishbein Memorandum at page 13, *citing Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21 (2d Cir., 1990); *S.E.C. v. Credit Bancorp II,* 103 F. Sup. 2d 223 (S.D.N.Y. 2000).

While there are a whole host of findings which do not *per se* require certification, what plaintiff *de facto* admits by presenting this argument is that defendant has established <u>several</u> grounds for certification. While none of these grounds alone meets the threshold, the cumulative effect of these factors meets the three-pronged threshold to merit certification.

It is respectfully submitted that defendant has demonstrated, and plaintiff has not refuted, that the subject order:

1)      Concerns a controlling question of law;

2) Presents a substantial ground for difference of opinion; and

3) An immediate appeal may materially advance the ultimate termination of the litigation.

It is therefore respectfully submitted that certification for an immediate appeal is appropriate. *In re: Air Crash at Georgetown, Guyana*, 33 F.Supp.3d 139 (E.D.N.Y., 2014). *See also Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2nd Cir., 2005).

## II.     The Underlying Order Presents a Substantial Ground for Difference of Opinion

Plaintiff argues that "the mere presence of disputed issue… of first impression" is insufficient to satisfy this prong of the test. Fishbein Memorandum at 15, citing *In Re Flor*, 79 F.3d 281 (2nd Department, 1996). However, in making that statement, plaintiff once again ignores the many other factors present in this case and ignores the fact that it is not the "mere presence" of an issue of first impression that forms the basis of this motion.

Indeed, the *Flor* case specifically authorizes the district judge to make a determination that a case of first impression presents substantial grounds for dispute and thus merits an immediate appeal. *Flor*, 79 F. 3d at 284. Here, this substantial ground for dispute has been established by movant in the form of extensive extrinsic evidence demonstrating that messages of the type at issue a substantial dispute therefore exists between the collection industry as a whole and those who would argue that these messages violate the Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq.*).

The Second Circuit has issued much more guidance than the *Flor* case regarding the circumstances under which a case of first impression would merit certification. Docket concerns are of an important consideration when determining whether certification of case for immediate

appeal is appropriate. *Klinghoffer,* 921 F.2d at 24. The fact that messages of the type at issue are a standard practice in the collection industry is an important factor that this Court should consider in determining the subject motion. Since, presumably, enumerable messages of this type had been left by numerous members of the collection industry for a large number of debtors, it would be expected that the current state of the law as expressed by this Court in its January 11, 2016 Order will result in extensive litigation. Until appellate review of this decision has been had, there may not be sufficient guidance for either plaintiffs or defendants to evaluate the merit of these cases.

Where courts have found messages to be communications under the FDCPA, those messages conveyed more information than would be available from a hang-up or missed call. *See, e.g., Zortman v. J.C. Christensen & Associates*, 870 F.Supp.2d 694, 670 (D.Minn., 2012); *Branco v. Credit Collection Services, Inc.,* 2011 WL 3684503 (E.D.Cal., 2011)*; Leahey v. Franklin Collection Service, Inc.*, 756 F.Supp.2d 1322 (N.D.Ala., 2010)*; Berg v. Merchants Association Collection Divisioin,* 586 F.Supp.2d 1336 (S.D.Fl., 2008). *See also Biggs v. Credit Collections, Inc.,* 2007 WL 4034997 (W.D.Okla., 2007)(finding messages did not convey information regarding a debt where they merely stated the caller's name and callback number).

Further, where courts have found messages to be communications under the FDCPA, those messages conveyed more information than would be available from a hang-up or missed call. *See, e.g., Branco,* 2011 WL 3684503*; Leahey*, 756 F.Supp.2d 1322.

The question presented at bar is an important, open question. It is further one with potential significant consequence beyond this case.

An appellate affirmance of this Court's January 11, 2016 Order will likely result in the settlement of all such pending cases and thus the clearance of the dockets of multiple district courts. Furthermore, it will result in a change in business practice by the collection industry which will result in the diminution of future cases brought on this ground and thus alleviate district court dockets in the future.

Conversely, reversal of this Court's January 11, 2016 decision will result in dismissal of any case pending on the same issue and clear the district courts' dockets in that fashion. Further, potential plaintiffs will be discouraged from bringing future cases on this ground thus resulting in future docket alleviation as well.

The ruling in this case will also have an impact beyond the limited situation of a collector providing a third party with the his or her name and telephone number. It is a technical reality that it is virtually impossible to use a telephone without revealing directly or indirectly that a debt collector is calling. The holding a that telephone call is always and without exception a "communication in an attempt to collect a debt," will obligate collectors to block Caller ID functions from disclosing their identities and telephone numbers lest a third-party take note of this information. Collectors will further have to trust that future technological advances will not allow call recipients to determine the identify of a caller notwithstanding attempts to "block" this information.

For the foregoing reasons, it is respectfully submitted that the Order at bar presents a sufficient substantial ground for a difference of opinion to merit certification for an immediate petition for permission to appeal to the Second Circuit Court of Appeals.

### III.    Plaintiff's Claim That There is No Conflict is Unfounded

To support his argument, plaintiff cites (but does not attach) the unreported decision of *Garfield v. Ocwen Loan Servicing, LLC.*, Docket No.: 15-527, (January 4, 2016). *Garfield* is easily distinguishable from the case at bar, however, and this distinguishing element in fact demonstrates the conflict that exists in the case at bar. The *Garfield* case dealt with a telephone call directly to the debtor. The case at bar involves a telephone call answered by a third-party. It is that fact, recognized by this Court as one of first impression and of paramount importance, that distinguishes this case from *Garfield*; and that brings this case to a sufficient level of dispute and importance to merit immediate review by the Second Circuit.

Indeed, every case cited by plaintiff to attempt to demonstrate this "lack of dispute" involves a telephone call answered by the debtor personally. Of all decisions researched, only the case at bar involves a message of this ilk left with a third party. Appellate guidance regarding this issue is of therefore paramount importance and should be immediately granted.

In other circuits, there is also ample evidence of findings contrary to the Order at bar. *See, e.g., Zortman*, 870 F.Supp.2d 694 (D.Minn., 2012)(A message was not an attempt to collect a debt.); *Biggs,* 2007 WL 4034997 (W.D.Okla., 2007)(Messages did not convey information regarding a debt and thus were not violative where they merely stated the caller's name and callback number).

### IV.    Immediate Appeal Would Materially Advance the Ultimate Termination of This Litigation

Plaintiff claims that defendant has not demonstrated that an immediate appeal would advance the termination of this litigation. Plaintiff's discussion of this fact is more along the

lines of general discussion of litigations and does not in any dispute defendant's showing that an immediate appeal would have exactly this result.

As demonstrated in defendant's principal Memorandum of Law, reversal will end this litigation. Affirmance will result in settlement or a damages trial in short order. The unavailability of appellate review, however, will compel defendant to continue defending this case through a damages trial as only then would appellate review be available.

The lack of appellate review therefore will prolong this litigation; and certification for appeal will shorten it, if defendant's Petition to the Second Circuit is granted, regardless of the ultimate outcome on appeal.

## <u>CONCLUSION</u>

For all of the foregoing reasons, it is respectfully requested that this Court issue and enter an Order pursuant to Federal Rule of Appellate Procedure 5(a)(3) and 28 U.S.C. §1292(b) amending its Order dated January 11, 2016 and entered January 12, 2016 which Order granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment to reflect that the controlling question(s) of law present substantial ground for difference of opinion and the immediate appeal of which may materially advance the ultimate termination of this litigation, and certifying said Order for an immediate petition for permission to appeal.

_____/s/_____
BRADLEY J. LEVIEN, ESQ. (BL-0503)
MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS, LLP
Local Counsel for Defendant
17 West John Street, Suite 200
Hicksville, NY 11801
(516) 939-9200
File # 007602.000034