```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
HERSCHEL HALBERSTAM, on behalf of            :
himself and all other similarly situated         :    **MEMORANDUM**
consumers,                                       :    **DECISION AND ORDER**
                                                 :
                              Plaintiff,         :    15-cv-5696 (BMC)
                                                 :
             - against -                         :
                                                 :
GLOBAL CREDIT AND COLLECTION           :
CORP.,                                           :
                                                 :
                              Defendant.
----------------------------------------------------------  X
```

**COGAN, District Judge**.

Defendant has requested certification, pursuant to 28 U.S.C. § 1292(b), of this Court's Memorandum Decision and Order, dated January 11, 2016, for immediate appeal. The motion is granted. This Court's Order is hereby amended to include the required certification for appeal.

The facts of this case are simple and not in dispute. On October 7, 2014, a representative of defendant called plaintiff in an attempt to collect a debt. Plaintiff did not answer the phone; instead, a third party did. The third party asked if he could take a message for plaintiff. The collection agent left a message with his name, phone number, and said it was "regarding a personal business matter." I had no doubt, and I remain of the view, that the purpose of leaving such a message was to induce plaintiff to return the collection agent's call without knowing that he was calling a collection agent. Describing the purpose of the call to a third party as a "personal business matter" was at least as suggestive, and probably more, of a business opportunity for plaintiff to make money as it was of its true purpose, which was to cause plaintiff to pay money.

I granted summary judgment for plaintiff because I found that by leaving a message for plaintiff with a third party that was calculated to induce a return call without the debtor knowing that he would be calling a collection company, defendant violated section 1692c(b) of the Fair Debt Collection Practices Act ("FDCPA"). With narrow exceptions not applicable here, that statute flatly prohibits debt collectors from communicating with third parties in an attempt to collect a debt. Defendant had argued that since the statute also prohibits it from identifying itself as a debt collector to the third party, the only other option it had was to be rude and hang up the phone. I rejected this argument, pointing out that all that the collection agent had to do when asked if he wanted to leave a message was say, "no, thank you, I'll call back later."

I can certify an order for interlocutory review under 28 U.S.C. § 1292(b) when the order "involves a controlling question of law as to which there is substantial ground or difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The proponent of certification must show that: (1) the order concerns a controlling question of law; (2) there is a substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. See Casey v. Long Island R. Co., 406 F.3d 142, 146 (2d Cir. 2005).

The Second Circuit has "repeatedly cautioned [that] use of this certification procedure should be strictly limited." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). "[O]nly exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (internal citations omitted).

"[A] question of law is 'controlling' if reversal of the district court's order would terminate the action." In re Air Crash at Georgetown, Guyana, 33 F. Supp. 3d 139, 155 (E.D.N.Y. 2014) (citing Klinghoffer, 921 F.2d at 24). Additionally, in determining whether a controlling question of law exists, a court may also consider whether the certified issue has precedential value for a large number of cases. See Primavera Famileinstifung v. Askin, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001).

The second prong can be satisfied where "the issues are difficult and of first impression." Klinghoffer, 921 F.2d at 24. However, the Second Circuit has cautioned that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.3d at 284. Certification for interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases." German by German v. Fed. Home Loan Mortg. Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995). Rather, the district judge must "analyze the strength of the arguments in opposition to the challenged ruling" to determine "whether the issue for appeal is truly one on which there is a substantial ground for dispute." In re Flor, 79 F.3d at 284.

The third prong, whether an immediate appeal may materially advance the termination of the litigation, is closely tied to the first prong. See Primavera, 139 F. Supp. 2d at 570 (citing The Duplan Corp. v. Slaner, 591 F.2d 139, 148 n.11 (2d Cir. 1978)).

I am convinced that this case has the exceptional circumstances necessary to justify certifying the case for interlocutory review. First, this case presents a controlling question of law. If the Second Circuit were to reverse my grant of summary judgment on plaintiff's behalf, the case would be over. Further, the issue of whether leaving a message with a third party

3

violates the FDCPA has the potential to impact a large number of other cases, as well as debt collection practices more generally.

Defendant has made a strong showing that not only its current practices, but those of the entire industry, would be significantly impacted by the Court's ruling in this case. Defendant submitted an affidavit from an Executive Vice President, who has twenty years of experience in the industry, explaining that defendant's policy of leaving a message like the one at issue is common in the industry. Additionally, defendant's counsel has submitted an affidavit that cites to discussions he has had with the Association of Credit and Collection Professionals, which disclosed that it is the standard pattern and practice of many collection agencies to leave non-specific call-back messages with third parties.

Second, this is both an issue of first impression and one where there are substantial grounds for dispute. The existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication.[1] Moreover, while the Court adheres to its view that the practice at issue here violates the literal language of the statute, the technical violation at issue will likely have a far greater benefit to the plaintiffs' FDCPA bar than it will have in protecting debtors from abusive collection practices. I think that rather than have a single district court decision cause uncertainty as to the continuation of a common practice in an entire industry, immediate appellate guidance on the issue would be preferable.

---

[1] There are a number of district court cases addressing the practice of leaving call-back messages on the debtor's answering machine, which message then happens to be overheard by a third party (e.g., a family member) that has access to the machine. See e.g. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 (S.D.N.Y. 2006). In my view, those cases are inapposite to the question presented here, where the debt collector makes a conscious decision to give information to a third party for the purpose of getting the debtor to call back without knowing that he is calling a collection agent.

4

Finally, an immediate appeal will advance the termination of the litigation. If the Court's decision was incorrect the parties will be spared the expense of a class certification motion as well as further proceedings to determine damages.

Defendant's motion [25] to take appeal of this Court's January 11, 2016 Order pursuant to 28 U.S.C. § 1292(b) is GRANTED.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
May 5, 2016