UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HERSCHEL HALBERSTAM, on behalf of
himself and all other similarly situated
consumers,

                          Plaintiff,


           -against-


GLOBAL CREDIT AND COLLECTION CORP.
-----------------------------------------------------------------X

Docket No.:  15 CV 5696 (BMC)


**DATE OF SERVICE:**
**May 19, 2016**


## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION, PURSUANT TO 28 U.S.C. § 1292(B)

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
Attorney for the Plaintiff
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

## <u>PRELIMINARY STATEMENT</u>

Plaintiff Herschel Halberstam respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Local Civil Rule 6.3:

(i)     Permitting reconsideration of the Court's May 5th, 2016 Order (the "May 5th Order")  (<u>see</u> Docket No. 30), which granted, defendant's Motion to take appeal of this Court's January 11, 2016 Order pursuant to 28:1292(b).

(ii)    Upon reconsideration, issue an order denying the defendant's Motion to take appeal of this Court's January 11, 2016 Order pursuant to 28:1292(b) .

In the May 5th  Order, the Court reaffirmed its granting of summary judgment for the plaintiff, but in doing so, this Court granted the defendant's motion for interlocutory review, apparently based on the defendant's strong showing that its current practices and more importantly those of the entire industry, would be significantly impacted by the Court's ruling. In support thereof, the defendant submitted an affidavit from an Executive Vice President, who has twenty years of experience in the industry, explaining that defendant's policy of leaving a message like the one at issue is common in the industry.

Additionally, defendant's counsel had submitted an affidavit that cites to discussions he has had with the Association of Credit and Collection Professionals (ACA), which disclosed that it is the standard pattern and practice of many collection agencies to leave non-specific call-back messages with third parties.  Most importantly, this Court found: "<u>The existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication</u>." (emphasis added) and therefore the court found that "this is both an issue of first impression and one where there are substantial grounds for dispute." Additionally the court concluded that "rather than have a single district court decision cause uncertainty as to the continuation of a common practice in an entire industry, immediate appellate guidance on the issue would be preferable."

While Plaintiff does not make this motion lightly, regretfully plaintiff must point out that this Court has inadvertently relied on defendant's numerous deceptions.  Consequently, the Court, overlooked plaintiff's multiple briefs that contain a plethora of existing FDCPA case law which finds this type of

message left with a third party to be a prohibited communication.

The defendant did not raise this argument in its initial motion papers. Therefore, plaintiff has not had the opportunity to point out defendant's intended fraud on this Court. Rather, it was only in its reply in further support of its motion for interlocutory appeal that the defendant falsely stated: (See Docket No. 29 at 7) "**Indeed, every case cited by plaintiff to attempt to demonstrate this "lack of dispute" involves a telephone call answered by the debtor personally. Of all decisions researched, only the case at bar involves a message of this ilk left with a third party. Appellate guidance regarding this issue is of therefore paramount importance and should be immediately granted.**" (Emphasis added.)

In this context, the May 5th Order - relying on the defendants false statements – inadvertently stated that: "[t]he existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication."

Given plaintiff's extensive summary judgment briefing (See Docket No 12 & 19) which contained a plethora of citations of cases that involve a message of this type left with a third party. These citations are in addition to the those set forth in plaintiff's response in 0pposition to the motion for interlocutory appeal (see docket No. 27 at 14) and even the footnotes in plaintiff's complaint which contained numerous cases that involved messages left with a third party. Defendant's statements made for the first time in its reply were patently and knowingly false, and they constituted an effort to mislead the Court. Plaintiff therefore never had the opportunity, until now, to address the deceptiveness and to respond and point out the relevant authorities that the Court overlooked.

Similarly, the Court inadvertently relied on Defendant's false representations that its initial order was a lone decision that threatened the entire collection industry.  According to the defendant, the defendant would be significantly impacted by the Court's new ruling. The defendant also deceptively interjected that ACA seemingly condones and recognizes that this is the standard practice of many collection agencies.

After this Court had issued its order certifying review, a group of consumer advocates including the Consumer Financial Protection Bureau has made available to new evidence which shows that that the

defendant mislead the Court about the standard practice of the debt collection industry as well as the false assumption that the industry thinks that existing FDCPA law allows for third party messages.

The new evidence just made available concludes that the ACA has consistently stated during its training, educational services, compliance support, and in its comprehensive debt collection compliance manual, that debt collectors are prohibited from asking neighbors, or other third parties, to convey messages to consumers.

The ACA has made clear that collection agencies will violate the FDCPA if they leave messages with a third party. The new evidence made available shows that the ACA in its debt collection compliance guide. ACA International, Guide to the Fair Debt Collection Practices Act, Vol. 1, 62,63,64, (2009/10 ed.) specifically states that "**A debt collector is prohibited from asking neighbors,or other third parties, to convey messages to consumers**." (annexed hereto as Exhibit "A") .

## I.      The Standards on a Motion Pursuant to Local Civil Rule 6.3

Local Civil Rule 6.3 provides, in pertinent part,
that:

Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50,
52, and 59), a notice of motion for reconsideration or reargument of a court order determining a
motion shall be served within fourteen (14) days after the entry of the Court's determination of the
original motion … . There shall be served with the notice of motion a memorandum setting forth
concisely the matters or controlling decisions which counsel believes the Court has overlooked.

In this context, to prevail on a motion for reconsideration pursuant to Rule 6.3. "[T]he movant must demonstrate '... the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). **Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision.** Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see SDNY Local Civil Rule 6.3." *Plumbing Supply, LLC v. ExxonMobil Oil Corp.,* No. 14 CV 3674 (VB), 2016 U.S. Dist. LEXIS 53364, at *3-4 (S.D.N.Y. Apr. 20, 2016) (emphasis added)

4

Furthermore, "reconsideration is appropriate if a court 'misinterpreted or misapplied' relevant case law in its original decision." Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C., 555 F. Supp. 2d 335, 338 (E.D.N.Y. 2008).

## II.   The Court Appears To Have Inadvertently Relied Upon Defendant's False Statements And Therefore Has Overlooked, Misinterpreted Or Misapplied Relevant Case Law.

In the May 5th Order, the Court granted interlocutory review under 28 U.S.C. § 1292(b)

In reaching this decision, the Court made the following determinations:

(i.)   The Second Circuit has "repeatedly cautioned [that] use of this certification procedure should be strictly limited." "[O]nly exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."

(ii.)   In determining whether a controlling question of law exists, a court may also consider whether the certified issue has precedential value for a large number of cases.

(iii.)   The Second Circuit has cautioned that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." Certification for interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases." Rather, the district judge must "analyze the strength of the arguments in opposition to the challenged ruling" to determine "whether the issue for appeal is truly one on which there is a substantial ground for dispute."

(iv.)   The court found that this case has the exceptional circumstances necessary to justify certifying the case for interlocutory review for a number of reasons. First, the court found that this case presents a controlling question of law. If the Second Circuit were to reverse the grant of summary judgment on plaintiff's behalf, the case would be over. Further, the issue of whether leaving a message with a third party violates the FDCPA has the potential to impact a large number of other cases, as well as debt collection practices more generally.

(v.)   The court found that the Defendant has made a strong showing that not only its current practices, but those of the entire industry, would be significantly impacted by the Court's ruling in this case. Defendant submitted an affidavit from an Executive Vice President, who has twenty years of experience in the industry, explaining that defendant's policy of leaving a message like the one at issue is common in the industry. Additionally, defendant's counsel has submitted an affidavit that cites to discussions he has had with the Association of Credit and Collection Professionals, which disclosed that it is the standard pattern and practice of many collection agencies to leave non-specific call-back messages with third parties.

(vi.)   The court found that this is both an issue of first impression and one where there are substantial grounds for dispute. The existing FDCPA case law does not address whether

5

this type of message left with a third party is a prohibited communication. There are a number of district court cases addressing the practice of leaving call-back messages on the debtor's answering machine, which message then happens to be overheard by a third party (e.g., a family member) that has access to the machine. See e.g. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 (S.D.N.Y. 2006). In my view, those cases are inapposite to the question presented here, where the debt collector makes a conscious decision to give information to a third party for the purpose of getting the debtor to call back without knowing that he is calling a collection agent.

(vii.)    The court found that rather than have a single district court decision cause uncertainty as to the continuation of a common practice in an entire industry, immediate appellate guidance on the issue would be preferable.

Plaintiff respectfully submits that the May 5th Order inadvertently relied on defendant's false statements and therefore has overlooked, misinterpreted or misapplied relevant case law in the following manner.

In its reply in further support of its motion for interlocutory appeal, the defendant falsely stated (See Docket No. 29 at 7) "Indeed, every case cited by plaintiff to attempt to demonstrate this "lack of dispute" involves a telephone call answered by the debtor personally. Of all decisions researched, only the case at bar involves a message of this ilk left with a third party. Appellate guidance regarding this issue is of therefore paramount importance and should be immediately granted." (emphasis added)

In Plaintiff's extensive summary judgment motion (See Docket No 12, & 19) plaintiff cites to a plethora of cases that found that a message left with a third party is a prohibited communication. *Dauval v. MRS BPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189109, *21-22, 25 Fla. L. Weekly Fed. D 47 (M.D. Fla. June 27, 2013) (leaving a message with a third party requesting a return call is prohibited by the FDCPA) *Wideman v. Monterey Fin. Srvs., Inc.*, 2009 U.S. Dist. LEXIS 38824 (W.D.Pa May 7, 2009) (message left with receptionist is prohibited by the FDCPA). *West v. Nationwide Credit, Inc.*, 998 F. Supp. 642, 643 (W.D. N.C. 1998), (message left with neighbor is prohibited by the FDCPA), *Belin v. Litton Loan Servicing, LP*, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, 5 (M.D.Fla., 2006) (message left with mother is prohibited by the FDCPA) *Krapf v. Collectors Training Institute of Illinois, Inc,* (Dist. Court, WD New York 2010.) (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of 15 U.S.C. § §

6

1692(b), 1692(c)(b), and 1692(d).) … Contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." stated a claim under 15 U.S.C. § 1692(c)(b) finding that the Plaintiff's allegation that the Defendant contacted a third party to relay about a "very important" matter regarding the Plaintiff. Plaintiff sufficiently stated claims under 15 U.S.C. §§ 1692(b), 1692(c)(b), and 1692(d).) *Miller v. Prompt Recovery Servs.,* 2013 U.S. Dist. LEXIS 88203, *36-39, 2013 WL 3200659 (N.D. Ohio June 24, 2013)("While it is clear from the transcript that defendant's agent did not advise plaintiff's son that his mother owed a debt, it is equally clear that the agent did not identify himself or indicate that he was calling for the purpose of confirming or correcting location information, as he was required to do under the safe harbor provision ... Because defendant's agent did not have plaintiff's permission to speak with her son, and defendant has not shown a legitimate purpose for which the agent could justify the agent's third-party communication, defendant is not entitled to judgment as a matter of law on this claim.") *Smith v. NCO Fin. Sys.*, 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009.) (Holding that the FDCPA prohibits debt collectors from communicating with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 15 U.S.C. §1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment." Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA. The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.) *Shaver v. Trauner,* 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998.) (The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss.) 1998 U.S. Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate

Judge's denial of motion to dismiss). *Wideman v. Monterey Fin. Servs.*, 2009 U.S. Dist. LEXIS 38824, 5-8, 2009 WL 1292830 (W.D. Pa. May 7, 2009) (making no distinction between a message left with a third party or being left with a voice mail system) (collecting cases). *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998.) (Finding that a phone call to a debtor's neighbor that the Defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's alleged arrearage.) *Foti v. NCO Fin. Sys.,* 424 F.Supp.2d 643, 655–56 (S.D.N.Y.2006) (quoting west v. Nationwide and holding that a message with enough information to entice a return call being left with a third party or on a voice mail are "communications" under the FDCPA) *Romano v. Williams & Fudge, Inc*., (644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (A complaint alleging that debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b).) *Thomas v. Consumer Adjustment Co., Inc.*, (579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (Holding that 15 U.S.C. § 1692(c)(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed because that reading would render § 1692(b) superfluous.), *Blair v. Sherman Acquisition,* (Dist. Court, ND Illinois 2004 quoting *West v. Nationwide Credit, Inc*., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute. Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force, and § 1692(c)(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692(b).), *Mathis v. Omnium Worldwide*, (Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) ("`Other than to obtain location information, a debt collector may not contact third persons such as a

consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'".), *West v. Nationwide Credit, Inc*., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699), (finding that a message left with a third party is an improper communication under the FDCPA) *Henderson v. Eaton*, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting *West v. Nationwide Credit, Inc.*, 998 F. Supp. 642 (W.D.N.C.1998) (Section 15 U.S.C. § 1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party. The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for violation of § 1692c(b).) *West v. Nationwide Credit, Inc.*, 998 F. Supp. 642 (W.D.N.C.1998). *Ponce v. BCA Fin. Servs.*, 467 F. App'x 806, 808 (11th Cir. 2012) (debt collector did not comply with § 1692b(1) by failing to inform third-party that the call was confirming or correcting location information) *Kempa v. Cadlerock Joint Ventures, L.P.*, No. 10-11696, 2011 U.S. Dist. LEXIS 18575, 2011 WL 761500, at *4 (E.D. Mich. Feb. 25, 2011) (finding liability under § 1692c(b) where debt collector "did not follow the requirements of § 1692b(1)" by failing to state that she was confirming location and by identifying the agent's employer) *Shand-Pistilli v. Professional Account Servs., Inc.*, 2010 WL 2978029 (E.D. Pa. July 26, 2010.) (The consumer adequately alleged that Defendant contacted a third party in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the boundaries of location information. A debt collector may not seek additional information about a consumer because such information is beyond the scope of location information.) *Russell v. Goldman Roth Acquisitions, LLC,* 847 F. Supp. 2d 994, 2012 U.S. Dist. LEXIS 32086, 2012 WL 762906 (W.D. Mich. 2012)(rejecting the safe harbor defense and relying, in part, on the fact that the debt collector already knew the consumer's contact information when he spoke with the third-party) *Evankavitch v. Green Tree Servicing, LLC*, Docket No. 3:12-cv-02564 Doc 69 (M.D. Pa. Dec 12, 2013) (Green Tree telephoned and spoke to plaintiff's daughter and left a message asking for plaintiff or her son to return the call. After a Jury trial the Jury found that "Defendant Green Tree was liable to Plaintiff Patricia

Evankavitch under the Fair Debt Collection Practices Act with regard to its contact with Plaintiffs daughter Cheryl".) Affirmed by *Evankavitch v. Green Tree Servicing, LLC,* 793 F.3d 355, 2015 U.S. App. LEXIS 12024 (3d Cir. Pa. 2015) (A debt collector failed to meet its burden under 15 U.S.C.S. § 1692b of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., of proving that challenged third-party messages fit within the location information exception; accordingly, jury instructions and in limine rulings were not objectionable in that regard.)

In addition, to the numerous cases in plaintiff's summary judgment motion, plaintiff in his Summary Judgment motion (Docket No. 12 Attachment #2) attached the full 23 pages of the *Dauval v. MRS BPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189109, *21-22, 25 Fla. L. Weekly Fed. D 47 (M.D. Fla. June 27, 2013) which in addition to addressing an identical message left with a third party, extensively and persuasively explains why a message left with a third party is in violation of the FDCPA.

In fact, the new evidence just made available to the plaintiff, shows that the ACA in its debt collection compliance guide, (annexed hereto as Exhibit "A") ACA International, Guide to the Fair Debt Collection Practices Act, (Vol. 1, 63 ed.) specifically states"  "In one case, (*West v. Nationwide Credit, Inc*., 998 F. Supp. 642, 643 (W.D. N.C. 1998) a collector called the consumer's neighbor stating he was calling regarding a "very important matter" and asked the neighbor to have the consumer call him. The consumer alleged the debt collector violated the FDCPA by communicating with a third party regarding the consumer's alleged debt and that the communication was not for the purpose of obtaining location information. The court concluded the allegations were sufficient to state a claim under the FDCPA."

The case of *West v. Nationwide* which -the ACA has used as the guidance to the collection industry- is directly on point and is the seminal case upon which *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006) as well as the majority of decisions relied in defining "communication" under the FDCPA as plaintiff extensively stated in his briefs (See Docket No. 12,19, & 27 at 14,)

Defendant was aware that the plaintiff in his briefs consistently cited to *West v. Nationwide Credit, Inc*., 998 F. Supp. 642, 643 (W.D. N.C. 1998).  In fact, defendant was aware that the *West* court found that leaving a message with a third party is not a technical violation as *West* explicitly stated that in

finding a third party message in violation of the FDCPA. "The court notes that the legislative history of

the FDCPA supports this interpretation of section 1692c(b). Senate Report No. 95-382 states that:

> other than to obtain location information, a debt collector may not *contact* third
> persons such as a consumer's friends, neighbors, relatives, or employer. Such
> contacts are not legitimate collection practices and result in serious invasions of
> privacy, as well as the loss of jobs. S. Rep. No. 95-382, reprinted at 1977 U.S.
> Code & Admin. News 1695, 1699 (emphasis added)."

In this context, this Court in the May 5th  Order - relying on the defendants false statements –

inadvertently stated that "[t]he existing FDCPA case law does not  address whether this type of message

left with a third party is a prohibited communication."

Given plaintiff's extensive summary judgment briefing, which contained a plethora of citations

of cases that involve a message of this type left with a third party, in addition to the citations mentioned

in plaintiff's response in Opposition to the motion for interlocutory appeal (See Docket No. 27 at 14,)

and even the footnotes in plaintiffs complaint which contained numerous cases that involved messages

left with a third party.  Defendant's statements -made for the first time in its reply- that "Indeed, every

case cited by plaintiff to attempt to demonstrate this "lack of dispute" involves a telephone call

answered by the debtor personally. Of all decisions researched, only the case at bar involves a message

of this ilk left with a third party. Appellate guidance regarding this issue is of therefore paramount

importance and should be immediately granted." (emphasis added) were patently and knowingly false,

and this constituted an effort to mislead the Court. Plaintiff therefore never had the opportunity, until

now, to address the deceptiveness and to respond and point out the relevant authorities that the Court

overlooked.

In this case, there is no doubt that defendant's false statements were knowing, and intended to

mislead the Court, in fact so far those falsehoods have regretfully caused this Court to erroneously

certify this case for appeal.

Despite the fact that the plaintiff included all these numerous citations in his summary judgment

motion which are decisions on point that specifically address that this type of message left with a third

party is a prohibited communication this court in relying on defendants false and misleading statements

erroneously stated the following:

> "The existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication. (footnote 1)There are a number of district court cases addressing the practice of leaving call-back messages on the debtor's answering machine, which message then happens to be overheard by a third party (e.g., a family member) that has access to the machine. See e.g. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 (S.D.N.Y. 2006). In my view, those cases are inapposite to the question presented here, where the debt collector makes a conscious decision to give information to a third party for the purpose of getting the debtor to call back without knowing that he is calling a collection agent… I think that rather than have a single district court decision cause uncertainty as to the continuation of a common practice in an entire industry, immediate appellate guidance on the issue would be preferable.

The courts reliance on defendants unchallenged misleading statements led to the following erroneous holdings. First, existing FDCPA case law **does extensively** address and find that this type of message left with a third party is a prohibited communication. Second, there are numerous district court cases addressing where the debt collector makes a conscious decision to give information to a third party for the purpose of getting the debtor to call back without knowing that he is calling a collection agent. Third, although it mentioned a potential risk of a third party disclosure *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006) was not a case addressing the practice of leaving call-back messages on the debtor's answering machine, which message then happens to be overheard by a third party (e.g., a family member) that has access to the machine. Fourth, *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006) is the undisputed seminal "message" case, which has been adopted countrywide and it followed *West v. Nationwide Credit, Inc*., in holding that a message left with a third party is a prohibited communication which additionally proves that the well settled case law has consistently found that this type of message left with a third party is a prohibited communication. Fifth, *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006) did follow *West v. Nationwide Credit, Inc*., which is a case where a debt collector makes a conscious decision to give information to a third party for the purpose of getting the debtor to call back without knowing that he is calling a collection agent.

The defendant's false statements are so troubling that they rise to the level of direct falsehood that

typically warrants sanction under Rule 11(b)(3). See, *e.g., Polar International Brokerage Corp. v. Reeve*, 196 F.R.D. 13, 2000 WL 1127936, *4 (S.D.N.Y. 2000) (sanctions imposed when counsel alleged two factually contradictory positions)

Rule 11 of the Federal Rules of Civil Procedure authorizes a Court to impose sanctions for deliberately making false statements to the Court. See *SEC v. Smith*, 710 F.3d 87, 97 (2d Cir. 2013). Although sanctions under Rule 11 are typically imposed pursuant to a motion by the opposing side, a Court may impose Rule 11 sanctions sua sponte upon a finding of "subjective bad faith" on the part of the individual to be sanctioned. *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013). ("[C]ourts in this Circuit have found subjective bad faith in a variety of cases, ranging from those involving overtly dishonest or contemptuous behavior, down to those where the court simply regarded an argument as frivolous.") *Cardona v. Mohabir,* No. 14-CV-1596 (PKC), 2014 U.S. Dist. LEXIS 62637, 2014 WL 1804793, at *3 (S.D.N.Y. May 6, 2014) (internal quotation marks omitted); see also id. (collecting cases defining "subjective bad faith").

Whatever the appropriate definition, making a false statement that actually misled the Court into certifying this case for interlocutory appeal certainly meets that definition. See *Smith,* 710 F.3d at 97 (equating subjective bad faith with the question of whether an individual "made a false statement to the court . . . in bad faith"); see also In re *Gushlak, No.* 11-MC-218 (NGG), 2012 U.S. Dist. LEXIS 91690, 2012 WL 2564523, at *2 (E.D.N.Y. July 2, 2012) (observing that while some Courts have found "subjective bad faith" only in cases "involving overtly dishonest or contemptuous behavior," many others have applied a more lenient standard).

**III.    The Availability Of New Evidence Now Shows That The Debt Collection Industry Knows That The Practice Of Leaving Messages With Third Parties Is In Violation Of The FDCPA.**

The Court relied on Defendant's false representations that its initial order was a singular decision that threatened the entire collection industry which the defendant misleadingly stated would be significantly impacted by the Court's ruling since the new order prohibits third party messages.  The defendant also deceptively interjected the ACA which seemingly condones and recognizes that this is the practice of many collection agencies.

The ACA International is the nation's leading association of credit and collection professionals. Founded in 1939, and based in Minneapolis, Minnesota, ACA represents and guides approximately 5000 members (third-party collection agencies, asset buyers, attorneys, creditors) ranging in size from small businesses to large, publicly held corporations. ACA establishes ethical standards, provides training and educational products and services, and offers compliance support regarding state and federal laws and regulations governing the industry, including the Fair Debt Collection Practices Act (FDCPA) and other statutes.

After this Court had issued its order certifying review, a group of consumer advocates including the Consumer Financial Protection Bureau have made available to the plaintiff new evidence which shows that the defendant mislead the court that many in the debt collection industry engage in the prohibited practice of leaving messages with third parties as well as the false assumption that the law allows for third party messages when the exact opposite is true.

The ACA has consistently guided all collection agencies that they must not to leave messages with third parties.  Also the ACA has made clear that collection agencies they will violate the FDCPA if they leave messages with a third party. Furthermore, the ACA in its debt collection compliance guide, *ACA International, Guide to the Fair Debt Collection Practices Act,* Vol. 1, 62, 63, 64, (2009/10 ed.) "**<u>A debt collector is prohibited from asking neighbors,or other third parties, to convey messages to</u>**

**consumers**." (annexed hereto as Exhibit "A")

The new evidence just made available to the plaintiff concludes that the ACA has consistently stated during its training, educational services, compliance support and in its comprehensive debt collection compliance manual that debt collectors are prohibited from asking neighbors, or other third parties, to convey messages to consumers. Almost all collection agencies use the ACA International's Guide to the Fair Debt Collection Practices Act.

According to webrecon.com a website that tracks all FDCPA litigation, in 2015[1] in federal courts all around the United States around 12,000 lawsuits were filed for violations of the FDCPA and around 10% of those lawsuits were for improper contacts.  It is self-understood that collection agencies are to follow the law and to follow the ACA International's guidance.  Yet, some of these debt collection agencies find it more lucrative to engage in deceptive practices despite the fact that they know those practices to be in violation of the FDCPA.

The fact that a collection agency has made a strategic decision that it is more economical to violate the current FDCPA and leave messages with third parties despite the fact that the ACA unequivocally states that "A debt collector is prohibited from asking neighbors,or other third parties, to convey messages to consumers" cannot justify interlocutory review.

It is well settled and the defendant has admitted[2] that one must leave the *Foti* disclosures on a

---

[1] http://webrecon.com/out-like-a-lion-debt-collection-litigation-cfpb-complaint-statistics-dec-2015-year-in-review/

[2] See Plaintiff's Memorandum In Response To Defendant's Motion for Summary Judgment Docket number 19 at 6 "The defendant has been sued approximately one hundred times for Foti claims. Numerous litigants and judges have put the defendant on guard that a message requesting a return call which fails to contain the Foti disclosures are in violation of the FDCPA. Most importantly the defendant has attempted to defend its actions on numerous occasions yet those arguments have always failed, they have consistently been rejected as frivolous, yet despite the fact that defendant has lost on this issue every time it has litigated it, here again the defendant groundlessly seeks to advance - once more - its failed arguments. See. Tjartjalis v. Global Credit and Collection Corp., No.17 1:14-cv-00273 (E.D.N.Y. April 14, 2014) (Cogan J.,) ("Defendant asserts that it had no viable option other than to identify itself as a collection company because ... Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643 (S.D.N.Y.2006), required defendant to identify itself as a debt collector in the message...Thus, just as in Marisco, the "rock and hard place" between which defendant attempts to portray itself could have been avoided simply by hanging up.") Garo v. Global Credit & Collection Corp., 2011 WL 251450 (D. Ariz. Jan. 26, 2011). ("The fact that a debt collector may leave a message, in which the debt collector is otherwise unidentified, to contact the consumer at a phone number that had previously been contained in the debt collector's correspondence with the consumer is insufficient to identify the subsequent communication as being from a debt collector as is required by § 1692e(11). Further, such a request does not constitute 'meaningful disclosure of the caller's identity' as is required by 15 U.S.C. § 1692d(6).") Doshay v.

voicemail system.  Yet, as this Court has observed, it is the standard pattern and practice of many collection agencies to leave non-specific call-back messages on answering machines without the proper disclosures despite the well-known ACA guidance and the well settled law outlawing this practice.

It is almost impossible for a debt collection agency to get licensed or purchase Errors and Omissions Liability Insurance without having all its agents certified and tested for FDCPA compliance yet the fact that some debt collection firms choose to violate every part of the FDCPA despite knowing the well settled law and being taught by the ACA against it, these practices cannot justify interlocutory review.

Additionally, all collection agencies must follow the Consumer Financial Protection Bureau. The Consumer Financial Protection Bureau[3] (CFPB), the Office of the Comptroller of the Currency, and the Federal Reserve Board. All three regulators recognize that § 1692c(b) (barring third-party communications) limits "contacts" with third parties, "except as provided in" § 1692b (allowing communications to obtain location information).

In sum, this Court granted defendant's motion for interlocutory review for four reasons. 1) The existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication and therefore this is both an issue of first impression and one where there are substantial grounds for dispute. 2) Since this is an issue of first impression which the existing case law does not address, the question as to whether leaving a message with a third party violates the FDCPA has the potential to impact a large number of other cases, as well as debt collection practices more generally.

---

Global Credit Collection Corp., 796 F. Supp. 2d 1301 (D. Colo. 2011). (The collector's message violated FDCPA §§ 1692d(6) and 1692e(11) since it neither identified the employee as a debt collector nor articulated that the purpose of the message was to collect a debt.) Kavalin v. Global Credit & Collection Corp., 2011 U.S. Dist. LEXIS 34554, *3, 2011 WL 1260210 (W.D.N.Y. Mar. 30, 2011) (Motion to dismiss was denied as to plaintiffs' claims that the messages failed to disclose the caller's identity)"

[3] See CFPB, Supervision and Examination Manual at FDCPA 2-3 (Oct. 2011), available at http://www.consumerfinance.gov/wpcontent/themes/cfpb_theme/images/supervision_examination_manual_112 11.pdf (stating that, with exceptions not pertinent here, debt collector may not "contact" third parties when trying to. collect a debt, except that "a debt collector who is unable to locate a consumer may ask a third party for the consumer's" location information) OCC, Other Consumer Protection Laws and Regulations (Comptroller's Handbook) at 24 (Aug. 2009), available at www.occ.gov/publications/publications-by-type/comptrollers-handbook/other.pdf (same); Federal Reserve Board, Consumer Compliance Handbook at FDCPA2 (Jan. 2006), available at www.federalreserve.gov/boarddocs/supmanual/cch/fairdebt.pdf (same).

3) Defendant has made a strong showing that not only its current practices, but those of the entire industry, would be significantly impacted by the Court's unprecedented ruling in this case. 4) Rather than have a <u>single</u> district court decision cause uncertainty as to the continuation of a common practice in an entire industry, immediate appellate guidance on the issue would be preferable.

The Defendant made false and deceptive statements attempting to pull the wool over the eyes of this Court, regretfully defendant was successful thus far in perpetrating a fraud on this Court - as the decision granting defendant's motion for interlocutory review - has inadvertently accepted as true all of defendant's false statements.

These four reasons for granting interlocutory review are all (due to defendant's deception) completely erroneous.

This is not an issue of first impression. The existing and extensive FDCPA case law <u>does</u> find that this type of message left with a third party is a prohibited communication.  **In fact, the defendant in its multiple briefs, has not provided even one case that has found find that this or any type of message left with a <u>third party</u> is permitted**. There can be no grounds for dispute let alone substantial grounds for dispute since the plaintiff has shown that <u>all</u> the extensive decisions that have addressed this type of message left with a third party have unanimously found that such a message left with a third party violates the FDCPA.  There can be no "substantial grounds for dispute" when the defendant fails to cite to even one case that has permitted this type of message to be left with a third party.

The January 11, 2016 decision cannot impact a large number of cases since 1) Contrary to the defendant's false proposition that this is a <u>single</u> district court decision that will cause uncertainty to the common practice of the entire industry. The January 11, 2016 decision is not a lone holding.  There are more than twenty well known decisions that have found and supported the findings that a messages of this type left with a third party violates multiple provisions of the FDCPA. 2) The ACA has consistently and extensively stated that "A debt collector is prohibited from asking neighbors, or other third parties, to convey messages to consumers." 3) The case law and the ACA's guidance on this issue is well settled and well known by the entire collection industry and if the ACA's guidance as well as the numerous

17

comprehensive decisions prohibiting messages left with third parties did not deter some debt collectors who willfully violate the FDCPA then how much more so this additional decision will have no import on that minority.

This motion for reconsideration should be granted because the Court was involuntarily misled as to the facts and precedent that would have altered the conclusion reached in the earlier decision Furthermore, reconsideration is appropriate since the Court inadvertently misinterpreted and misapplied the relevant case law in its original decision.

## <u>CONCLUSION</u>

For the reasons stated herein, plaintiff's motion for reconsideration should be granted, and – upon reconsideration – the Court should deny defendant's motion to take appeal of this Court's January 11, 2016 Order pursuant to 28:1292(b)

Dated: Cedearhurst, New York
        May 19, 2016

Respectfully

submitted,

Dated: Cedarhurst, New York

May 19, 2016

_____/s/ Adam J. Fishbein_____

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

18