*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF NEW YORK*

---

| | |
|---|---|
| HERSCHEL HALBERSTAM on behalf of himself and all other similarly situated consumers,<br><br>Plaintiff,<br><br>-against-<br><br>GLOBAL CREDIT & COLLECTION CORP.,<br><br>Defendant. | **Docket #1:15-CV-05696-BMC** |

---

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER ORDER CERTIFYING SUMMARY JUDGMENT ORDER PURSUANT TO 28 U.S.C. §1292(b)

## PRELIMINARY STATEMENT

Defendant submits this Memorandum of Law in opposition to plaintiff's Motion for Reconsideration pursuant to Local Rule 6.3 of this Court's order dated May 5, 2016 which certified the court's order granting plaintiff summary judgment and denying defendant summary judgment for interlocutory appeal pursuant to 28 U.S.C. §1292(b).

As will be demonstrated below, plaintiff's motion is completely groundless. The cases cited by plaintiff in support of his motion do not stand for the principles for which they are cited. Indeed, the argument proffered by plaintiff is so far afield from the case law cited in support of it as to raise the question of whether this motion itself is so frivolous and dilatory; and whether plaintiff's assertions are so targeted to mislead the Court, as to make the filing of the motion a sanctionable event.

In each case cited by plaintiff, the facts and law are sufficiently distinguishable to render the case completely inapplicable to the matter at bar. For these reasons, defendant will

respectfully submit that this motion must be denied.

Moreover, it is respectfully submitted that this motion is, itself, moot based on plaintiff's failure to oppose in a timely fashion defendant's petition for permission to appeal to the Second Circuit Court of Appeals.

## FACTUAL SUMMARY

This case arises out of plaintiff's claim that defendant violated the Fair Debt Collection Practices Act[1] by leaving a message with the person who answered the phone at plaintiff's home when requested to do so. This Court granted summary judgment to plaintiff and against defendant on the issue of whether this constituted a violation of the FDCPA; and upon defendant's subsequent motion, certified the order for interlocutory appeal to the Second Circuit.

Plaintiff now asserts that in its motion for certification for interlocutory appeal defendant made misrepresentations and pulled the wool over the eyes of the Court to such a degree that the Court itself that the Court was unable to discern the state of the law and was misled into granting defendant's motion. Plaintiff's argument is based on (1) a claim that defendant misrepresented the state of the law as to whether this is a case of first impressions; and (2) defendant mispresented the standard practices of the collection industry. It is respectfully submitted that defendant did neither. Both the case law cited by plaintiff and the collection practices cited by defendant in fact emphasize the newness and importance of the precedent that will be set by appellate review of the underlying decision. Indeed, it is plaintiff's attempts to argue otherwise that rise to the level of deception.

---

[1] 15 U.S.C. §1692 *et seq*

# ARGUMENT

## POINT I

### PLAINTIFF'S MOTION IS WITHOUT MERIT

**A. Plaintiff Has Not Refuted Defendant's Showing That This is a Case of First Impression**

Plaintiff claims that the Court "inadvertently relied on defendant's false statements and….overlooked, misinterpreted or misapplied relevant case law…." *Fishbein Memorandum of Law* at page 6. Plaintiff claims that the offending statement of defendant was the assertion that "every case cited by plaintiff to attempt to demonstrate this lack of dispute involves a telephone call answered by the debtor personally. Of all decision researched, only the case at bar involves a message of this ilk left with a third party." *Id.* (internal quotations and citations omitted). Plaintiff claims that this statement was untrue; this is simply not the case. The statement, taken in context, was factually correct. Any attempt to prove otherwise is both fruitless and frivolous.

Plaintiff's dispute is with a two-pronged statement and defendant will respond accordingly.

**i. The Case Law Referenced Indeed Refers Only to Calls Answered by the Debtor**

There is certainly a plethora of case law both in this circuit and nationwide involving phone calls answered by third parties. However, the case law cited by plaintiff in his opposition to the certification motion (Docket at 27) for the argument that there is no dispute among the circuits does indeed involve solely calls answered only the debtor. *Id*., at pp. 16-17. Plaintiff's attempt to quote defendant out of context notwithstanding, there was nothing false or misleading about the statement that "every case cited by plaintiff to attempt to demonstrate this lack of

dispute involves a telephone call answered by the debtor personally."

Plaintiff only now, in an attempt to avoid well-warranted appellate review, has pulled this quote out of context and parsed its words in such a way as to try and convince the Court that it has been misled. Surely the Court reviewed the cases discussed by the parties. If defendant had made such a bold misrepresentation as plaintiff now claims, the Court would have noticed this and acted accordingly. The fact is that the statement disputed by plaintiff was and remains factually correct.

For the foregoing reasons, it is respectfully submitted that plaintiff's argument is meritless and the within motion must be denied.

### ii. A Message of the Type at Issue Presents A Case of First Impression

Defendant further stands by its assertion that "all decisions researched" reveal no case law based on a message of this ilk left with a third party. The cases cited by plaintiff in support of the instant motion actually support defendant's assertion. Despite obviously exhaustive research in support of this motion, plaintiff could not find a case on point. Any attempt to argue otherwise is meritless and frivolous.

The case at bar involves a call to plaintiff's home, answered by a third party, who asked to take a message. The frivolity of the instant motion; the accuracy of defendant's statement; and the sound judgment of the court in granting certification for interlocutory review is proven by plaintiff's citation to countless cases, none of which are on point.

*Dauval v. MRSBPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189 109, 2013 WL 9921550 (N.D.Fl, 2013) involves a message left at plaintiff's place of employment. Likewise does *Wideman v. Monterey Financial Services, Inc.*, 2009 U.S. Dist. LEXIS 38824 (W.D.Pa, 2009). In *West v.*

*Nationwide Credit, Inc.*, 998 F.Supp. 642 (W.D.N.C., 1998) the collector left a message with the debtor's neighbor. *Belin v. Litton Loan Servicing, LP*, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 (N.D.Fl, 2006) involved an answering machine message, not a message left with a third party; and in fact at a phone number that was not the debtor's. In *Krapf v. Collectors Training Institute of Illinois, Inc.*, 2010 WL 584020 (W.D.N.Y., 2009) the disputed messages were a voicemail left on a cellular phone and messages at a place of employment.

Perhaps furthest afield is *Miller v. Prompt Recovery Services, Inc.*, 2013 U.S. Dist. LEXIS 88203, 2013 WL 3200659 (N.D.Oh., 2013), essentially turning on an interview with the debtor's minor son, conducted without permission; as opposed to simple message, at the request of the person answering the debtor's phone.

*Smith v. NCO Financial Systems*, 2009 U.S. Dist. LEXIS 51576, 2009 WL 1675078 (E.D.Pa., 2009) deals with a written notice and not a phone call and has absolutely no bearing on this case. Likewise does, *Shever v. Trauner*, 1998 U.S. Dist. LEXIS 19648, 1998 WL 35333713 (C.D.Il., 1998).

Plaintiff next turns to a string of cases based on *West v. Nationwide Credit, Inc.*, 998 F.Supp. 642 (W.D.N.C., 1998) barring calls to persons unrelated to the debtor, such as neighbors; and on *Foti v. MCO Financial Systems*, 424 F. Sup. 2d 643, 655-56 (SD.N.Y., 2006), turning on an answering machine message and a return call by the debtor. While these cases help define what is a "communication" under the FDCPA, they do not resolve the question of whether a message may be left for a third-party, requesting to take a message, on debtor's own phone.

Indeed, none of the cases cited by plaintiff involve this scenario or a message of the type at bar. Plaintiff's memorandum of law therefore proves defendant's assertion, to wit: thorough research does not reveal any precedent to guide the Court or the parties on a case of this ilk.

Defendant's assertion of this point in its motion for interlocutory appellate certification was therefore true and correct; and the Court acted completely properly in crediting this argument.

Plaintiff is now inexplicably attempting to mislead the Court and cause the Court to question the thoroughness of its own research.  In doing so plaintiff is attempting to undermine this Court's prior judgment and obtain reversal of what was a sound decision by this Court.

Plaintiff's argument is baseless and unsupported by law.  It is insufficient to warrant reconsideration or reversal of this Court's prior order; and it may in fact be sanctionable.

For the foregoing reasons, defendant respectfully requests that this Court deny the instant motion for reconsideration of its prior certification order.

### B.      Plaintiff's Reliance on Collection Industry Practices is Misplaced

Plaintiff claims that "new evidence" of collection industry practices defeats defendant's argument that this is a case of significant import.  Plaintiff relies on an industry guideline provided by defendant in support of its motion for certification.  Exhibit "A" to Fishbein Memorandum.

First, this is not "new evidence."  This is a published text that was equally available to plaintiff as to defendant.  As an experienced attorney in the FDCPA realm, it is unfathomable that plaintiff's counsel would have been unaware of this publication, where to find it, and its content.

Plaintiff's counsel will no doubt posit himself an expert in FDCPA law if and when he is in a position to move for class certification.  It is disingenuous for him to do so while, in the same case, arguing that he had no idea of the existence of the ACA or of its guidelines and publications.

Furthermore, the documents cited by plaintiff does not provide guidance on the issue at hand. The language cited by plaintiff is that "a debt collector is prohibited from asking neighbors or other third parties to convey messages to consumers." Plaintiff's memorandum of law at 14-15. Internal citations omitted. This statement is contained under the guidelines presented by the ACA for skip tracing, that is: attempts to locate a debtor. It is specifically limited to calls made for this purpose which calls are, necessarily, made <u>to third parties</u>.

In the case at bar, a call was made <u>to the debtor</u>. The call was answered at the debtor's home by a third party who asked to take a message. This is a completely different factual scenario than the one contemplated in the guidelines. There is no similarity between (1) leaving a message at a person's home with someone who asked to take one; and (2) calling neighbors, friends, relatives and other third parties at outside numbers and leaving unsolicited messages.

For plaintiff to claim that the situation at bar is covered by the ACA guidelines is just as disingenuous as his claim that case law covers the situation at bar (*supra*.) This is just another attempt by plaintiff to misrepresent the facts and law and attempt to convince the Court to question its prior judgment when there is no need to do so.

For all of the foregoing reasons, it is respectfully submitted that the within motion must be denied in its entirety.

## POINT II

## PLAINTIFF'S MOTION IS MOOT

Following this Court's granting of certification for interlocutory appeal, defendant immediately petitioned the Second Circuit Court of Appeals for permission to appeal. This petition was filed on May 16, 2016. **Exhibit "A"**. Plaintiff's time to oppose the petition either by opposition or by cross-petition ran ten (10) days thereafter, on May 26, 2016. Fed. R. App. P. 4(b)(2). Plaintiff did not do so.

In accordance with Fed. R. App. P. 4(b)(3) the petition for permission to appeal is now *sub judice* without opposition. The within petition may be granted at any time.

While plaintiff filed a belated motion to dismiss the petition on June 7, 2016 (**Exhibit "B"**) this application is several weeks late and should have no impact on the pending petition.

Proceedings in the Second Circuit Court of Appeals are well underway and a decision on the petition for permission to appeal may be forthcoming shortly. If the Second Circuit grants permission to appeal, this application will have been a waste of the court's time and resources. This Court should allow procedure in the Second Circuit to run its course and should not be persuaded into rethinking its own decision based on this motion by plaintiff. This motion appears to be an attempt by plaintiff to avoid proper consideration in the Appellate Court, especially in this instance where plaintiff did not properly or timely oppose action by defendant in the Appellate Court.

**CONCLUSION**

For all of the foregoing reasons, it is respectfully submitted that the within motion should be denied in its entirety. There is no need for this Court to reconsider its prior order certifying its summary judgment order for interlocutory appeal pursuant to 28 U.S.C. §1292(b). Further, even if the Court were to reconsider its prior decision, there is no reason for this Court to reverse itself.

For all of the foregoing reasons, it is respectfully requested that the within motion be denied.

Dated: Hicksville, New York
       June 16, 2016

                                    /s/
                               BRADLEY J. LEVIEN, ESQ. (BL-0503)
                               MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS, LLP
                               Attorneys for Petitioner
                               17 West John Street, Suite 200
                               Hicksville, NY 11801
                               (516) 939-9200
                               File # 007602.000034