UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HERSCHEL HALBERSTAM, on behalf of           Docket No.: 15 CV 5696 (BMC)
himself and all other similarly situated
consumers,

       Plaintiff,

  -against-

               DATE OF SERVICE:
GLOBAL CREDIT AND COLLECTION CORP.  June 30, 2016

       Defendant.
-------------------------------------------------------------------X

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION, PURSUANT TO 28 U.S.C. § 1292(B)

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
Attorney for the Plaintiff
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

## **PRELIMINARY STATEMENT**

Plaintiff Herschel Halberstam respectfully submits this reply memorandum of law in further support of his motion for an Order, pursuant to Local Civil Rule 6.3:

(i) Permitting reconsideration of the Court's May 5th, 2016 Order (the "May 5th Order") (see Docket No. 30), which granted, defendant's Motion for permission to seek to appeal of this Court's January 11, 2016 Order pursuant to 28:1292(b).

(ii) Upon reconsideration, issue an order denying the defendant's Motion to take appeal of this Court's January 11, 2016 Order pursuant to 28:1292(b).

Plaintiff's initial memorandum in support of his motion set forth, in great detail, the existing FDCPA case law that the Court inadvertently overlooked, misinterpreted, and misapplied in the May 5th Order. In opposition to the present motion, the defendant does not dispute that the authorities as well as the industry guidelines by the ACA cited by Plaintiff: (i) are controlling as to messages left with a third party; (ii) were overlooked by the Court in the May 5th Order; (iii) were misinterpreted and misapplied by the Court in the May 5th Order; and (iv) if properly considered and applied to our case, should have resulted in the denial of the Defendants' motion to take appeal of this Courts January 11, 2016 order which granted summary judgment in favor of Plaintiff and against Defendant.

Instead, the Defendant falls back on a disingenuous contention that the plethora of controlling authority, cited by Plaintiff, as well as the controlling ACA guidelines only makes it a violation of the FDCPA to leave messages with third parties, such as the third parties in those cases to which plaintiff cited numerous times. The defendant does not argue that the current case law or the ACA is incorrect rather the defendant incoherently contends - that the controlling case law as well as the controlling ACA guidelines that forbid third party messages would for some reason not apply to the message left with the third-party in this case.

2

As set forth herein, the Defendant's frivolous arguments rest on the following four <u>false</u> assumptions:

    (i.)    Although the uncontested case law makes it illegal to leave a third party message ((see *Dauval v. MRSBPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189 109, 2013 WL 9921550 (N.D.Fl, 2013) *Wideman v. Monterey Fin. Srvs., Inc*., 2009 U.S. Dist. LEXIS 38824 (W.D.Pa May 7, 2009) *Belin v. Litton Loan Servicing, LP,* 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, 5 (M.D.Fla., 2006) *Krapf v. Collectors Training Institute of Illinois, Inc,* (Dist. Court, WD New York 2010.) *West v. Nationwide Credit, Inc*., 998 F. Supp. 642, 643 (W.D. N.C. 1998)), somehow defendant assumes that this authority does not apply to our case.

    (ii.)    Messages may not be left with third parties under the plethora of FDCPA authority and ACA guidelines, yet somehow defendant assumes that our case is different.

    (iii.)    The defendant mistakenly assumes that the ACA guidelines and publications are equally available to non ACA member attorneys.

    (iv.)    The ACA controlling guidelines stating that "<u>A debt collector is prohibited from asking neighbors, **or other third parties**, to convey messages to consumers</u>." (emphasis added) is only referring to third parties mentioned in plaintiff's case law but the debt collector in this case was for some reason permitted to leave a message with the unidentified third party in this case

In its final attempt to salvage its frivolous motion, the defendant has now yet again falsely - albeit unintelligibly - misrepresented the agreed upon facts upon which the parties' motions for summary judgment were based. Additionally, defendant has further misrepresented this courts holding as well as the ACA guidelines despite the fact that the defendant ironically admits that the ACA guidelines govern the collection industry practices. Most importantly, defendant has misrepresented the facts of this case. One look at the agreed upon facts as well as this Court's decision which contain the undisputed facts, demonstrates that the location of the phone where the third party took the message was never part of the factual record. The parties did not address whether the third party message in this case was left in plaintiff's home or at a phone in his place of employment. Neither did the parties address whether the third party taking the message was a

3

colleague at plaintiff's employment or a third party in his home. This distinction is of course imaginary, although defendant's jumbled argument is hard to make out, it is irrefutable that the location of the phone as well as the type of third party answering the phone was not one of the relied upon facts in this case. And, it definitely could not have been one of the considerations that the Court took into consideration when determining whether this type of third party message was in violation of the FDCPA.

## ARGUMENT

### I. The Existing FDCPA Case Law Finds This Type Of Message Left With A Third Party To Be A Prohibited Communication. This Is Not A Case Of First Impression. There Are No Substantial Grounds For Dispute.

In its final reply in further support of its motion for interlocutory appeal. Defendant falsely stated: (See Docket No. 29 at 7) "Indeed, every case cited by plaintiff to attempt to demonstrate this "lack of dispute" involves a telephone call answered by the debtor personally. Of all decisions researched, only the case at bar involves a message of this ilk left with a third party. Appellate guidance regarding this issue is of therefore paramount importance and should be immediately granted." (emphasis added)

The Defendant dedicates the bulk of its opposition papers to reinforce and bolster these patently false statements despite the fact that it was these false statements which caused this case to be erroneously certified for interlocutory appeal. It is important to note that the above mentioned false statements made to this Court were made despite the fact that the defendant was already aware of the existing and controlling FDCPA case law that outlaws a debt collector's conscious decision to give information to a third party for the purpose of getting the debtor to call back without knowing that he is calling a collection agent.

4

The first document filed in this case was the complaint and in footnote #1 of the complaint[1] plaintiff cited to multiple cases that found that leaving a message for a plaintiff with a third party that was calculated to induce a return call without the debtor's knowing that he would be calling a collection company was in violation of the FDCPA.

Given Plaintiff's extensive summary judgment briefing (See Docket No 12 and 19) which contained the plethora of citations of cases that <u>involve a message of this type left with a third party</u>, in addition to the citations mentioned in Plaintiff's response in opposition to the motion for interlocutory appeal (See Docket No. 27 at 14), Defendant's statements made for the first time in its response brief were patently and knowingly false, and they constituted an effort to mislead the Court.

Defendant has filed five[2] motions with this Court, yet the Defendant has not cited to one case that stands for the proposition that this type of message is not in violation of the FDCPA, and it has also not cited to one case showing that there is a substantial ground for dispute nor has

---

[1] Rule 8 does not anticipate case law in a complaint but it is well known when drafting complaints attorneys commonly include case citations in footnotes to the complaint. This practice enlightens the Defendant as to the relevant case law and usually helps facilitate a speedy resolution to the case without the need of lengthy research and motion practice. Yet, in this case despite the fact that Plaintiff cited to the existing case law in the footnotes to his complaint, and Plaintiff cited the existing case law in all the subsequent motions, the Defendant's motions did not discuss any of the relevant cases at all. *See Laniado v. Certified Credit & Collection Bureau,* 636 F. App'x 90 (3d Cir. 2016) ("[Plaintiffs case law] was extensively presented to the District Court. Indeed, [plaintiff] <u>cited it in her complaint</u> and referred to it at oral argument on [defendants] motion to dismiss ... Nevertheless, the District Court granted [defendants] motion to dismiss, issuing a ruling from the bench in which it never even referenced [Plaintiffs case law]. As a result, we cannot discern its views as to how, if at all, [Plaintiffs case law] affects [plaintiff's] claims, and so we will vacate its order dismissing the complaint and remand so that it can specifically consider [Plaintiffs case law].") (emphasis added) *Khaytin v. Stern & Stern, ESQS*., 2013 U.S. Dist. LEXIS 144091, *14-15, 2013 WL 5520000 (E.D.N.Y. Sept. 30, 2013) ("Defendant's proposed motion does not discuss the relevant cases. Plaintiff's theory of liability principally relies on [one case] — <u>the only case cited in the complaint</u>... Plaintiff's complaint essentially tracks the facts of [that case], ... However, Defendant's proposed motion does not even mention [that case]." (emphasis added)

[2] **Docket No. 13** *MOTION for Summary Judgment by Global Credit & Collection Corp*, **Docket No. 17** *RESPONSE in Opposition MOTION for Summary Judgment filed by Global Credit & Collection Corp.*, **Docket No. 25** *MOTION to Amend/Correct/Supplement 21 Order on Motion for Summary Judgment*, **Docket No. 29** *REPLY in Support re 25 MOTION to Amend/Correct/Supplement*, **Docket No. 33** *MEMORANDUM in Opposition re 31 MOTION for Reconsideration.*

defendant disagreed with the well settled holdings of *West v. Nationwide Credit, Inc*., 998 F. Supp. 642, 643 (W.D. N.C. 1998), *Dauval v. MRSBPO, L.L.C*., 2013 U.S. Dist. LEXIS 189 109, 2013 WL 9921550 (N.D.Fl, 2013), *Wideman v. Monterey Fin. Srvs., Inc*., 2009 U.S. Dist. LEXIS 38824 (W.D.Pa May 7, 2009), *Belin v. Litton Loan Servicing, LP,* 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, 5 (M.D.Fla., 2006), *Krapf v. Collectors Training Institute of Illinois, Inc,* (Dist. Court, WD New York 2010.).

The existing FDCPA case law finds this type of message left with a third party to be a prohibited communication. Therefore, this is not a case of first impression nor is this decision a singular holding, as this type of third party message as shown in the case law above, was addressed multiple times and found to be in violation of the FDCPA. Defendants multiple motions have not raised any <u>truthful</u> "substantial grounds for dispute".

The defendant has not provided <u>any</u> grounds for dispute let alone "substantial grounds for dispute." But even assuming *arguendo* that the defendant did cite to one or more cases that would contain a potential ground for dispute, the Second Circuit has stated that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a <u>substantial</u> ground for difference of opinion." Since "Certification for interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases."

The fact is that the Defendant did not cite to any cases that would allow messages to be left with third parties under the FDCPA. And, the fact is that the existing case law on the issue in this case is well settled. The Defendant has not even shown the mere presence of a disputed issue that is of first impression, let alone a substantial ground for difference of opinion. Therefore, this case most certainly does not have the "exceptional circumstances" necessary to justify certifying the case for interlocutory review.

Reconsideration is necessary since: 1) The Court inadvertently found that the existing

6

FDCPA case law does not address whether this type of message left with a third party is a prohibited communication. 2) The Court inadvertently found that the decision in this case was a single district court decision which would cause uncertainty to the entire industry.  3) New and undisputed evidence has shown that the entire collection industry is well aware of the well-known industry guidelines from that ACA which unequivocally state: "A debt collector is prohibited from asking neighbors, or other third parties, to convey messages to consumers."   4) This case does not have the "exceptional circumstances" necessary to justify certifying the case for interlocutory review.

## A. The Case Law Cited By Plaintiff In All Five Motions Made To This Court Involve Messages That Were Left With Third Parties.

In opposition to the present motion for reconsideration, the Defendant admits for the first time that: "That there is certainly a plethora of case law both in this circuit and nationwide involving phone calls answered by third parties." (See Docket No. 33 at 3.) Notably, Defendant does not claim to disagree with these holdings from within this Circuit and nationwide which have found telephone calls that contain messages for third parties to be in violation of the FDCPA.

The Defendant proceeds to discuss incessantly and falsely states: "However, the case law cited by plaintiff in his opposition to the certification motion (Docket at 27) for the argument that there is no dispute among the circuits does indeed involve solely calls answered only by the debtor.

 One look at Docket No. 27 evidences that the defendant has yet again misinformed this Court as to the case law in plaintiff's opposition to the certification motion as Docket 27 did *contain case law involving messages left with a third party.  In Docket No. 27 at 14 Plaintiff* specifically states: "In addition it is well known in this district that all the courts have followed *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006) yet the Foti court specifically found that voicemail messages are communications under the FDCPA only because *West v. Nationwide*

7

<u>Credit</u>, 998 F. Supp. 642 (W.D.N.C. 1998) already found that a message left with a third party is a "communication" under the FDCPA." (emphasis added)

**These misrepresentations are precisely the reason this Court has inadvertently concluded that**: "The existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication"

In the present case, Plaintiff has set forth - in great detail - the manner in which the Court inadvertently misinterpreted, misapplied or overlooked the existing FDCPA case law which find this type of message left with a third party to be a prohibited communication. See. Plaintiff's Memorandum of Law in Support of Motion for Reconsideration ("Plaintiff Opening Memo") at pp. 6-15. Notably, the Defendant does not dispute that the Court did not address the existing cases cited in plaintiff's multiple briefs, nor do they dispute the fact that the Court predicated its certification of interlocutory review on its inadvertent conclusion that: "[t]he existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication." Because Plaintiff has identified existing, relevant, well settled case law that the Court misinterpreted, misapplied or did not consider in its May 5th, 2016 Order, Plaintiff has satisfied the standard for reconsideration and reconsideration therefore should be granted. Upon reconsideration, the Court should deny Defendant's motion for lack of "exceptional circumstances" necessary to justify certifying this case for interlocutory review.

**B.   This Type Of Message Left With A Third Party Is Not A Case Of First Impression.**

Defendant further argues that although many decisions find that leaving a call back message with a third party violates the FDCPA, those cases would not apply since the facts in our case are different than the facts of those cases that outlaw third party messages. Ironically, Defendant specifically admits and states that: "*Dauval v. MRSBPO, L.L.C.*, 2013 U.S. Dist. LEXIS

8

189 109, 2013 WL 9921550 (N.D.Fl,2013) involves a message left at plaintiff's place of employment. Likewise does *Wideman v. Monterey Financial Services, Inc.*, 2009 U.S. Dist. LEXIS 38824 (W.D.Pa, 2009). In *West v. Nationwide Credit, Inc.*, 998 F.Supp. 642 (W.D.N.C., 1998) the collector left a message with the debtor's neighbor." (Docket No. 33 at 3,)

Defendant does not dispute the holdings in those cases but rather seems to be arguing although incomprehensibly, that the facts of those cases are somehow different then the facts of this case. This of course is fabricated. The only question in this case was whether a message for plaintiff left with a third party that was calculated to induce a return call without the debtor knowing that he would be calling a collection company violated FDCPA.

One look at the agreed upon facts - as well as this Court's decision which narrates the undisputed facts - makes it unmistakable that the location of the telephone where the third party took the message was never part of the factual record.

The parties did not address whether the third party message in this case was left in plaintiff's home or at a telephone in his place of employment. Neither did the parties address whether the third party taking the message was a colleague at plaintiff's employment or a third party in his home. This distinction is of course imaginary as defendant's argument is jumbled and it is difficult to discern its precise contention. However, it is irrefutable that the location of the telephone as well as the type of third party answering the phone was not one of the relied upon facts in this case and it definitely could not have been one of the considerations that the Court made when determining whether this type of third party message was in violation of the FDCPA.

At the initial conference in this case, the parties agreed upon the facts upon which their respective motions for summary judgment would be based. The Court's docket entry on November 17, 2015 was as follows:

> "Minute Entry and Order for Initial Status Conference before Judge Brian M. Cogan on 11/16/2015. Both parties present. Parties jointly agree that the language

9

> at issue for purposes of summary judgment motions is: "Name is Eric Panganiban, callback number is 1-866-277-1877, direct extension is 6962, regarding a personal business matter." <u>Cross-Summary judgment motions addressing whether this language, when left with a non-debtor third-party, violates the FDCPA</u>, are to be filed by 11/30/2015, replies to be filed by 12/11/2015" (emphasis added)

In <u>Halberstam v. Glob. Credit & Collection Corp.</u>, No. 15-cv-5696 (BMC), 2016 U.S. Dist. LEXIS 3567 (E.D.N.Y. Jan. 11, 2016) the court stated:

> "The facts are undisputed. Defendant debt collector telephoned plaintiff about his debt. The person answering the phone (who plaintiff has not identified) responded that "Herschel [the debtor/plaintiff] is not yet in," and asked if he could take a message. The collection agent responded, in relevant part, "Name is Eric Panganiban. Callback number is 1-866-277-1877 ... direct extension is 6929. Regarding a personal business matter."

In <u>Halberstam v. Glob. Credit & Collection Corp.</u>, No. 15-cv-5696 (BMC), 2016 U.S. Dist. LEXIS 59908 (E.D.N.Y. May 5, 2016) the court again stated

> "I granted summary judgment for plaintiff because <u>I found that by leaving a message for plaintiff with a third party that was calculated to induce a return call without the debtor knowing that he would be calling a collection company, defendant violated section 1692c(b) of the Fair Debt Collection Practices Act ("FDCPA")</u>. With narrow exceptions not applicable here, that statute flatly prohibits debt collectors from communicating with third parties in an attempt to collect a debt … <u>The existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication.</u> There are a number of district court cases addressing the practice of leaving call-back messages on the debtor's answering machine, which message then happens to be overheard by a third party (e.g., a family member) that has access to the machine. In my view, those cases are inapposite to <u>the question presented here, where the debt collector makes a conscious decision to give information to a third party for the purpose of getting the debtor to call back without knowing that he is calling a collection agent</u>." (citations omitted)  (emphasis added)

The facts underlying this case are straightforward and were not in dispute. This Court specifically stated the only question presented in this case is: When a debt collector makes a conscious decision to give information to a third party for the purpose of getting the debtor to call back without knowing that he is calling a collection agent. - Is that in violation of the FDCPA ? - The answer is <u>YES</u> since the existing FDCPA case law finds this type of message left with a third party to be a prohibited communication. See *West v. Nationwide Credit, Inc.,* 998 F.Supp. 642 (W.D.N.C., 1998) (holding that leaving a live call back message with a third party indicating the call was related to a "very important" matter but not mentioning a debt or that the caller was a debt

10

collector was a in violation of § 1692c(b))  *Dauval v. MRSBPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189 109, 2013 WL 9921550 (N.D.Fl,2013) (The collection agency's third party messages requesting a return call violated multiple provisions of the FDCPA.) *Wideman v. Monterey Financial Services, Inc.*, 2009 U.S. Dist. LEXIS 38824 (W.D.Pa, 2009). ("[T]he majority of courts that have  addressed the issue have found that messages left with third parties like the one left with [plaintiffs] administrative assistant were communications under the FDCPA") *Krapf v. Collectors Training Inst. of Ill., Inc.,* No. 09-CV-391S, 2010 U.S. Dist. LEXIS 13063, at *13 (W.D.N.Y. Feb. 15, 2010) ("Defendant's contact with Plaintiff's employer, as it is alleged to have happened, did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." Defendant did not identify itself as a debt collector and later placed another call to Plaintiff's employer in an attempt to use Plaintiff's employer as a means of inducing Plaintiff to return Defendant's call. Because it is alleged that Defendant contacted a third party in a manner not authorized by § 1692b, Plaintiff sufficiently states claims under §§ 1692b, 1692c (b), and 1692d.")

In this case, Plaintiff's motion for reconsideration demonstrates that this case does not have the "exceptional circumstances" necessary to justify certifying this case for interlocutory review. Plaintiff has demonstrated that this case it is not an issue of first impression, and that the existing case law does address these types of third party messages.  Additionally, appellate guidance on the issue is not warranted since the existing FDCPA case law and the ACA industry guidelines show that the holding in this case - that leaving a message with a third party violates the FDCPA - is not the only district court decision on the issue furthermore this Court's finding that leaving a message with a third party violates the FDCPA is <u>not a new finding</u>.  In fact, according to the ACA published guidelines it has been well known in the collection industry for

11

many years[3] that leaving a message with a third party violates the FDCPA, <u>this finding is not new and cannot cause any uncertainty to the collection industry</u>.

Reconsideration will be granted if the moving party identifies at least one of the following grounds. (1) If the court overlooked existing authority that could have changed its decision (2) If the court was not aware or overlooked critical facts, (3) whether there is new evidence presented; (4) whether there is a need to correct a clear error.

As demonstrated in the opening papers and in this reply, this case contains all four major grounds for granting reconsideration. Accordingly, upon reconsideration the Court should find that this case does not present the "exceptional circumstances" that would warrant certification for interlocutory review.

## C.    The New Evidence Shows That The ACA Guidelines To The Debt Collection Industry State That The Practice Of Leaving Messages With Third Parties Is In Violation Of The FDCPA. The ACA Quotes The Existing FDCPA Case Law.

Plaintiff's opening papers on this motion set forth new evidence which shows that the entire debt collection industry, would not be impacted by the Court's ruling in this case since the ACA has consistently guided all collection agency's not to leave messages with third parties the ACA has made it clear that collection agencies will violate the FDCPA if they leave messages with a third party. The ACA in its debt collection compliance guide. *ACA International, Guide to the Fair Debt Collection Practices Act,* Vol. 1, 62, 63, 64, (2009/10 ed.) "<u>A debt collector is prohibited from asking neighbors, or other third parties, to convey messages to consumers</u>." (annexed hereto as Exhibit "A")

Defendant acknowledges the ACA industry guidelines as controlling.  In fact, defendant admits that it and the rest of the collection industry adhere to the ACA industry guidelines.

---

[3] *ACA International, Guide to the Fair Debt Collection Practices Act,* Vol. 1, 62, 63, 64, **(2009/10 ed.)**

In reply to this new evidence, defendant makes two arguments 1) This is not new evidence since this is a published text that was equally available to plaintiff as to defendant. 2) The language cited by the ACA that "a debt collector is prohibited from asking neighbors or other third parties to convey messages to consumers." is specifically limited to calls made to third parties and in the case at bar, a call was made to the debtor. The call was answered at the debtor's home by a third party who asked to take a message.

First, Plaintiff's attorney is not a member of the ACA and cannot become a member of the ACA.  Actually, plaintiff's attorney tried to obtain the updated 2016 *ACA International, Guide to the Fair Debt Collection Practices Act,* (2016) and was denied accesses since he was not a member. This published text is only available to debt collector members and is definitely not equally available to a non-member consumer attorney.

Second, as mentioned above one look at the agreed upon facts - as well as this Court's decision which narrates the undisputed facts - makes it unmistakable that the location of the phone where the third party took the message was never part of the factual record.

The parties did not address whether the third party message in this case was left in plaintiff's home or at a phone in his place of employment.  Neither did the parties address whether the third party taking the message was a colleague at plaintiff's employment or a third party in his home, this distinction is of course imaginary, defendant's argument is outright false and it is another attempt to mislead this Court. However, it is irrefutable that the location of the telephone as well as the type of third party answering the phone was not one of the relied upon facts in this case and it definitely could not have been one of the considerations that the Court made when determining whether this type of third party message was in violation of the FDCPA.

Most importantly, the controlling ACA guidelines do not discuss the location of the telephone, rather the ACA guidelines specifically prohibit using third parties to convey messages

13

to debtors.

What is more troubling is the way defendant has chosen to misrepresent the ACA industry guidelines. In the new evidence (attached as Exhibit "A" to Plaintiffs Opening Memo) The ACA International, Guide to the Fair Debt Collection Practices Act, Vol. 1, 62,63,64, (2009/10 ed.) additionally states:

> "The only information a debt collector can request from a third party is the consumer's location information. Location information is defined under the Act to only include the consumer's home address, home telephone number, and the consumer's place of employment. Location information does not include the consumers work telephone number, the names of the consumer's supervisors and their telephone numbers, the consumer's salary, or the consumer's paydays. Asking a third party for any information other than the consumer's home address, home telephone number or place of employment is strictly prohibited under the FDCPA. A debt collector may also be in violation of the Act if she already knows the consumer's location, but asks for "a better number" to reach me consumer.
>
> <u>A debt collector is prohibited from asking neighbors, or other third parties, to convey messages to consumers.</u> In one case, (*West v. Nationwide Credit, Inc*., 998 F. Supp. 642, 643 (W.D. N.C. 1998) a collector called the consumer's neighbor stating he was calling regarding a "very important matter" and asked the neighbor to have the consumer call him. The consumer alleged the debt collector violated the FDCPA by communicating with a third party regarding the consumer's alleged debt and that the communication was not for the purpose of obtaining location information. The court concluded the allegations were sufficient to state a claim under the FDCPA" (emphasis added)

The defendant as well as the rest of the collection industry all follow the ACA guidelines which make it crystal clear that the only information a debt collector can request from a third party is the consumer's location information and that a debt collector is prohibited from asking any third party, to convey any message to the debtor.

Reconsideration is appropriate since plaintiff has introduced new evidence that was not before the Court when it decided the underlying motion. Reconsideration is mandatory since the record now shows that the defendant has not shown "exceptional circumstances" that would permit interlocutory review.

## D.  The Second Circuit Will Deny The Petition And Dismiss Any Interlocutory Appeal Since The Record Now Shows That The Defendant Has Not Demonstrated "Exceptional Circumstances" necessary to justify certifying the case for interlocutory review. Reconsideration Is Mandatory.

In its May 5th order this Court stated that: "The Second Circuit has 'repeatedly cautioned [that] use of this certification procedure should be strictly limited. Only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"

"Under Local Civil Rule 6.3, the standard for a motion for reconsideration is "strict."' *Norton v. Town of Islip,* No. 04-CV-3079, 2013 U.S. Dist. LEXIS 2266, 2013 WL 84896, at *3 (E.D.N.Y. Jan. 7, 2013) Contrariwise, the standard for certification of interlocutory review is even more stringent as it warrants "exceptional circumstances."

The record now shows that the defendant has not shown "exceptional circumstances" that would permit interlocutory review.  Under the current circumstances, this case warrants reconsideration.  In light of the within motion, if this Court grants certification to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), the Second Circuit will no doubt deny the petition and dismiss the interlocutory appeal since plaintiff has extensively established that the defendant has not demonstrated "exceptional circumstances" justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment. See generally *Transp. Workers Union v. N.Y. City Transit Auth.*, 358 F. Supp. 2d 347 (S.D.N.Y. 2005) (Defendants' motion for certification of interlocutory appeal granted)  *Transp. Workers Union v. NY City Transit Auth.*, 05-8005-mv (2d Cir. Mar. 8, 2006) (reversing order granting certification, denying the petition and dismissing the interlocutory appeal because the parties had not demonstrated exceptional circumstances "justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment.")

Plaintiffs' motion for reconsideration, identifies legal authority inadvertently overlooked by this Court, contains new evidence and demonstrates the need to correct the clear error that inadvertently found this case to contain the exceptional circumstances necessary to justify certifying interlocutory review. See *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are … the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted)).

A motion for reconsideration should be granted if a court overlooked matters that were put before it on the underlying motion or if they overlooked relevant legal authority. *Rollins v. N.Y. State Div. of Parole,* No. 03-CV-5952, 2007 U.S. Dist. LEXIS 11218, 2007 WL 539158, at *2 (E.D.N.Y. Feb. 16, 2007)

## II. A Motion For Reconsideration Automatically Makes The May 5th Order Non Final. The Second Circuit Lacks Appellate Jurisdiction Until Disposition Of This Motion For Reconsideration.

Following this Court's May 5th order granting certification for interlocutory review, defendant timely petitioned the Second Circuit Court of Appeals for permission to appeal. Pursuant to Local Civil Rule 6.3, Plaintiff filed a Motion for Reconsideration of the May 5th order, rendering the May 5th order non-final.

As a preliminary matter, the Second Circuit does not currently have jurisdiction to review the petition for permission to appeal. Although the Defendant timely filed the petition for permission to appeal, Plaintiff subsequently timely filed a motion for reconsideration of the order certifying the case for interlocutory review. The motion for reconsideration is currently pending in this Court. Because the said motion is still pending, the petition seeking permission to appeal is suspended (at least temporally) for lack of jurisdiction. For purposes of interlocutory review, the

16

filling of a motion for reconsideration automatically divests the Second Circuit of appellate jurisdiction to review the petition for permission to appeal.

The petition for permission to appeal filed with the Second Circuit is, in effect, suspended until the motion for reconsideration is disposed of, whereupon, the previously filed petition would either be effectively placed back under the jurisdiction of the Second Circuit or if reconsideration is granted and certification for interlocutory review is denied then the petition for permission to appeal would be void *ab initio*. *See generally Beauvoir v. Israel*, 794 F.3d 244 (2d Cir. 2015) Fed. R. App. P. 4(a). *Cf.* Fed. R. App. P. 4(a)(4)(B)(i), Advisory Committee Notes to 1993 Amendment at Note to Paragraph a(4).

---

## **CONCLUSION**

Plaintiff has pointed to relevant case law that the court inadvertently misinterpreted, misapplied or overlooked in the underling decision. Reconsideration is necessary to correct clear errors in the May 5th order. And, reconsideration is necessary because the May 5th order was predicated on defendant's misrepresentations. Reconsideration is appropriate since plaintiff has introduced new evidence that was not before the court when it decided the underlying motion. Said reconsideration is mandatory since the record now shows that the defendant has not shown "exceptional circumstances" that would permit interlocutory review. For the reasons stated herein, Plaintiff's motion for reconsideration should be granted, and – upon reconsideration – the court should deny Defendant's motion for lack of exceptional circumstances necessary to justify certifying this case for interlocutory review.

Dated: Cedarhurst, New York
June 30, 2016

Respectfully submitted,

/s/ Adam J. Fishbein

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411